# Judgment

### In the name of the People
### Cairo Criminal Court

## North District Circuit 19

In a public session, constituted and presided over by Chief Justice Counselor Ahmad Ezat El Ashmawy, and Counselors Mohamed Abdel Aziz El Homosani and Mohamed Abu El Oyon Abdel Tawab Chiefs of Justice and Counselors in Cairo Court of Appeals, attended by Mr. Alaa Fekry Abaza Deputy Public Prosecutor. Mr. Ahmad Fahmy Court Clerk

### RENDERED THE FOLLOWING JUDGMENT

In the matter of injunction order in the case no 637 for the Year 2001 registered under State Supreme Security record.

## AGAINST

1) Ramy Raymon Lakah and his wife Miral Joseph Shaheen and his two minor daughters Madline and Mary France; and Michel Raymon Lakah and his wife Noha Nageeb Fareed Bahary and his minor sons Raymon and Ramy.

2) Mohamed Nageeb Ibrahim Abdel Mageed Sha'ban and his wife Omaima Mohamed Kamal El Din Taha Nasser and his minor son Ahmad and his minor daughter Farida.

3) Mohamed Sabry Abdel Gayed Sayed

باسم الشعب
محكمة جنايات القاهرة

الدائرة ١٩ شمال

المُشكلة علنًا برئاسة المستشار/ أحمد عزت العشماوي رئيس المحكمة، وحضور السيدين المستشارين/ محمد عبد العزيز الحمصاني، ومحمد أبوالعيون عبدالتواب. الرئيسان بالمحكمة والمستشارين بمحكمة إستئناف القاهرة والسيد الاستاذ/ علاء فكري أباظة وكيل النيابة والسيد/ أحمد فهمي أمين السر.

أصدرت الحكم الآتي:

في أمر المنع من التصرف في القضية رقم ٦٣٧ لسنة ٢٠٠١ حصر أمن دولة عليا

"ضــــــد"

١) رامي ريمون لكح وزوجته ميرال جوزيف شاهين وابنتيه القاصرتين مادلين وميري فرانس وميشيل ريمون لكح وزوجته نهى نجيب فريد بحري وولديه القاصرين ريمون ورامي.

٢) محمد نجيب إبراهيم عبد المجيد شعبان وزوجته أميمة محمد كمال الدين طه ناصر وولديه القاصرين أحمد وفريدة.

٣) محمد صبري عبد المجيد سيد عمار وزوجته

| | |
|---|---|
| Ammar and his wife Nafisa Abdel Wadood Abdel Hamid and his minor son Ayman. | نفيسه عبدالودود عبدالحميد وولده القاصر أيمن. |

| | |
|---|---|
| 4) Mohamed Abul Fath Abdel Aziz Mabrook and his wife Farida Mahmoud Badawi. | ٤)   محمد أبو الفتح عبد العزيز مبروك وزوجته فريدة محمود بدوي |
| Mr. Tarek Al Sayed Abdel Aziz (by virtue of Power of Attorney (no. 330 A of Year 99) Heliopolis Model Registration office) and Mr. Gameel Habib Michel (by virtue of Power of Attorney no. 1243 B of Year 1999 Heliopolis Model Registration office) attended on behalf of the first defendant. | حضر الأستاذ/ طارق السيد عبد العزيز بتوكيل رقم ٣٣٠ أ لسنة ٩٩ توثيق مصر الجديدة النموذجي، وجميل حبيب ميخائل بتوكيل رقم ١٢٤٣ ب لسنة ٢٠٠١ توثيق مصر الجديدة النموذجي عن الممنوع من التصرف الأول. |
| Mr. Ahmad Sabry El Baily (by virtue of Power of Attorney (no. 173 H of Year 2003 Ahram General registration office) attended on behalf of the second defendant. | وحضر الأستاذ/ أحمد صبري البيلي بتوكيل رقم ١٧٣ هـ لسنة ٢٠٠٣ عام الأهرام عن الممنوع من التصرف الثاني. |
| Mr. Samir Abdel Rahman ElBably (by virtue of Power of Attorney no 200 B of year 2003 Ahram General registration office) attended on behalf of the second defendant's wife. | وحضر الأستاذ/ سمير عبد الرحمن البابلي بتوكيل رقم ٢٠٠ ب لسنة ٢٠٠٣ عام الأهرام عن زوجة الممنوع الثاني. |
| Mr. Ibrahim Mohamed Youness (by virtue of Power of Attorney no. 104 A of year 2003) attended on behalf of the third defendant's wife. | وحضر الاستاذ/ إبراهيم محمد يونس بتوكيل رقم ١٠٤ أ لسنة ٢٠٠٣ عن زوجة الممنوع من التصرف الثالث. |
| Mr. Sayed Hussein Shaaban (by virtue of Power of Attorney no. 1638 B of year 2002) attended on behalf of the third defendant, his wife and his son Ayman. | وحضر الأستاذ/ سيد حسين شعبان بتوكيل رقم ١٦٣٨ ب لسنة ٢٠٠٢ عن الممنوع من التصرف الثالث وزوجته وولده أيمن. |
| Mr. Mahmoud Mansour attended with the fourth defendant. | وحضر الأستاذ/ محمود منصور مع الممنوع من التصرف الرابع. |
| The Public Prosecution referred the file (with the temporary order of injunction against the disposal of assets of the above defendants) to this court seeking a Court | وقد أحالت النيابة العامة هذا (أمر المنع من التصرف) إلى هذه المحكمة للنظر فيه. |

| decision. | |
|---|---|
| In today's session the Court reviewed this (temporary injunction order) case as set out in the minutes of the hearing. | وبجلسة اليوم نظر هذا (أمر المنع من التصرف) على النحو المبين تفصيلاً بمحضر الجلسة. |

| THE COURT | "المحكمة" |
|---|---|

After having reviewed the file, documents, the Public Prosecutor General's decision (temporary order of injunction) and the Memorandum of the Public Prosecutor office's for State High Security, and after having heard the claims, and the pleading of the Deputy Public Prosecutor and the defence, and after having legally deliberated.

Whereas the Public Prosecutor issued on 18/1/2003 a temporary order of injunction on the disposal of any assets against:

1) Ramy Raymon Lakah and his wife Miral Joseph Abi Shaheen and his minor daughters Madeleine and Mary France.

2) Michel Raymon Lakah and his wife Noha Nageeb Fareed Bahary and his minor sons Raymon and Ramy

3) Mohamed Nageeb Ibrahim Abdel Mageed Sha'ban and his wife Omaima Mohamed Kamal El Din Taha Nasser and his minor son Ahmad and his minor daughter Farida

4) Mohamed Sabry Abdel Gayed Sayed Ammar and his wife Nafisa Abdel Wadood Abdel Hamid and his son Ayman.

5) Mohamed Abul Fath Abdel Aziz Mabrook and his wife.

Whereas the Public Prosecutor General has requested the Court to issue a judgment in this regard, and has based the Order he had issued[1] on the findings of the Report of a committee formed within Capital Market Authority (CMA) which concluded that some clients who had traded (purchased and sold) in shares of some of the companies affiliated with Holding Company for Financial Investments (Lakah Group) never paid any monies for their purchases of those shares, and that the accounts for those (fictitious) dealings were

بعد الإطلاع على الأوراق وعلى قرار المستشار النائب العام ومذكرة نيابة أمن الدولة العليا وسماع طلبات ومرافعة النيابة العامة وبعد سماع الدفاع والمداولة قانونا.

وحيث أن المستشار النائب العام قد أصدر بتاريخ ٢٠٠٣/١/١٨ أمراً مؤقتاً ضد كل من:

١) رامي ريمون لكح وزوجته ميريل جوزيف أبي شاهين وابنتيه القاصرتين مادلين وميري فرانس.

٢) ميشيل ريمون لكح وزوجته نهي نجيب فريد بحري وولديه القاصرين ريمون ورامي.

٣) محمد نجيب إبراهيم عبد المجيد شعبان وزوجته أميمة محمد كمال الدين طه ناصر وولديه القاصرين أحمد وفريدة.

٤) محمد صبري عبد الجيد سيد عمار وزوجته نفيسة عبد الودود عبد الحميد وولده أيمن.

٥) محمد أبو الفتح عبد العزيز مبروك وزوجته.

وحيث أن النائب العام قد طلب صدور حكم في هذا الخصوص، واستند في الأمر الذى أصدره إلى أن تقرير اللجنة المشكلة بالهيئة العامة لسوق المال قد انتهي أن بعض العملاء الذين تداولوا أسهم بعض الشركات التابعة للشركة القابضة للاستثمارات المالية (لكح جروب) بيعا وشراء أسفر عن أن هؤلاء العملاء لم يقوموا بسداد أي مبالغ مالية مقابل مشترياتهم من تلك الأسهم وأنه تم تسوية حسابات هذه المعاملات في الحسابين الخاصين بكل من رامي وميشيل ريمون لكح بقصد التأثير ايجابا على المركز المالي للشركة.

settled in Ramy and Michel Raymon Lakah's accounts with the purpose of positively affecting the financial position of the Company.

<u>Whereas</u> the Public Prosecutor General's request is based on the testimony of "Maher Salah ElDin", the Economic Researcher with the Capital Market Authority, made before the Public Prosecutor's Bureau for Public Funds, surmised that the above mentioned committee concluded that sales and purchases of the shares of the affiliate companies of the Lakah Group Company Holding Company for Financial Investments (that were conducted through AI-Eman Brokerage and Financial Assets' Company), with the sole purpose of artificially inflating the prices of the shares until it reached a certain level, then Ramy and Michel Raymon Lakah through the same Brokerage Company sold large quantities of shares they owned at the artificially - and inflated prices. Which transactions resulted in the (artificial) improvement and serious inflation of Holding Company's financial standing, despite the fact that these accounts as on the fiscal year ending December 31, 1999, reflected a sum of LE 238.650.097 Mil. of debt to creditor banks.

It was also shown that the trading in the shares of the Arab Steel Factory, a subsidiary of HCFI (Lakah Group), began at LE 10.30 per share and reached LE I9.42. Similarly, trading in the shares of other subsidiaries, Medequip for Trading and Contracting began at LE 10 per share and reached LE 178, and trading the shares of Trading Medical Company began at LE 102 per share and reached LE 181.65.

All this increase in share price was merely due to the fictitious sale and purchase transactions performed, repetitively using the same names and finally settled in the private accounts of Ramy and Michel Raymon Lakah's and not in

وحيث أن طلب النائب العام قد استند إلى أن ماهر أحمد صلاح الدين الباحث الاقتصادي لهيئة سوق المال قد شهد بتحقيقات نيابة الأموال العامة العليا أن أعمال اللجنة المشار اليها قد أسفرت عن صورية عمليات البيع والشراء لأسهم الشركات التابعة لشركة "لكح جروب" من خلال شركة "الإيمان" للوساطة والاوراق المالية وذلك بقصد رفع أسعار تلك الأسهم بصورة تدريجية حتى وصولها إلى حد معين من الإرتفاع  ثم قام كل من رامي لكح من خلال ذات الشركة بإجراء بيع كميات ضخمة من الأسهم التي يمتلكانها بقيمتها المغالي فيها مما ترتب عليه تحسين المركز المالي للشركة القابضة وتضخمه بشدة رغم أن المركز المالي لها في العام المالي المنتهي في ٣١/١٢/١٩٩٩ أظهر وجود بنوك دائنة لها بمبلغ ٢٣٨,٦٥٠,٠٩٧ مليون جنيه.

وكذلك تبين أنه بالنسبة للشركات التابعة للشركة القابضة للإستثمارات المالية "لكح جروب" وبخصوص شركة المصنع العربي للحديد فقد بدأ تداول سهمها بمبلغ (١٠,٣) جنيه حتى وصل سعر السهم إلى مبلغ (١٩,٤٢) وبالنسبة لشركة ميدكويب للتجارة والمقاولات فقد تم تداول سهمها بمبلغ ١٠ جنيهات حتى وصل سعر السهم إلى مبلغ ١٧٨ جنيه، وبالنسبة لشركة تريدنج ميديكال فقد بدأ تداول أسهمها بمبلغ (١٠٢) جنيه ووصل سعر السهم إلى مبلغ (١٨١,٦٥) جنيه.

وأن التعاملات التي أدت إلى هذه الإرتفاعات الكبيرة فى أسهم هذه الشركات كانت تعاملات صورية وبأسماء مكررة وكانت تتم تسوية قيمتها فى حسابي كل من رامى وميشيل ريمون لكح وليس فى حسابات المتعاملين بشأنها

| | |
|---|---|
| the accounts of traders allegedly bought and sold. | بيعا وشراءأ. |

The witness further testified that after the realization of these artificial increases in share prices, Ramy and Michel Lakah sold large quantities of the shares through Al-Eman Brokerage at the inflated prices, as detailed in the memorandum of the Public Prosecutor's Bureau for Public Funds.

Whereas, the Public Prosecutor General's request also relied on the testimony of Amr Mohamed Housny Taher, a member of the Administrative Control Authority ("ACA"), who testified that his investigations findings are that a collusion existed between -1-Ramy and Michel Lakah, the founders and subscribers in the three companies mentioned above in the testimony of the first witness in addition to a number of other companies: Quest Consult, Midwest Aviation, Ametrade for trade and contracting, American Company for Marketing, ImPan for Investments, Company for Medical Centers Management, Scandinavia for Investment, 2- the Chairman of the board of directors of Al-Eman Brokerage, Mohamed Sabry Abdel Gayed, and the credit officer of Misr International Bank ("MIB") Al-Alfi Street and Giza Branches who is also a member of the board of directors of Al-Eman Brokerage, Mohamed Naguib Ibrahim Abdel Megeed- for the purpose of issuing forged bank certificates from the above two mentioned branches of Misr International Bank (MIB). Mohamed Sabry Abdel Gayed or his son Ayman would make a request, as representatives of Lakah Group, to MIB requesting the issuance of those bank certificates on the pretext of being required for the establishment of new companies, or

وأنه بعد حدوث هذا الإرتفاع الكبير فى قيمة سهم كل من هذه الشركات كان كل من رامى وميشيل ريمون لكح يقوم ببيع كميات ضخمة من أسهم هذه الشركات من خلال شركة الإيمان للوساطة بالقيمة المرتفعة على التفصيل الوارد بمذكرة نيابة الأموال العامة العليا.

ومن حيث أن طلب النائب العام قد استند أيضاً إلى ما شهد به عمرو محمد حسنى طاهر عضو هيئة الرقابة الإدارية أن تحرياته توصلت إلى وجود تواطؤ بين رامى وميشيل ريمون لكح المؤسسين والمكتتبين فى الشركات الثلاث سابق الإشارة اليها بأقوال الشاهد الأول ولشركات كويست كونسلت التجارية وميدويست للطيران والشركة الأمريكية للتسويق ولشركة أميتريد للتجارة والمقاولات وشركة أمبان للإستشارات المالية، وشركة إدارة المراكز الطبية، والشركة الاسكندنافية للإستثمارات، والشركة القابضة للإستثمارات المالية من جهة وبين محمد صبرى عبد الجيد رئيس مجلس إدارة شركة الإيمان ومحمد نجيب إبراهيم عبد المجيد مسئول الائتمان ببنك مصر الدولى فرعى الألفى والجيزة وعضو مجلس إدارة شركة الإيمان من جهة أخرى على إصدار شهادة بنكية مزورة من فرعى البنك المشار إليهما وذلك بقيام محمد صبرى عبد الجيد أو نجله أيمن باعتبارهما مفوضين عن مجموعة "لكح جروب" بالتقدم بطلبات إنهاء إجراءات تأسيس أو زيادة رؤوس أموال الشركات المشار إليها ثم يقوم مسئول الائتمان بالفرعين وهو "محمد نجيب" بمنح مقدم الطلب قرضاً لهذه الشركات بقيمة الزيادة، ويصدر الشهادات البنكية المزورة على أساس أنه تم تغطية زيادة رؤوس الأموال من الإكتتاب على خلاف الحقيقة، من أن هذه الزيادة من رؤوس الأموال قد تمت تغطيتها من خلال قروض منحت من البنك دون الحصول على أى ضمانات وأن تأسيس هذه الشركات وزيادة رؤوس أموالهم كان وهمياً وصورياً وأنه بناءً على هذه الزيادات الوهمية فى رؤوس أموال هذه الشركات فقد حصلت الشركات على تسهيلات إئتمانية من بنك القاهرة فرع ثروت،

| | |
|---|---|
| the increase in capital of existing companies. The credit officer of MIB, Mohamed Naguib Ibrahim Abdel Megeed, would provide Lakah Group with loans equal to the alleged increase or new establishment of companies, and issue forged bank the | |

certificates asserting that the capital or capital increase amounts were paid through subscriptions, and falsely alleged that the loans were accordingly secured - which was fake – and based on these fictitious increases in the capital of these companies, these companies were able to obtain credit facilities from - Banque du Caire ("BdC") Sarwat branch;

These credit facilities resulted in several sets of loans never paid, amounted to:- LE 84 Mil. for Medequip for Trading and Contracting, LE 117 Mil. for Trading Medical Company (part of which was secured with collateral the value of which was greatly exaggerated), and LE 250 Mil. for Arab Steel Factory Company against a deposit in the amount of LE 182 Mil., of which LE 19 Mil. was obtained from a loan given to Ramy Lakah. Furthermore, the witness testified that, as part of the collusion, the management of the same Bank agreed, on December 14, 1998, to guarantee payment of the bonds issued by HCFI in the amount of LE 400 M, as well as guarantee payment of interest on the bonds amounting to 11 %. HCFI defaulted on the payment of the bonds and that the bank paid both the principal and interest amount. The interest of the Bonds paid by the bank reached LE 228 Mil. The same bank later also agreed to buy stocks of HCFI at an inflated price of LE 11.4988 Mil. which resulted in the bank's loss of over LE 111 Mil. and that Mohamed Abul Fath was responsible for purchasing those bonds as he was aware of the deteriorating state of the company and that he intentionally facilitated the conversion by Ramy and Michel Raymon

تخلّف عنها مديونيات لم يتم سدادها، بلغت قيمتها مبلغ حوالى (٨٤) مليون جنيه بالنسبة لشركة "ميدكويب للتجارة والمقاولات"، وبالنسبة لشركة "ترادينج ميديكال"، بلغت قيمتها مبلغ (١١٧) مليون جنيه يقابل جزء منها ضمانات مغالى فى تقديرها، وبالنسبة لشركة "المصنع العربى للحديد" بلغت قيمتها مائتين وخمسون مليون جنيه بضمان وديعة (١٨٢) مليون جنيه منها (١٩) مليون جنيه قرض ممنوح لرامى لكح حكماً كما وافق ذات المجلس فى ١٩٩٨/١٢/١٤ على ضمان سداد قيمة سندات تصدرها الشركة القابضة للإستثمارات المالية بمبلغ (٤٠٠) مليون جنيه وضمان سداد عائدها البالغ (١١%) ولم تلتزم الشركة بسداد السندات، وأن البنك هو الذى يقوم بسدادها وبلغت قيمة العائد الذى تحمله البنك حوالى ٢٢٨ مليون جنيه، وأن ذات البنك وافق على شراء أسهم من الشركة بمبلغ (١١,٤٩٨٨) مليون جنيه مما ترتب عليه خسارته لمبالغ تجاوزت (١١١) مليون جنيه، وأن محمد أبو الفتح مسئول عن شراء تلك الأسهم لعلمه بالموقف المتدهور للشركة وأنه قصد تسهيل استيلاء رامى وميشيل ريمون لكح على أموال البنك الذى يعمل به.

| Lakah of the Bank's (Bdc) monies. | |
| --- | --- |
| | |

The Public Prosecutor based his request for the rendering of a judgment for the injunction against the defendants on the grounds detailed in the Memorandum of the Public Prosecutor's Bureau for Public Funds that the above stated actions by the Defendants constitute crimes under Articles 113, 115, and 116 bis of the Penal Code.

Whereas In the Court Hearings the Public Prosecution requested the correction of the fact that Ayman Mohamed Sabry Abdel Gayed Sayed Ammar is not minor but adult and proved that the wife of Mohamed Abul Fath Abdel Aziz Mabrouk is named Farida Mohamed Mahmoud Badawy.

The Public Prosecution requested the Court to uphold the injunction order that was issued by the Public Prosecutor General.

Whereas the Defence moved to vacate the injunction order issued by the Public Prosecutor General, claiming its unconstitutionality and that article 208 bis para (a) of the Criminal Procedure Code amounts to an unlawful public taking of private property, protected by the constitution, and nullity of the investigation carried out by Administrative Control Authority because it violates the articles of the Secrecy of Bank Accounts Law (law no. 205 for the year 1990). The defence also questioned the credibility of the accusations that were filed against the Defendants, by the Public Prosecutor's Bureau for Public Funds. That the injunction order is null and void as there was no urgency existing in the matter reviewed by the Public Prosecutor's Bureau for Public Funds. Further that, Ayman Mohamed Sabry Abdel Gayed is an adult not a minor. The defence also filed a motion for lack of jurisdiction of the Court to review some of the crimes listed in the Memorandum of the Public Prosecution because they do not fall within the

وقد استند طلب النائب العام صدور حكم التحفظ على أموال المذكورين إلى ما تضمنه مذكرة نيابة الأموال العامة العليا أن الأفعال المتقدمة تشكل اتهامات قبل المطلوب التحفظ على أموالهم بارتكابهم الجرائم المنصوص عليها فى المواد ١١٣، ١١٥، ١١٦ مكرر عقوبات.

وحيث أنه بجلسات نظر الدعوى طلبت النيابة العامة تصحيح صفة أيمن محمد صبرى عبدالجيد سيد عمار من "قاصر" إلى "بالغ" وأثبتت أن زوجة "محمد ابو الفتح عبد العزيز مبروك" تدعى فريدة محمود بدوى.

وطلبت من النيابة العامة تأييد أمر المنع من التصرف الصادر من النائب العام.

وحيث أن الدفاع طلب إلغاء الأمر الصادر من النائب العام بمنع المعروضين من التصرف فى أموالهم، ودفع بعدم دستورية المادة (٢٠٨) مكرر (أ) إجراءات جنائية لأنها تتضمن إعتداء على الملكية الخاصة التى حماها الدستور، وببطلان تحريات عضو الرقابة الإدارية لأنها تتضمن مخالفة نصوص قانون سرية الحسابات بالبنوك (القانون ٢٠٥ لسنة ١٩٩٠) وشكك فى جدية الإتهامات التى أسندتها نيابة الأموال العامة للمتهمين وأورد أن قرار المستشار النائب العام الصادر بالمنع من التصرف باطل ومعدم لأنه لم تتوافر حالة الاستعجال فى الوقائع موضوع تحقيقات نيابة الاموال العامة العليا، كما دفع ببطلان القرار لأن أيمن محمد صبرى عبد الجيد بالغ وليس قاصرا، كما دفع بعدم اختصاص المحكمة فى نظر الطلب الماثل لأن بعض الجرائم التى وردت بمذكرة النيابة العامة لا تدخل فى اختصاصات هذه المحكمة لأنها محكمة أمن دولة عليا محدد اختصاصها على سبيل الحصر. كما دفع الدفاع ببطلان طلب النائب العام بتأييد أمر المنع من التصرف الصادر منه إذ كان يجب عليه طلب صدور حكم من المحكمة بمنع المذكورين من التصرف وليس تأييد الأمر الصادر منه وأورد الدفاع

| scope of jurisdiction of the Court, | بكيدية الإتهام وناقش ما ورد بمذكرة نيابة الأموال العامة |
|---|---|

as the jurisdiction of the Court is limited only to certain crimes. The defence further argued the invalidity of the Request by the Public Prosecutor to uphold the injunction order. The defence argued that the Public Prosecutor should have asked the Court to issue de novo an injunction order instead of requesting the "upholding" of the same previously issued by him. The defence stressed that the accusations were intentionally abusive.

The defence further discussed the fact that what was mentioned in the Public Prosecutor's Bureau for Public Funds Memorandum is insufficient to grounds and not in earnest for the accusations against the aforementioned defendants.

Whereas As to what the defence has raised: First, Pertaining to the allegation that article 208 bis a-of the Code of Criminal Procedures is unconstitutional, the Court found that the challenge is not in earnest. As this article provides for an interim procedure without any kind of actual violation of the right of private ownership - further the fact that the injunction order would be considered null and void if the Prosecution closes the investigations against the defendants or issued an order that there were no grounds for a criminal charge lawsuit or if the defendant is cleared by a Court of law, then, it shall not be necessary to issue a new judgment to nullify the injunction order. Further that the injunction order by the Public Prosecutor needs to be presented to the Court for review before the lapse of a specified period stipulated in the law and it is only issued where urgency is proven.

Concerning the defence allegation that the

وأورد أنه لا يصلح أساسا للإنتهاء لجدية الإتهام قبل المطلوب الحكم بمنعهم من التصرف فى أموالهم.

من حيث أنه عمَّا أثاره الدفاع، فعن الدفع بعد دستورية المادة ٢٠٨ مكرر (أ) إجراءات جنائية فإن المحكمة تنتهى إلى عدم جديته لأن هذه المادة تتضمن إجراءات مؤقتة على أموال الأشخاص لا تشكل اعتداءً فعلياً على ملكيتهم الخاصة ويؤكد ذلك أن الحكم الصادر بالمنع من التصرف يعتبر كأن لم يكن إذا حفظت النيابة التحقيقات قبل من صدر ضده أو أصدرت أمراً بألا وجه لإقامة الدعوى الجنائية قبله أو قضى ببراءته أمام محكمة الموضوع ولا يلزم صدور حكم جديد بإلغاؤه وأن الأمر بالمنع من التصرف الصادر من النائب العام لابد وأن يعرض على المحكمة في ميعاد مؤقت حدده القانون ولا يصدر إلا في حالات الاستعجال.

وعما أثاره الدفاع بشأن عدم اختصاص هذه المحكمة

| | |
|---|---|
| Court has no jurisdiction to consider the Request of the Public Prosecutor, this argument is not accepted. As the documents include charges that defendants committed specific crimes which fall within the scope of the jurisdiction of this Court which permits the Court to consider the said Request to confirm the Injunction Order. | بنظر طلب النائب العام بإصدار حكم بالمنع من التصرف، فهو مردود بأن الثابت من الأوراق أن الجرائم موضوع الاتهامات التي وجهتها النيابة العامة إليهم تختص هذه المحكمة بنظر بعضها مما ينعقد لها الاختصاص بنظر طلب النائب العام منع المذكورين من التصرف في أموالهم. |

While, considering the defence's argument that the investigation of the Administrative Control Authority member broke the law 205 for the year 1990 on the privacy of the bank accounts, this argument is unsupported by any evidence as it was not proven that the member actually acquired access to the said bank accounts in acquiring the facts.

Further, the defence argument that the Order of Injunction of the Public Prosecutor relating to Ayman Mohamed Sabry Abdel Gayed Sayed Ammar as a minor is void because Mr. Ayman is not a minor. As he is legally authorized to act on behalf of Lakah Group which proves that the defendant is an adult. Thus the Court shall implement the provisions of law by correcting what shall be considered a "material mistake", and refuses the argument of nullity presented by the defence.

In relation to the defence's argument that the Public Prosecutor's order was null because there was no "urgency" for the Public Prosecutor to issue the order, the Court points out that the fact that the first and the second defendants as well as their families fled the country suffices to prove that there was an "urgency" in the Request.

In relation to what the defence argued on the fact that the Public Prosecutor request was for the Court to 'Uphold the order of the Public Prosecutor and not to request the Court to render judgment, the Court shall read the Request to the right legal characterization which is that the Public Prosecutor asks the Court to render a

ومن حيث أنه عما أبداه الدفاع على تحريات عضو الرقابة الإدارية من أنه خالف القانون رقم ٢٠٥ لسنة ١٩٩٠ الخاص بسرية الحسابات بالبنوك، فهو نعي استناجي من الدفاع إذ لم يثبت على سبيل الجزم أنه أطلع على أية حسابات فيما توصل إليه من معلومات من التصرف في أموالهم.

وما نعاه الدفاع عن بطلان قرار النائب العام بمنع أيمن محمد صبري عبدالجيد سيد عمار لأنه صدر عليه بصفته قاصر لوالده محمد صبري عبدالجيد سيد عمار، فإن هذا النعي مردود أن الثابت بمذكرة نيابة الأموال العامة التي صدر قرار النائب العام استنادا إليها أن المذكور مفوض عن مجموعة لكح جروب مما يجزم أنه بالغ ومن ثم فإن المحكمة تلتزم تطبيقا للقانون بتصحيح ما تضمنه قرار النائب العام باعتبار أن ما تضمنه القرار هو "خطأ مادي".

وعن الإدعاء بوصف قرار النائب العام بالبطلان لأنه لم تتوافر "حالة الاستعجال" اللازمة لصدوره منه فإن ذاك مردود بأن المحكمة تجد فيما ساقته النيابة العامة في مذكرتها ما يوفر "الاستعجال" في الطلب سيما على ضوء ما ثبت في الأوراق أن المطلوب منعهما من التصرف الأول والثاني وأسريهما قد فرا إلى خارج البلاد.

ومن حيث أنه عما نعاه الدفاع على قرار المستشار النائب العام أنه تضمنه طلب "بتأييد القرار" فإن المحكمة تكيف هذا الطلب التكييف القانوني الصحيح وهو أن النائب العام يطلب من المحكمة صدور "حكم" بالمنع من التصرف.

| judgment of injunction. | |
| --- | --- |
| | |

In relation the defence's argument that there is a lack of seriousness in the accusations, the measure of the seriousness of the accusations is whether they are plausible grounds, based on a reasonable proof. However, the seriousness of an accusation does not include the requirement that the accusations are actually proven beyond all doubt in the eyes of the prosecution because upon that evidence, the prosecution will transfer the defendants to the competent Court (Criminal Court) and this has not yet occurred. Furthermore, a judgment by the Court of injunction based on the seriousness of the accusations brought forward, doesn't bestow any weight to those accusation when being finally reviewed in the trial phase.

Moreover, the Request of the wife of the first defendant requesting reopening the hearings for further pleadings is not accepted, as there are no legal grounds for such Request.

ومن حيث أنه وبشأن ما أثاره الدفاع من عدم جدية الاتهام المسند للمتهمين فإن المحكمة تبين أن "جدية الاتهام" هي أن تقوم مبررات مقبولة على مجرد "إسنادها" يقوم على قدر من الأسس المعقولة، للمطلوب منعهم من التصرف في أموالهم، وذلك لا يعني من قريب أو بعيد "ثبوت الاتهام" قبلهم ولو لدى النيابة العامة لأن ثبوت الاتهام يوجب على النيابة العامة "إحالتهم" للمحكمة لمحاكمتهم وهو لم يحدث كما أن إنتهاء المحكمة لأن "تقديرات النيابة العامة" أن الاتهام على نحو "جدي" مقبولة لصدور حكم بمنعهم من التصرف في أموالهم لا يمكن أن يعني ثبوت الاتهام ضدهم لأن الفصل في ثبوت الاتهام من عدمه يكون لدى المحكمة في مرحلة محاكمتهم، وهذا الأمر لم يطر او يعرض على المحكمة بعد، وله ضوابطه الدقيقة ومقاييسه الحساسة التي تحدد الإدانة أو البراءة وتفسر أي شك لصالح المتهم ومؤدى ما تقدم أن المحكمة إذ تنتهي إلى منع المعروضين من التصرف في أموالهم فإن ذلك لا يعني إبداء رأي فيما أسند للمعترضين من اتهامات يقيد المحكمة أن أحيلوا للمحاكمة.

ولا وجه للاستجابة لطلب زوجة الأول بإعادة الدعوى للمرافعة إذ ليس له اساس مقبول قانونا.

BASED ON THESE REASONS AND AFTER
EXAMINING THE AFOREMENTIONED
ARTICLES

**The Court renders judgment as follows:**

**First,** deny the Request presented by Mr.
Gamil Halim Habib, the attorney of Mrs.
Ramy Raymon Lakah (Mirel Joseph Aby
Shahin) for reopening the case pleadings.

**Second,** the following defendants shall be
enjoined:

1) Mr. Ramy Raymon Lakah, Mrs. Ramy
   Raymon Lakah (Mirel Joseph Aby
   Shahin) and his two minor daughters
   Madeleine and Mary France.
2) Mr. Michel Raymon Lakah, Mrs. Michel
   Raymon Lakah (Noha Naguib Farid
   Bahary) and his two minor sons Raymon
   and Ramy.
3) Mr. Mohamed Naguib Ibrahim Abdel
   Mageedd Sha'ban, Mrs. Mohamed Naguib
   Ibrahim Abdel Mageed Sha'ban (Omayma
   Mohamed Kamal El-Din Taha Naser) and
   his two minor children Ahmed and
   Farida.
4) Mr. Mohamed Sabry Abdel Gayed Sayed
   Ammar, Mrs. Mohamed Sabry Abdel
   Gayed Saied Amar (Nefisa Abdel Wadod
   Abdel Hamid).
5) Mr. Ayman Mohamed Sabry Abdel Gayed
   Sayed Ammar.
6) Mr. Mohamed Abo El-Fath Abdel Aziz
   Mabrouk and Mrs. Mohamed Abo El-Fath
   Abdel Aziz Mabrouk (Farida Mahmoud
   Badawy)
   from the disposal of all the immovable,

فلهذه الأسباب

وبعد الاطلاع على المواد سالفة الذكر حكمت المحكمة:

أولا: برفض طلب إعادة الدعوى للمرافعة المقدم من
الأستاذ/ جميل حليم حبيب محام ميرال جوزيف أبى
شاهين زوجة رامى ريمون لكح.

ثانيا: بمنع كل من:

١) رامى ريمون لكح وزوجته ميريل جوزيف أبى
   شاهين وابنيه القاصرين مادلين وميرى فرانس.

٢) ميشيل ريمون لكح وزوجته نهى نجيب فريد بحري
   وولديه القاصرين ريمون ورامي .

٣) محمد نجيب إبراهيم عبد المجيد شعبان وزوجته
   أميمة محمد كمال الدين طه ناصر وولديه
   القاصرين أحمد وفريده .

٤) محمد صبري عبد الجيد سيد عمار وزوجته نفيسه
   عبدالودود عبد الحميد.

٥) أيمن محمد صبري عبد الجيد سيد عمار .

٦) محمد أبو الفتح عبد العزيز مبروك وزوجته فريده
   محمود بدوي

| movable assets and cash which belong to each of them. | من التصرف في جميع أموالهم العقارية والمنقولة والسائلة. |

| | |
|---|---|
| The aforementioned defendants shall be obliged to pay the criminal costs.<br><br>This judgment is issued and publicly announced on Tuesday 21 of January 2003. | إلزام الصادر ضدهم الأمر بالمصاريف الجنائية.<br><br>صدر هذا الحكم وتلى علناً بجلسة يوم الثلاثاء الموافق ٢٠٠٣/١/٢١م. |
| The Court President          The Clerk | أمين السر                    رئيس المحكمة |

## CERTIFICATE OF ACCURACY

<u>TRANSLATION</u>
From Arabic into English

Ahmed A. Moussa Abdel Gawad declares:

1.    I am an attorney by profession and have five years experience in translating Arabic into English and English into Arabic.   I received an L.L.B. Degree in Cairo University in 2005.

2.    I am thoroughly conversant in both the Arabic and English languages.

3.    I have carefully made the attached translation from the attached original document written in Arabic.

4.    The attached translation is a true and correct English translation of such original document, to the best of my knowledge and belief.

**Dated:**     **Cairo, Egypt**

         **8 April, 2007**

**Ahmed A. Moussa Abdel Gawad**

NYC 373448v.1