**Arab Republic of Egypt**                                          **LAKAH, Ramy**
Control Number: A-145/2-2003
Requesting Country: Egypt
Number..........2003/5222
Date of Publication: Feb/10/2003

**For publication by information Media (including the internet): NO**

A fugitive wanted to serve a sentence

1. Identity information
    (Picture)

1.1 Current family name: LAKAH
1.2 Family name at birth: LAKAH
1.3 First name: RAMY
1.4 Sex: Male
1.5 Date and place of birth: November 10th, 1963
1.6 Other names: Lakah Ramy Raymon Michel
1.7 Other dates of birth used: unavailable
1.8 Family and first name of the father: Lakah/ Raymon Michel
1.9 Family maiden name of mother and her first name: unavailable
1.10   Identity: confirmed
1.11   Nationality: Egyptian (confirmed)
1.12   Identity documents: Passport N. 22750/2001
1.13   Occupation: businessman
1.14   Languages: unavailable
1.15   Features: unavailable
1.16   Special features: unavailable
1.17   DNA: unavailable
1.18   Places/countries he is expected to visit: France
1.19   Any additional information: unavailable


2. Judicial Information
2.1 Summary of the case: Egypt, 2001, Lakah wrote two bad checks, the first for 50,000 Egyptian pounds (8 752,16 Euros) dated August 1st, and the other for 1,000,000 Egyptian pounds (175 043,21 Euros) dated September 1st
2.2 Accomplices: unavailable
2.3 Charges: swindling, fraud, and issuance of bad checks
2.4 The law referring to the crime: Article 336-337 of the Egyptian Penal Code
2.5 The penalty: four years of prison and a fine of 1000 Egyptian pounds (175,04 Euros)
2.6 The date of application of the statute of limitations: not determined

2.7 Conviction/trial sentence not subject to appeal N. 18446/2001 dated May 5, 2002, by a Court in Heliopolis, Egypt

Signed by: Mohammad Khairy
Record of the conviction/sentence is not available at the General Secretariat in the language of the requesting country

3. Action required when apprehending this person:
3.1 Immediately notify Interpol Cairo (reference N. 148 dated Feb.2nd, 2003) and the General Secretariat of the M.D.S.G-Interpol
3.2 For countries that consider the Red Bulletin a request for temporary apprehension, please apprehend this person temporarily

As for countries signatories of the Arab Agreement on judicial cooperation, this bulletin amounts to a request for a temporary apprehension under Art. 43 of the Agreement.

Extradition will be requested from any country that has a bilateral extradition treaty with the requesting country, an extradition agreement or any treaty or agreement containing provisions relating to extradition.

**HELIOPOLIS COURT**

## JUDGMENT

### In the name of the people

In its public session held on Sunday, the 2nd of February 2003,
Presided over by: Mr. Wali Al-Shami    (Head of the Court)
Mr. Mostafa Mahmoud                    (Prosecutor)
Mr. Abdel Rahim Ibrahim                (Secretary)
The Court issued its judgment in case N. 326 of the year 2002, misdemeanors, Heliopolis.
Civil suit plaintiff: Bank of Cairo, requesting 2001 pounds as temporary compensation.

**VERSUS**

Ramy Raymon Michel Lakah

Having listened to the oral arguments, the requests of the prosecution and perusing all the documents, whereas the misdemeanor claim is represented in the fact that the plaintiff brought a direct suit by a declaration signed by an attorney and deposited with the courts clerk section and duly notified to the defendant and the prosecution. At the end of the plaintiff's declaration there is a request to punish the defendant in accordance with the punishment stipulated in Art. 3372336 and ordering him to pay the plaintiff the sum of 2001 pounds as a temporary civil compensation, in addition to the expenses incurred and the attorney's fees.

In explaining his case, the plaintiff stated that the defendant issued on January 19, 2002, and January 19, 2002 two checks drawn on the Egyptian Gulf Bank, Giza Branch. When the plaintiff submitted the check to the bank for cashing, the bank stated that the funds available were insufficient. Thus the defendant has committed the crime stipulated in Art. 3372336, and the plaintiff has been hurt as a result and should receive temporary compensation. That is why it reported to the court and submitted the aforementioned requests.

Whereas the plaintiff was represented at the 2nd of February, 2002, session by an attorney who submitted a file containing the original checks and the reply of the bank about insufficient funds.

Whereas the defendant has been duly notified, but did not attend the session, a judgment can be issued in his absence in accordance with Art. 238/1 of the Criminal Procedures.

Whereas Art.534/1 of the Trade laws number 17 of 1999 provides that prison and a fine that does not exceed 50,000 pounds or either one of these penalties shall be imposed on whoever intentionally commits one of the following acts:
   a) The issuance of a check that is not covered by sufficient funds;

b) Withdrawing all or part of his bank balance or disposing of it after issuing the check, reducing the funds available to a level insufficient to cover the check;
c) Issuing an order to the bank on which the check is drawn not to cash the check, when this was done in the cases specified by law;
d) Knowingly writing or signing a check in a manner that would make it impossible to be cashed.

It is established through precedents of the appellate court that the crime of giving bad checks takes place immediately upon giving the beneficiary a check, which the issuer knows is uncovered. This is due to the fact that the check will be put in circulation immediately reviving the legal protection provided by lawmakers who criminalize such an act since the check is an instrument of payment, just like money, in transactions. Reasons for issuing the bad check become irrelevant since they have no effect on establishing the criminal responsibility since the lawmakers didn't stipulate the existence of intent for the crime to take place [Appeal N. 277, of the year 55, session of February 28, 1985]. The element of criminal intent in the crime of issuing bad checks is realized when the offender gives out a check that he knows is uncovered. [Appeal N. 1741, of the year 20, session of January 15, 1951].

In view of all this, and since it has been proven by the documents provided by the plaintiff that the defendant issued on January 19, 2002 and January 19, 2002, two checks drawn on the Egyptian Gulf Bank, Giza Branch, that this same bank didn't cash them due to insufficient funds, and since the Court deduces from the checks and the answer of the bank that the defendant has knowingly issued the plaintiff bad checks, the defendant is thus found to have intentionally committed the act he is accused of, which has been proven by the checks themselves and the answer of the bank, the two elements of misdemeanor in this case, and in application of Art. 304/1 Criminal Procedures, he must be punished by the penalties provided for in Art. 534/1paragraph (a), of Trade Law N. 17 of the year 1999, and must pay the expenses of the case, in accordance with Art. 313, Criminal Procedures.

As for the civil suit and since the Court has found, in regard to the criminal part, that the crime has taken place, and whereas the basic offence is the same in both civil and criminal suits, and whereas the harm for which the plaintiff is asking for compensation is directly caused by the crime for which the criminal suit was initiated, and since there is no doubt that the plaintiff in his civil action has been harmed by the crime which is the subject of the criminal action, and since the amount requested is temporary compensation, in accordance with Art. 1635, Civil Law, and orders the defendant to pay the expenses of the civil action, including the attorney fees, in accordance with Art. 320/1,Criminal Procedures, and 187 Law N.17 of the year 1983 on legal practice.

**For all the above reasons**

The Court has sentenced the defendant in absentia to three years of prison with labor, and a bail of 200,000 pounds to suspend the sentence. The Court also orders the defendant to pay the criminal expenses and to pay the plaintiff the sum of 2001 pounds as temporary compensation in addition to the expenses of the civil action and 50 pounds as attorney fees.

Head of the Court:
(Signature)

Clerk
(Signature)                    Seal Of the Court

جمهورية مصر العربية

رقم المراقبة: A-145/2-2003

عام

البلد الطالب: مصر

رقم الوثيقة: 2003/5222

تاريخ النشر: 2003/2/10

للنشر بواسطة وسائل الإعلام (بما فيها الانترنت): لا

شخص هارب مطلوب لتنفيذ عقوبة

1. تفاصيل الهوية



1:1 الاسم العائلي الحالي: لكح
2.1 الاسم العائلي عند الولادة: لكح
3.1 الاسم الشخصي: رامي
4.1 الجنس: ذكر
5.1 تاريخ ومكان الولادة: 1963/11/10
6.1 الأسماء الأخرى: لكح رامي ريمون ميشيل
7.1 تواريخ الولادة الأخرى المستعملة: غير متيسر
8.1 اسم الأب العائلي واسمه الشخصي: لكح/ريمون ميشيل
9.1 اسم الأم العائلي قبل الزواج واسمها الشخصي: غير متيسر
10.1 الهوية مؤكدة
11.1 الجنسية مصرية (مؤكدة)
12.1 وثائق الهوية: جواز رقمه 22750/2001
13.1 المهنة: رجل أعمال
14.1 اللغات: غير متيسر
15.1 الأوصاف: غير متيسر
16.1 العلامات الفارقة والسمات: غير متيسر
17.1 رمز الدنا: غير متيسر
18.1 المناطق/البلدان المحتمل زيارتها: فرنسا
19.1 معلومات إضافية: غير متيسر

2. المعلومات القضائية

1.2 ملخص وقائع القضية: مصر: عام 2001 أصدر لكح شيكين بلا رصيد: الأول مبلغه 50 000 جنيه مصري (16,752 8 يورو) وتاريخه 1 آب/أغسطس، والثاني مبلغه 1 000 000 جنيه مصري (21,043 175 يورو) وتاريخه 1 أيلول/سبتمبر.
2.2 الشركاء: غير متيسر
3.2 التهمة: احتيال، نصب واحتيال، إصدار شيكات بلا رصيد

وثيقة سرية استعمالها مقصور على الشرطة والسلطة القضائية

2.4 القانون الذي ذكرت فيه الجريمة: المادة 336-337 من قانون العقوبات المصري
2.5 العقوبة الصادرة: السجن 4 سنوات وغرامة مبلغها 1 000 جنيه مصري (175,04 يورو)
2.6 تاريخ سقوط الملاحقة بالتقادم: غير محدد
2.7 إدانة/حكم لا يجوز استئنافه رقمه 18446/2001 صادر بتاريخ 2002/5/5 عن السلطات القضائية في مصر الجديدة/مصر
اسم الموقع: محمد خيري
سجل الإدانة/الحكم غير متيسر لدى الأمانة العامة بلغة البلد الطالب.

3.   التحرك المطلوب عند العثور على الشخص

3.1 المسارعة إلى إعلام انتربول القاهرة (المرجع المرقم 148 والمؤرخ 2003/2/2) والأمانة العامة للـ م د ش ج - انتربول.

3.2 بالنسبة للبلدان التي تعتبر النشرة الحمراء بمثابة طلب توقيف مؤقت، يرجى توقيف الشخص مؤقتًا.

بالنسبة للبلدان الموقعة على الاتفاقية العربية للتعاون القضائي، تعتبر هذه النشرة بمثابة طلب توقيف مؤقت بمفهوم المادة 43 من الاتفاقية.

سيطلب التسليم من أي بلد من البلدان التي تربطها بالبلد الطالب معاهدة تسليم ثنائية أو اتفاقية تسليم أو أية اتفاقية أو معاهدة تتضمن أحكامًا متعلقة بالتسليم.

محكمة مصر الجديدة

## حكم

### باسم الشعب

بجلستها العلنية المنعقدة في يوم الـ......... الموافق ٣/٢/٢٠٠٧م

برئاسة السيد الأستاذ / وليد الشامي          (رئيس المحكمة)

والسيد الأستاذ / مصطفى محمود              (وكيل النيابة)

والسيد / عبد الرحيم ابراهيم                    (أمين السر)

أصدرت الحكم في القضية رقم ٢٣٦ لسنة ٢٠٠٥ جنح قسم مصر الجديدة .

المدعي بالحق المدني :.................. بمبلغ ١٠,٠٠٠ تعويض مؤقت

ضــد

ماضي جوده ميشيل كامل

بعد سماع المرافعة الشفوية وطلبات النيابة العامة والاطلاع على الأوراق .

حيث أن واقعة الجنحة تتحصل في أن المدعي بالحق أقامها بطريق الادعاء المباشر بموجب صحيفة موقعه من محام مودعة قلم كتاب المحكمة ومعلنه قانوناً للمتهم وللنيابة العامة في ختامها الحكم على المتهم بتوقيع العقوبة المنصوص عليها بالمادة ٥٣٤/٢/٢/٦ ج وإلزامه بان يؤدى له مبلغ ١٠,٠٠١ جنيه. على سبيل التعويض المدنــى المؤقت والمصاريف ومقابل أتعاب المحاماه .

وقال شرحاً لدعواه أن المتهم أصدر في ١٩/١/٢٠٠٧ ، ١٩/١/٢٠٠٧ ، / /

عدد ٢ شيك

مسحوبين على بنك جمعية كليرين فرع كيميريه وبالتقدم لصرفهم أفاد البنك بان بهم عيب بها في .

ومن ثم يكون المتهم قد ارتكب الجريمة المنصوص عليها ٥٣٤/٢/٢/٦ ج. وانه اضير من فعل المتهم يستحق عنـه تعويض وزقت الامر الذى حدا به إلى إقامة هذه الدعوى للقضاء له بالطلبات سالفة البيان .

وحيث أنه بجلسه ٣/٢/٢٠٠٧ مثل المدعى بالحق المدنى بوكيل محام وقدم حافظة مستندات طويت على أصل الشيكــا يــــ والمادة البنك سنداً الجنحة .

وحيث أن المتهم اعلن قانوناً ولم يحضر فيجوز الحكم في غيبته عملاً بالمادة ٢٣٨ / ١ إجراءات جنائية .

وحيث أن من المقرر بنص المادة ٥٣٤ / ١ من قانون التجارة رقم ١٧ لسنة ١٩٩٩ إنه يعاقب بالحبس وبغرامة لا تجاوز خمسين ألف جنيه أو بإحدى هاتين العقوبتين كل من ارتكب عمداً أحد الأفعال الآتية ( أ ) إصـدار شيك ليس له مقابل وفاء قابل للصرف (ب) استرداد كل الرصيد أو بعضه أو التصرف فيه بعد إصدار الشيك بحيـث يصبح الباقي لا يفي بقيمة الشيك ( ج ) اصدار أمر للمسحوب عليه بعدم صرف الشيك في غير الحـالات المقـررة قانوناً ( د ) تحرير شيك أو التوقيع عليه بسوء نيه على نحو يحول دون صرفه .

رئيس المحكمة                                        أمين

وارد ١٦٤٧
تاريخ ١٥/٤

ومن المقرر في قضاء محكمة النقض أن جريمة إعطاء شيكات بدون رصيد تتحقق بمجرد إعطاء الشيك إلى المستفيد مع علمه بأنه ليس له مقابل وفاء قابل للسحب إذ يتم بذلك طرح الشيك في التداول فتنعطف عليه الحماية القانونية التي أسبغها الشارع بالعقاب على هذه الجريمة باعتباره أداة وفاء تجرى مجرى النقود في المعاملات ولا عبرة بعد ذلك بالأسباب التي دفعت لإصدار الشيك لأنها من قبيل البواعث التي لا تأثير لها في قيام المسئولية الجنائية ما دام الشارع لم يستلزم نية خاصة لقيام هذه الجريمة [ الطعن رقم ٢٧٧ لسنة ٥٥ ق جلسة ١٩٨٥/٢/٢٨ ] إن ركن القصد الجنائي في جريمة إعطاء شيك لا يقابله رصيد قائم وقابل للسحب يتوافر لدى الجاني بإعطائه الشيك وهو يعلم بأنه ليس له رصيد قائم وقابل للسحب [ الطعن رقم ١٧٤١ لسنة ٢٠ جلسة ١٩٥١/١/١٥ ]

لما كان ذلك وكان الثابت من الاطلاع على حافظة مستندات المدعى المدني أن المتهم أصدر له بتواريخ ١٩/١/٢٠٠٩ ٢٠٠٩/١/٢٦ مسحوب على بنك عوده الأردني .. فرع .. مجمع ........ ولم يتم صرفهم ...... من البنك المسحوب عليه بسبب تحرير ...... وكانت المحكمة تستخلص من الشيك ...... وإفادة البنك أن المتهم أصدر للمدعى المدني شيكا ............ مع علمه بذلك ومن ثم يكون المتهم قد ارتكب عمداً الفعل المسند إليه وقد ثبت امتناع .......... حقه من الشيك ......... وإفادة البنك سنداً للجنحة وعملاً بالمادة ٣٠٤/١ اجراءات جنائية يتعين عقابه بالمادة ٥٣٤/١ فقرة ............. من قانون التجارة رقم ١٧ لسنة ١٩٩٩ مع إلزامه بالمصاريف الجنائية عملاً بالمادة ٣١٣ اجراءات جنائية .

وحيث أنه عن الدعوى المدنية فإنه لما كانت المحكمة قد انتهت في الدعوى الجنائية بوقوع الجريمة وثبوتها في حق المتهم وكان الخطأ أساسي مشترك بين الدعويين وكان الضرر المطالب بالتعويض عنه ناشئ مباشرة عن الجريمة موضوع الدعوى الجنائية ومما لا شك فيه أنه لحق المدعى بالحق المدني إضراراً من جرائها متصل بها اتصال السبب بالمسبب وكان المبلغ المطلوب مؤقتاً عن الاضرار ومن ثم تقضى التحكمة للمدعى بالحق المدني بالتعويض المطلوب عملاً بالمادة ١٦٣٥ مدني مع إلزام المتهم بمصاريف الدعوى المدنية شاملة اتعاب المحاماة .......... بالمادتين ٣٢٠ / ١ اجراءات جنائية ، ١٨٧ من قانون المحاماة رقم ١٧ لسنة ١٩٨٣ .

## فلهذه الأسباب

حكمت المحكمة غيابياً بحبس المتهم ............................... مع الشغل وكفاله ............ جنيه لإيقاف التنفيذ والزامه بالمصاريف الجنائية وبان يؤدى للمدعى بالحق مبلغ ................ على سبيل التعويض المدني المؤقت و مصاريف الدعوى المدنية وخمسون جنيها مقابل اتعاب المحاماة .

أمين السر                                   رئيس المحكمة

## CERTIFICATE OF ACCURACY

<u>TRANSLATION</u>
From Arabic into English

Ali Shadi declares:

1. I am an interpreter/translator by profession and have 35 years experience in translating and interpreting all kinds of documents and texts from Arabic into English and from English into Arabic. I was Chief of the Arabic Interpretation Section at the United Nations in New York from 1981 to 2000, when I retired. I hold a Masters degree in translation and interpretation from Ein Shams University, Cairo, 1971.

2. I am thoroughly conversant in both the Arabic and English languages

3. I have carefully made the attached translation from the attached original document written in Arabic.

4. The attached translation is a true and correct English translation of such original document to the best of my knowledge and belief.

Dated:   New York, New York

April 16, 2007

*[signature]*

Ali Shadi