Gilbert A. Samberg (GS-2610)
David L. Barres (DB-2129)
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, New York 10017
(212) 935-3000
(212) 983-3115 (facsimile)

*Attorneys for Respondents UBS AG, Exporters Insurance Company, Ltd., Arab Banking Corporation, National Bank of Abu Dhabi and National Bank of Oman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In the Matter of the Application of

RAMY LAKAH and MICHEL LAKAH,

Petitioners,

For a judgment pursuant to Article 75 of the C.P.L.R. staying the arbitration commenced by

UBS AG, EXPORTERS INSURANCE COMPANY, LTD., ARAB BANKING CORPORATION, NATIONAL BANK OF ABU DHABI and NATIONAL BANK OF OMAN,

Respondents.

-------------------------------------------------------------x

07-CV-2799 (MGC) (FM)

**DECLARATION OF GILBERT A. SAMBERG**

GILBERT A. SAMBERG, pursuant to 28 U.S.C. § 1746, states and declares as follows:

1. I am a member of the law firm of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., attorneys for Respondents-Cross-Petitioners UBS AG ("UBS"), Exporters Insurance Company, Ltd. ("EIC"), Arab Banking Corporation, Ltd. ("ABC"), National Bank of Abu Dhabi ("NBAD") and National Bank of Oman ("NBO").

2. I make this Declaration to support the inclusion in the record -- as part of Exhibit 20 to the Declaration of Gilbert A. Samberg, dated April 16, 2007, which was electronically filed on April 17, 2007 (and appears as document No. 4 on the Court's docket) -- of a copy of the court-certified (Arabic) copy of a Judgment, dated January 21, 2003, of the Cairo Criminal Court. Inadvertently, only the English translation version was included in the original filing of the said Exhibit 20.

3. The attached is a true and accurate copy of a court-certified copy of the Judgment, dated January 21, 2003, of the Cairo Criminal Court (North District Circuit 19) against Ramy Lakah and Michel Lakah, among others.

Dated: New York, New York
April 17, 2007

Gilbert A. Samberg (GS-2610)

١٩ / ١ / ٢٠٠٣

باسم الشعب

محكمة جنايات القاهرة

الدائرة ١٩ شمال

المشكلة علنا برئاسة السيد المستشار / أحمد عزت الشماوي رئيس المحكمة
وحضور السيدين المستشارين محمد عبد العزيز الحصاني و محمد أبو الفتوح عبد التواب
الرئيسان بالمحكمة والمستشارين بمحكمة استئناف القاهرة
والسيد الأستاذ / علاء فكري أباظة وكيل النيابة
والسيد / أحمد فهمي أمين السر

أصدرت الحكم الآتي

في أمر المنع من التصرف في القضية رقم ٦٣٧ لسنة ٢٠٠٠ حصر أمن دولة عليا

ضـــد

١- رامي رايموند لكح وزوجته ميرال جوزيف شاهين وابنتيه القاصرتين مادلين لكح وميريت فرانس وميشيل رايموند لكح وزوجته نرمين كحيل عزيد الجبري وولديه القاصرين رايموند ورامي

٢- محمد نجيب إبراهيم عبد الحميد شحات وزوجته أميمة محمد كمال الدين طه ناصر وولديه القاصرين أحمد وفريده.

٣- محمد صبري عبد الحميد السيد عمار وزوجته تقية عبد الودود عبد الحميد وولده القاصر أحمد

٤- محمد أبو الفتح عبد العزيز مبروك وزوجته فريده محمود بدوي

وحضر الأستاذ / طارق السيد عبد العزيز بتوكيل رقم ٢٣٣ لسنة ١٩٩١ توثيق مصر الجديدة النموذجي عن جميل حبيب عن نائل بتوكيل رقم ١٢٤٣ لسنة ٢٠٠١ توثيق مصر الجديدة النموذجي عن الممنوع من التصرف الأول

وحضر الأستاذ / أحمد صبري البيلي بتوكيل رقم ١٧٣ هـ لسنة ٢٠٠٣ عام الأهرام عن الممنوع من التصرف الثاني

وحضر الأستاذ / سيد عبد الرحمن البابلي بتوكيل رقم ٢٠ ب لسنة ٢٠٠٣ عام الأهرام عن زوجة الممنوع الثاني

وحضر الأستاذ / إبراهيم محمد يونس بتوكيل رقم ٤١٠٤ أ لسنة ٢٠٠٣ عن زوجة الممنوع من التصرف الثالث

وحضر الأستاذ / سيد حسين شحات بتوكيل رقم ١٦٣٨ ب لسنة ٢٠٠٣

رئيس المحكمة　　　　أمين السر

عن الممنوع من التصرف الثالث وزوجته وولده أيمن . وحضر الأستاذ/ محمود منصور مع الممنوع من التصرف الرابع .

وقد أحالت النيابة العامة هذا الأمر المنع من التصرف إلى هذه المحكمة للنظر فيه

وبجلسة اليوم نظر هذا الأمر المنع من التصرف على النحو المبين تفصيلاً بمحضر الجلسة .

المحكمة

بعد الاطلاع على الأوراق وعلى قرار المستشار النائب العام ومذكرة نيابة أمن الدولة العليا وسماع طلبات ومرافعة النيابة العامة والدفاع والمداولة قانوناً .

وحيث أن المستشار النائب العام قد أصدر بتاريخ ١٨/١/٢٠٠٣ أمراً مؤقتاً ضد كل من / ١- رامي رالمون لاكح وزوجته فيريل جوزيف أبي شاهين وابنتيه القاصرتين مادلين وميري فرانس .

٢- ميشيل رالمون لاكح وزوجته نهى نجيب فريد البحري وولديه القاصرين رالمون ورشك .

٣- محمد نجيب إبراهيم عبد المجيد شعبان وزوجته أميمة محمد كمال الدين طه ناصر وولديه القاصرين أحمد وفريدة .

٤- محمد صبري عبد الحميد عمار وزوجته نفيسة عبد الودود عبد الحميد وولده أيمن .

٥- محمد أبو الفتح عبد العزيز عيروت وزوجته

وحيث أن النائب العام قد طلب صدور حكم في هذا الخصوص واستند في الأمر الذي أصدره إلى أن تقرير اللجنة المشكلة بالرقابة العامة لسوق المال قد تبين أن بعض العملاء الذين تداولوا بعض الشركات التابعة لشركة القابضة للاستثمارات المالية رالمون لاكح جروب بيعاً وشراءً أن غرض هؤلاء العملاء لم يكن سوى إدارة عمليات مالية مقابل مشتريات من الأسهم وإيداع مستحقات حسابات هذه المعاملات في الحسابات الخاصة بكل من رامي وميشيل رالمون لاكح بقصد التأثير إيجاباً على المركز المالي للشركة .

رئيس المحكمة

أمين السر

٣

وحيث إن الطلب الثالث العام قد استند إلى أن ماهر أحمد صلاح الدين الباحث الاقتصادي بهيئة سوق المال قد شهد بتحقيقات نيابة الأموال العامة العليا أن أعمال اللجنة المشار إليها قد أسفرت عن صورية عمليات البيع والشراء لأسهم الشركات التابعة لشركة "لكح جروب" من خلال شركة "الإيمان" للوساطة والأوراق المالية وذلك بقصد رفع أسعار تلك الأسهم بصورة تدريجية حتى وصولها إلى حد قياسي من الارتفاع ثم قام كل من رامي وميشيل رامون لكح من خلال ذات الشركة بإجراء بيع كميات ضخمة من الأسهم التي يمتلكانها بقيمتها المغالى فيها مما ترتب عليه تحسين المركز المالي للشركة القابضة وتضخيمه بشدة رغم أن المركز المالي الخاص بالعام المالي المنتهي في ١٩٩٩/١٢/٣١ أظهر وجود بنوك دائنة بمبلغ ٩٧-٦٠ و٢٣٨ مليون جنيه وكذلك تبين أنه بالنسبة للشركات التابعة للشركة القابضة للاستثمارات المالية "لكح جروب" فبخصوص شركة المصنع العربي للحديد فقد بدأ تداول سهمها بمبلغ (٣و١٠) جنيه حتى وصل سعر السهم إلى مبلغ (١٩٤و٢) وبالنسبة لشركة "ميتالك للتجارة والمقاولات" فقد بدأ تداول سهمها بمبلغ عشرة جنيهات حتى وصل سعر السهم إلى مبلغ (٧٨) جنيه وبالنسبة لشركة "تريدنج ميتالكال" فقد بدأ تداول سهمها بمبلغ (١٠٢) جنيه حتى وصل سعر السهم إلى مبلغ (١٨١و٦٠) جنيه وأن التعاملات التي أدت إلى هذه الارتفاعات الكبيرة في أسهم هذه الشركات كانت تعاملات صورية وبأسماء عديدة وكانت تتم تسوية فروق حسابات كل من رامي وميشيل رامون لكح وليس بحسابات المتعاملين بأسمائهما بيعاً وشراءً وأنه بعد حدوث هذا الارتفاع الكبير في قيمة أسهم كل من هذه الشركات كان كل من رامي وميشيل رامون لكح يقوم ببيع كميات ضخمة من أسهم هذه الشركة من خلال شركة "الإيمان" للوساطة بالقيمة المرتفعة

رئيس المحكمة

أمين السر

ع

على التفصيل الوارد بمذكرة نيابة الأموال العامة العليا.

ومن حيث أن طلب النائب العام قد استند أيضا إلى ما شهد به عمرو محمد حسن طاهر عضو هيئة الرقابة الإدارية أن تحرياته توصلت إلى وجود تواطؤ بين رامي ويشيل رءوف لكح "طوسون" والمتهمين في الشركات الثلاث سابقة الإشارة إليها قوامه الشاهد الأول ح ولشركات "دلوب كونسالتنت التجارية ح" وفيدوليت للطرق ح والشركة الأمريكية للتسويق ح وشركة أميتريد للتجارة والمقاولات ح وشركة أمبان للاستثمارات المالية ح وشركة إدارة المراكز الطبية ح والشركة الاسكندنافية للاستثمارات ح والشركة القابضة للاستثمارات المالية ح من جهة وبين محمد صبري عبد الحميد رئيس مجلس إدارة شركة الإيمان ح ومحمد الحبيب ابراهيم عبد الحميد مسئول الائتمان ببنك مصر الدولي فرعي الألف والجيزة وعضو مجلس إدارة شركة الإيمان ح من جهة أخرى ح على إصدار شهادة بنكية مزورة من فرعي البنك المشار إليهما ح وذلك بقيام محمد صبري عبد الحميد ح ووكيله "أ/ [illegible]" ح باعتبارهما مفوضين عن "محمود لكح جروب" بالتقدم بطلبات اتخاذ إجراءات تأسيس أو زيادة رؤوس أموال الشركات المشار إليها ثم يقوم مسئول الائتمان بالفرعين وهو "محمد الحبيب" بمنح مقدم الطلب لحساب هذه الشركات شهادة الزيادة ويصدر الشهادات البنكية المزورة على أساس أنه تم تغطية زيادة رؤوس الأموال من "الاكتتاب" على خلاف الحقيقة من أن هذه الزيادة في رؤوس الأموال قد تمت تغطيتها من خلال "قروض" ممنوحة من البنك دون الحصول على أي ضمانات ح وأن تأسيس هذه الشركات وزيادة رؤوس أموال الشركات "وهميا وصوريا" ح وأنه بناءً على هذه الزيادات الوهمية في رؤوس أموال هذه الشركات فقد حصلت الشركات على تسهيلات ائتمانية من "بنك النيل" [illegible]

رئيس الدائرة — أمين السر

[stamp: جمهورية مصر العربية]

٥

ثروت" تخلف عن سداد مديونيات لم يتم سدادها بلغت قيمتها مبلغ حوالي (٨٤) مليون جنيه بالنسبة لشركة "رشيد بيت للتجارة والمقاولات" وبالنسبة لشركة "تريد [illegible]" بلغت قيمتها مبلغ (١١٧) مليون جنيه يقابل جزء منها ضمانات مغالى في تقديرها، وبالنسبة لشركة المصنع العربي للحديد بلغت قيمتها مائتين وخمسون مليون جنيه بضمانات وديعة (١٨٢) مليون جنيه منها (١٩) مليون جنيه قرض ممنوح [illegible] كما وافق ذات المجلس في ١٤/١٢/١٩٩٨ على ضمانات سداد قيمة سندات تصدرها الشركة القابضة للاستثمارات المالية بمبلغ (٤٠٠) مليون جنيه وضمان سداد عائدها البالغ (١١٪) ولم تلتزم الشركة بسداد السندات وكان البنك هو الذي يقوم بسدادها وبلغت قيمة العائد الذي تحمله البنك حوالي ٢٢٨ مليون جنيه وكان ذات البنك وافق على شراء أسهم منه الشركة بمبلغ (٤٩٨٨ و١١) مليون جنيه مما ترتب عليه خسارة بمبالغ تجاوزت (١١١) مليون جنيه وكان محمد أبو الفتح مسئول عن شراء تلك الأسهم لعلمه بالموقف المتدهور للشركة وأنه قصد تسهيل استيلاء [illegible] على أموال البنك الذي يعمل به.

وقد استطلعت النيابة العامة صدور حكم بالتحفظ على أموال المذكورين لما تضمنته مذكرة نيابة الأموال العامة العليا أن الأفعال المنسوبة إليهم تشكل ارتكاب [illegible] المطلوب التحفظ على أموالهم لارتكابهم الجرائم المنصوص عليها في المواد ١١٣، ١١٥، ١١٦ مكرر من قانون العقوبات.

وحيث أنه بجلسة نظر الدعوى طلبت النيابة العامة تصحيح صفة المتهم محمد صبري عبد الحميد سيد عمارة من "قاصر" إلى "بالغ" وأثبتت أن زوجة محمد أبو الفتح عبد العزيز عبد الرسول هي السيدة فريدة محمود بدوي، وطلبت النيابة العامة تأييد أمر المنع من التصرف الصادر من النائب العام.

وحيث أن الدفاع طلب إلغاء الأمر الصادر من النائب

أمين السر                رئيس المحكمة

العام المنع المعروض منه من التصرف في أموالهم ودفع بعدم دستورية المادة (٢٠٨) مكرر (أ) إجراءات جنائية إذ لا تتضمن اعتداء على الملكية الخاصة التي حماها الدستور ودفع ببطلان تحريات عضو الرقابة الإدارية لأنها تتضمن مخالفة نصوص قانون سرية الحسابات بالبنوك (القانون ٢٠٥ لسنة ١٩٩٠) وشكك في جدية التحريات التي استندت إليها نيابة الأموال العامة للتدليل وأورد أن قرار المستشار النائب العام الصادر بالمنع من التصرف باطل ومنعدم لأنه لم تتوافر حالة "استعجال" في الوقائع موضوع تحقيقات نيابة الأموال العامة العليا كما دفع ببطلان القرار لأن المتهم محمد صبري عبد الحميد "بالغ" وليس "قاصراً" كما دفع بعدم اختصاص المحكمة بنظر الطلب الماثل لأن بعض الجرائم التي وردت بمذكرة النيابة العامة لا تدخل في اختصاصات هذه المحكمة لأن محكمة أمن الدولة العليا مختصة اختصاصاً أصيلاً بنظرها كما دفع الدفاع ببطلان طلب النائب العام بتأييد أمر المنع من التصرف الصادر منه إذ كان يجب عليه طلب صدور حكم من المحكمة بالمنع المذكور من التصرف وليس تأييد الأمر الصادر منه وأورد الدفاع تكييفه للاتهام وناقش ما ورد بمذكرة نيابة الأموال العامة وأورد أنه لا يصلح أساساً للاتهام لجدية الاتهام قبل المطلوب الحكم بمنعهم من التصرف في أموالهم.

ومن حيث أنه عن إثارة الدفاع فعن الدفع بعدم دستورية نص المادة (٢٠٨) مكرر (أ) إجراءات جنائية فإن المحكمة تشير إلى عدم جدية ذلك لأن هذه المادة تتضمن إجراءات مؤقتة على أموال الأشخاص لا تشكل اعتداءً فعلياً على ملكيتهم الخاصة ويؤكد ذلك أن الحكم الصادر بالمنع من التصرف يعتبر كأن لم يكن إذا انتهت النيابة التحقيقات قبل من صدر ضده أو أصدرت أمراً بأن لا وجه لإقامة الدعوى الجنائية قبله أو قضي ببراءته أمام محكمة الموضوع ولا يلزم صدور حكم جديد بالغائه وأن الأمر بالمنع من التصرف

أمين السر      رئيس المحكمة

صورة طبق الأصل

الصادر من النائب العام المذكور أن يعرض على المحكمة في ميعاد موقوت حدده القانون ولا يصدر إلا في حالة الاستعجال. وعما أثاره بشأن عدم اختصاص هذه المحكمة بنظر طلب النائب العام بإصدار حكم بالمنع من التصرف فهو مردود بأن الثابت من الأوراق أن الجرائم موضوع الاتهامات التي وجهتها النيابة العامة التي تختص هذه المحكمة بنظرها بعضها مما ينعقد لها الاختصاص بنظر طلب النائب العام منع المذكورين من التصرف في أموالهم. ومن حيث أنه عما أثاره الدفاع أن تحريات عضو الرقابة الإدارية من أنه خالف القانون ٢٠٥ لسنة ١٩٩٠ الخاص بسرية الحسابات بالبنوك فهو نعي لا سند له من الدفاع إذ لم يثبت على سبيل الجزم أنه اطلع على الحسابات فيما توصل إليه من معلومات من التصرف في أموالهم وما أثاره الدفاع عن بطلان قرار النائب العام بمنع المتهم محمد صبري عبد الحميد سيد عمار لأنه صدر عليه بصفته "قاصر" لوالده محمد صبري عبد الحميد سيد عمار فإن هذا النعي مردود بأن الثابت بمذكرة نيابة الأموال العامة التي صدر قرار النائب العام استنادا إليها أن المذكور مفوض عن مجموعة "[illegible]" مما يجزم أنه "بالغ" ومن ثم فإن المحكمة تلتزم تطبيقا للقانون بتصحيح ما تضمنه قرار النائب العام باعتبار أن ما تضمنه القرار هو "خطأ مادي" وعن النعي على قرار النائب العام بالبطلان لأنه لم تتوفر حالة الاستعجال "اللازمة لصدوره منه فإن ذلك مردود بأن المحكمة تؤكد فيما ساقته النيابة العامة عن توافر ما يوفر حالة الاستعجال" في الطلب سيما أنه ثبت في الأوراق أن المطلوب منعهما من التصرف الأول والثاني وأسرتيهما غادروا إلى خارج البلاد. ومن حيث أنه عما نعاه الدفاع على قرار النائب العام أنه تضمن طلب بتأييد القرار "فإن المحكمة تكيف هذا الطلب التكييف القانوني الصحيح وهو أن النائب العام يطلب من المحكمة إصدار "حكم" بالمنع من التصرف ومن حيث أنه لما كان ما أثاره الدفاع من عدم جدية الاتهام

رئيس المحكمة          أمين السر

٨

المسند للمتهمين فان المحكمة تشير الى ان "جدية الاتهام" ان تقوم مبررات مقبولة على مجرد "اسناد الاتهام" يقوم على قدر من الاسس المعقولة للمطلوب منعهم من التصرف في اموالهم وذلك لا يعني من قريب او بعيد بثبوت الاتهام "قبلهم" ولولا النيابة العامة لما ثبوت الاتهام يوجب على النيابة العامة "احالة المتهم" للمحكمة لمحاكمتهم وهو لم يحدث كما ان اتجاه المحكمة لبحث "تقديرات النيابة العامة" ان الاتهام على نحو "جدي" مقبول لصدور حكم المنع من التصرف في اموالهم حال الحكم ان تعين ثبوت الاتهام ضدهم لان الفصل في ثبوت الاتهام من عدمه يكون لدى المحكمة في مرحلة محاكمتهم وهذا الامر لم يثار او يعرض على المحكمة بعد ولم تضوابطه الدقيقة ومقاييسه الحاسمة التي تحدد الادانة او البراءه وتفسر اي شك لصالح المتهم وحيث ان ما تقدم ان المحكمة اذ تشير الى منع المعروضين من التصرف في اموالهم فان ذلك لا يعني ابداء راي فيما اسند للمعروضين من اتهامات يتعين على المحكمة ان احيلوا للمحاكمة والرفض للاستجابة لطلب زوجة الاول باعادة الدعوى للمرافعة اذ ليس له اساس مقبول قانوناً.

فلهذه الاسباب

وبعد الاطلاع على المواد سالفة الذكر

حكمت المحكمة

اولاً: برفض طلب اعادة الدعوى للمرافعة المقدم من الاستاذ/ جميل حليم حسب محام ميريل جوزيف ابن شاهين زوجة رامي ليون لكح.

ثانياً: المنع كل من ١- رامي ليون لكح وزوجته ميريل جوزيف ابن شاهين وابنتيه القاصرتين ماديلين وميري فرانس.
٢- ميشيل ليون لكح وزوجته نهى نجيب فريد بكري وولديه القاصرين ليون ورامي.
٣- محمد نجيب ابراهيم عبد المجيد شعبان وزوجته اميمة محمد كمال الدين طه ناصر وولديه القاصرين احمد وفريده.

رئيس المحكمة

امين السر

٩

٤- محمد صبري عبد الحميد سيد عمار وزوجته نفيسة عبد الودود عبد الحميد.

٥- أحمد محمد صبري عبد الحميد سيد عمار

٦- محمد أبو الفتح عبد العزيز مبروك وزوجته فريدة محمود مبروك.

عن التصرف في جميع أموالهم العقارية والمنقولة والسائلة

٧- الزام الصادر ضدهم الأمر بالمصاريف الجنائية

صدر هذا الحكم وتلي علناً بجلسة يوم الثلاثاء الموافق ٢١/١/٢

رئيس المحكمة

أمين السر

شعبة الأحوال الجنائية

صورة رسمية طبق الأصل من حكم المنع الصادر بتاريخ ٢١/١/٢٠٠٦م في القضية رقم ٦٢٧ / ٢٠٠١ حصر أمن دولة عليا بناء على طلب الدكتور/ النائب العام المختص بعد سداد الرسوم المقررة بالقسيمة رقم بتاريخ ٥/٨/٢٠٠٦م كراسة قاعة محكمة مصر الجديدة وقيدت تحت رقم ١٣٢٧ لسنة ٢٠٠٦م صورة طلب

مدير الشئون
رئيس قسم الأحوال الجنائية
عنه

٥/٨/٢٠٠٦م