574-6178/879766v2
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In the matter of the Application of

RAMY LAKAH and MICHEL LAKAH,

                                                           07 CV 2799 (MGC) (FM)

                                 Petitioners,

For a judgment pursuant to Article 75 of the
C.P.L.R. staying the arbitration commenced by    REPLY TO COUNTERCLAIM

UBS AG, EXPORTERS INSURANCE
COMPANY, LTD., ARAB BANKING
CORPORATION, NATIONAL BANK OF ABU
DHABI and NATIONAL BANK OF OMAN,

                              Respondents-Cross-Petitioners.
------------------------------------------------------------X

       Plaintiffs Ramy Lakah and Michel Lakah reply to the counterclaim of defendants UBS AG, Exporters Insurance Company, Ltd., Arab Banking Corporation, National Bank of Abu Dhabi and National Bank of Oman ("defendants")[1]:

       1.    Plaintiffs deny paragraph 1 of the counterclaim and admit that defendants seek to compel plaintiffs to arbitrate.

       2.    Plaintiffs deny paragraph 2 of the counterclaim and admit that defendants purport to assert various claims against plaintiffs in their demand for arbitration.

---

[1] This proceeding was commenced in Supreme Court, New York County pursuant to C.P.L.R. Article 75, under which one seeking to stay an arbitration commences a special proceeding as a petitioner, and one answers as a respondent. In this court, the proceeding becomes a civil action, where the opposing parties are denominated "plaintiff" and "defendant," and one's pleadings are a complaint, answer with counterclaim, and a reply to the counterclaim. In this reply, we conform our terminology to the Federal Rules. Hence, we denominate this pleading a reply to counterclaim rather than an answer to a cross-petition.

3.  Plaintiffs deny paragraph 3 of the counterclaim and admit that defendants have filed a demand for arbitration against certain parties.

4.  Plaintiffs deny paragraph 4 of the counterclaim and admit that defendants purport to assert various claims against plaintiffs in their demand for arbitration.

5.  Plaintiffs admit paragraph 5 of the counterclaim.

6.  Plaintiffs deny paragraph 6 of the counterclaim and admit they have not appeared in the arbitration.

7.  Plaintiffs deny paragraph 7 of the counterclaim.

8.  Plaintiffs admit paragraphs 8 and 9 of the counterclaim.

9.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of paragraph 10 of the counterclaim.

10. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of paragraphs 11 through 14 of the counterclaim.

11. Plaintiffs deny paragraph 15 of the counterclaim and admit that Ramy Lakah is a citizen of Egypt and France, that, at various times, he owned shares in a number of companies, and that he signed one document in his personal capacity, which does not contain an arbitration agreement.

12. Plaintiffs deny paragraph 16 of the counterclaim and admit that Michel Lakah is a citizen of Egypt, that, at various times, he owned shares in a number of companies, and that he signed one document in his personal capacity, which does not contain an arbitration agreement.

13. Plaintiffs deny paragraphs 17 and 18 of the counterclaim.

14. Plaintiffs deny paragraph 19 of the counterclaim and admit the defendants seek to compel arbitration based on arbitration clauses in three of the Bond Transaction Documents.

2

15. Plaintiffs admit paragraphs 20 through 22 of the counterclaim insofar as they quote portions of the Bond Transaction Documents, and deny that those provisions bind plaintiffs.

16. Plaintiffs deny paragraphs 23 and 24 of the counterclaim.

17. Plaintiffs deny paragraph 25 of the counterclaim and admit that Ramy Lakah and Michel Lakah signed the "Lakah Family Undertaking," Section 1005(c)(ii), on a signature page that expressly limited their obligations to those set forth in that provision and no other provision, which obligations were not and are not subject to arbitration.

18. Plaintiffs deny paragraphs 26 though 29 of the counterclaim and admit Lakah Funding Limited is a British Virgin Islands corporation owned by HCFI, that certain companies acted as guarantors of the Bonds and that Defendants claim they are bond holders.

19. Plaintiffs deny paragraphs 30 and 31 of the counterclaim and admit that certain bond interest payments were not made.

20. Plaintiffs deny paragraph 32 of the counterclaim and admit that the quoted words are taken out of context.

21. Plaintiffs admit paragraph 33 of the counterclaim.

22. Plaintiffs deny paragraph 34 of the counterclaim and admit that the Offering Circular contains the words quoted.

23. Plaintiffs deny paragraph 35 of the counterclaim and admit that HCFI disclosed its share holdings in the guarantor entities accurately.

24. Plaintiffs deny paragraph 36 of the counterclaim and admit that Ramy Lakah and Michel Lakah were officers or directors of certain companies.

25. Plaintiffs deny paragraph 37 of the complaint and admit that Ramy Lakah was one of the persons who signed certain bond documents in a representative capacity for and on behalf of business entities, and not for himself, as an individual.

26. Plaintiffs deny paragraph 38 of the counterclaim and admit that the bond transaction documents contain the words quoted.

27. Plaintiffs deny paragraphs 39 through 53 of the counterclaim.

28. Plaintiffs deny paragraphs 54 and 55 of the counterclaim and admit that some form of investigation was commenced in France at some time, and that no allegations of wrongdoing have been proved in any court against Ramy Lakah.

29. Plaintiffs deny paragraphs 56 through 60 of the counterclaim.

30. Plaintiffs admit paragraph 61 of the counterclaim.

31. Plaintiffs deny paragraph 62 of the counterclaim and admit that the quoted language appears in the Offering Circular.

32. Plaintiffs deny paragraphs 63 and 64 of the counterclaim.

33. Plaintiffs answer paragraph 65 of the counterclaim by incorporating by reference the prior allegations of this reply.

34. Plaintiffs deny paragraph 66 of the counterclaim and admit that they have never agreed to arbitrate and may not be lawfully compelled to do so.

WHEREFORE, plaintiffs demand judgment dismissing the counterclaim and staying

arbitration as against Ramy Lakah and Michel Lakah, together with the costs and disbursements of this action.

Dated: New York, New York  
       May 21, 2007

LESTER SCHWAB KATZ & DWYER, LLP  
120 Broadway  
New York, New York 10271  
212 964-6611  
Attorneys for Plaintiffs  
RAMY LAKAH and MICHEL LAKAH

s/_____  
Lawrence A. Steckman (ls-8020)  
Dennis m. Rothman (dr-0384)

TO:

Gilbert A. Samberg, Esq.  
MINTZ, LEVIN, COHN, FERRIS, BILOVSKY & POPEO, P.C.  
666 Third Avenue  
New York, NY 10017  
212 935-3000  
Attorneys for Defendants