# AFFIDAVIT

Arab Republic of Egypt |
City of Cairo | ss.
Embassy of the United States |
of America |

I, Mona Monir M. Sayed, affirm that I have full knowledge of the Arabic and English languages, and that I prepared the translation of the attached Arabic language document into the English language, and that the translation is accurate and true.

The document is a: Court verdict
Pertaining to: Mr. Mohomed Naguib Ibrahim
The attachments are 12 pages, including the Affidavit sheet.

_Mona Monir Morged Sayed_
Translator's Signature

Signed and sworn before me this 14th day of May 2007

_NM Henderson_

Natasha M. Henderson
Consul
Embassy of the
United States of America



# In the name of the People
## Giza Felony Courthouse

The open session convened under the presidency of Chancellor Moustafa Agga    Presiding Judge, and

The membership of the:

Chancellor Ahmed Abaza, and

Chancellor Mahmoud Al-Seroury, Giza Felony Courthouse Presiding Judges and Cairo Court of Appeal Counselors

Attended by: Hisham Helmy, Prosecutor, and

Mr. Mohamed El-Sayed, Secretary

The Court Passed the Following Verdict

Regarding the memorandum regarding the seizure order no. 637/2002, Supreme Funds Seizure (registered under sub no. 81/2002 Seizure Investigation)

FILED BY:

Mr. Mohamed Naguib Ibrahim

And his wife Mrs. Omaima Mohamed Kamal Al-Dine

And his sons: Ahmed and Farid

Heliopolis Business Center
Certified Translation Office
86 Merghany St. Suite no. 3
(202) 29 131 76 / 010 15 959 69

(1/7)

Translation date: May, 9th-2005

**Translation**

Mr. Mohamed Naguib Ibrahim, his wife and his two minor sons were represented by Mr. Sabry El-Beialli, Lawyer. This Grievance was heard; as documented in the session proceedings verbatim.

### THE COURT

Upon reviewing the documents and hearing the requests of the General Prosecution and those concerned and upon deliberation,

And whereas the grievance incident is summarized according to the instruments, the grievance applicants: Mohamed Naguib in his own name and in his capacity as the natural guardian of his minor son "Farid Mohamed Naguib Ibrahim" and his wife Omaima Mohamed Kamal El-Dine and his adult son "Ahmed Mohamed Naguib Ibrahim" they filed an application tendered to the Chancellor the Cairo Court of Appeal Presiding Judge,

In this grievance, they explained that the Public Prosecutor issued on the 8th of January-2003 a resolution providing for depriving them from transacting or handling their real estate and movable monies. This matter was also presented before the Giza Felonies Court that imposed a sentence supporting this resolution.

Whereas the Public Prosecution failed to prove this allegation before the State Supreme Court and did not direct any accusations in the investigations conducted in this regards;

And where as the grounds for issuing the resolution were only unsubstantiated investigations without proof. And;

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 1S 928 65

(2/7)
Translation date: May, 9th-2005

**Translation**

After the lapse of two years without any action taken by the Public Prosecution or any investigation of the incidents that were mentioned in earlier allegations,

This is regarded as an aggression on the rights of the ownership that is protected by the Constitution.

Moreover, this is a punishment executed without crime and lacking legislative substantiating provisions;

This matter motivated the applicants to tender the grievance requesting the issue of a verdict annulling the resolution passed by the Public Prosecutor issued on the 8th of January-2003 regarding the case no. 637/2001 Public Funds Seizure investigation, heard in public, regarding the grievance applicants' case.

Whereas, upon hearing the grievance before this court, the Public Prosecution tendered a memorandum explaining the case no. 637/2001 Supreme Funds Seizure, registered under no. 61/2001, Supreme Funds Seizure.

Upon investigating this case, the Public Prosecutor issued a decree to forbid each of the following: Mohamed Naguib Ibrahim, Ramy Michele Reemon Lakah, Mohamed Sabry Abdel Meguid, their wives and their minor children from transacting in their real estate and movable funds and floating assets.

Cairo Felonies Court on the 21st of January-2003, supported this resolution.

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 15 966 63

(3/7)
Translation date: May, 9th-2005

The investigations pointed out that as per the report issued by the Banks Control Authority; no harm was inflicted on Misr International Bank funds, which is the place of work of the person tendering the grievance, or a crime that requires the verdict with the two punishments of returning the monies and fine. This requires elevating the name of the person tendering the grievance, Mohamed Naguib Ibrahim from the order to forbid his handling his monies, implemented in the case no. 637/2001 Supreme Funds Seizure.

Thus, the Public Prosecution memorandum concluded: the request for amending the limit of the order of prohibiting transaction issued in the case 637/2001 Supreme Funds Seizure, to elevate the funds of Hamed Naguib Ibrahim, his wife Ommaima Mohamed Kamal El-Dine and his sons Ahmed and Farid Mohamed Naguib form the order forbidding their transaction.

Whereas, this grievance had been scheduled for hearing on the session conducted on the 14th of March-2005, before this circle.

Whereas, upon hearing the grievance, the grievance applicants were represented by a lawyer requesting the same demands expressed in the grievance.

The Public Prosecution did not express its objection to these requests.

Whereas, regarding the grievance form, based on the Article 208 repeated of the Criminal Procedures Code added by the Law no. 43/1967, replaced by the law no. 174/1988, this law provision

Heliopolis Business Center
Certified Translation Office
68 Merghany St. Suite no. 3
(202) 29 191 76 / 010 18 099 69

(4/7)
Translation date: May, 9th-2005

## Translation

allowed for each of the persons for whom a seizure of transaction or management order was passed to tender a grievance before the specialized felony court upon the lapse of three month as of the verdict date.

In case their grievance was rejected, then they may tender a new grievance repeatedly upon the lapse of three month as of the date of passing a sentence for rejecting the grievance.

Grievance is filed by presenting a report to the specialized Felony courthouse offices. The documents prove that the request for transactions seizure was issued in this court on the 21st of January-2003 against the applicants. The documents were legally tendered and thus the grievance is accepted in form.

Whereas, regarding the grievance subject, based on the Article 208 repeated of the Felonies law, mentioned hereabove, the specialized court, hearing the Felony case for which the forbiddance of transaction verdict was issued, may allow during hearing the felony case, according to its discretion or based on the Public Prosecution request or the relevant parties request, to pass a verdict providing for ending the transaction or management seizure sentence previously ruled for or to amend its limits or amend the implementation procedures. These verdicts may be passed in case the Public Prosecution had referred the felony case to the court for passing a judgment. In case the investigations were still underway or the documents were still in the possession of the Public Prosecution, in such case it has the right to request from the felony

Metropolis Business Center
Certified Translation Office
69 Merghany St. Suite no. 3
(202) 25 121 76 / 010 13 999 69

(5/7)

Translation date: May, 9th-2005

**Translation**

court that issued the transaction seizure order to end this seizure, amend its limitation or implementation procedures in relevance to the investigation progress and findings.

The person against whom a transaction seizure was passed may also request ending this sentence or amending its limitations in case the investigations results support his claims.

The grievance applicants had presented their grievance before the specialized court requesting the amendment of the verdict forbidding them to travel; they requested to elevate their monies from the limitation of this verdict. The Public Prosecution supported this claim with a memorandum explaining the various angles of the case and with the investigations. The Public Prosecution is the entity having the right to object to this request being the entity that issued the forbidding order.

Thus, the court accepted the grievance applicants request and ruled for elevating their monies from the transaction seizure verdict in application of the provisions of Article 208repeated/Felonis Law as mentioned in the verdict verbatim.

### FOR THESE REASONS

Upon reviewing the previously mentioned Article, the court ruled in the presence of the applicant representative for:

1. Accepting the grievance in form
2. amending the limitation of the transaction forbiddance order, issued for the case no. 637/2001 Supreme Funds Seizure

Metropolis Business Center
Certified Translation Office
28 Morghany St. Suite no. 3
(202) 29 131 76 / 010 18 989 69

(6/7)
Translation date: May, 9th-2005

Investigation, Cairo Felonies Court on the session held on the 21st of January-2003,

Elevating the names of: Mohamed Naguib Ibrahim, for himself and being the natural custodian of his minor son Farid Mohamed Naguib Ibrahim and his wife Ommaima Mohamed Kamal El-Dine and Ahmed Mohamed Naguib Ibrahim from the Grievance subject and elevating their funds and possessions from the limitation of the mentioned seizure order.

This verdict was implemented and was read in public in today's session, Tuesday the 15th of March-2005

30652

Secretary    "Signed"    Presiding Judge "Signed"



Stamp

Exact True Copy

An official copy extracted based on the request tendered by Mr. Omar Taher, Lawyer, representing Mohamed Naguib Ibrahim, upon paying the due fees, as per invoice no. 425746 – dated the 17th April-2005 – Heliopolis Courthouse Treasury. The copy was registered under sub no. 62/2005 Supreme Copies

Date of Issue: 17th of April-2005

General Manager

Signed

Metropolis Business Center
Certified Translation Office
85 Merghany St. Suite no. 3
(202) 29 101 76 / 010 18 989 69

(7/7)

Translation date: May, 9th-2005