# AFFIDAVIT

Arab Republic of Egypt   |
City of Cairo              |    *ss.*
Embassy of the United States |
of America            |

I, Mona Monir M. Sayed, affirm that I have full knowledge of the <u>Arabic</u>
and <u>English</u> languages, and that I prepared the translation of the attached
<u>Arabic</u> language document into the <u>English</u> language, and that the translation
is accurate and true.

The document is a: Court Verdict
Pertaining to: Mohamed Sabry Abdel Gaied / Aymon Sabry Abdel Gaied
The attachments are 13 pages, including the Affidavit sheet.

Mona Monir Monged Sayed
**Translator's Signature**

**Signed and sworn before me this 14th day of May 2007**

N.M. Henderson

Natasha M. Henderson
Consul
Embassy of the
United States of America

## In the Name of God Almighty
## In the Name of the People

### Giza Penal Court

The session held in public

Presided by:

Chancellor Ahmed Abdel Wanies Abasa, Presiding Judge

Membered by:

Chancellor Hussein Kandiel, and

Chancellor Mohamed Taher Shattaa

The Presiding Judges and Cairo Court of Appeal Counselors

In the presence of Sherief Moursy, Prosecutor, and

Mr. Mohamed El-Gamal, Secretary

The Court Passed the Following Verdict

Regarding the seizure order no. 637/2001, Supreme Funds Seizure

FILED BY:

1. Mohamed Sabry Abdel Gaied

2. Ayman Sabry Abdel Gaied

And in the attendance of Atef Nagui El-Desouki representing Mr.
Amr Zaki Abdel Al, Lawyer

## The Court

Upon reviewing the instruments and hearing the Public Prosecution demands and those concerned and upon legal deliberations; and

According to the documents, the grievance incident may be summarized as follows: the grievance applicants; Mr. Mohamed Sabry Abdel Gaied and Mr. Ayman Sabry Abdel Gaied had tendered a request to the Presiding Judge of Cairo Court of Appeal. In their request, the applicants explained that the Public Prosecutor had issued on the 8th of January-2003 a resolution for seizing their transaction in their real estate and movable funds.

This resolution was supported by Cairo Court of Appeal ruling passed on the 21st of January-2003. This was based on the investigations findings regarding the applicants.

The investigations showed that they agreed with others to forge a bank certificate proving the presence of amounts deposited in Misr International Bank, which was conflicting with the truth. Boosting the capital of one of the companies that is owned by other persons that are also accused in the same case.

The Public Prosecution did not conclude the investigations in this case until date. They were not faced with any charges until date in spite of the lapse of more than three years. This matter made the Transaction Seizure Order a punishment rather than a precautionary measure. This conflicts with the proper description of such an order in the Law. Moreover, this order conflicts with the constitution rules that forbid the violation of personal ownership.

Thus, the Giza Penal Court had passed a verdict that rules for elevating the funds of the grievance applicant from the abstention and seizure order; namely Mr. Mohamed Naguib Ibrahim and his wife Mrs. Omaima Mohamed Kamal Al-Dine and his son Ahmed and daughter Farida in the grievance tendered by them to this court. In this case, the legal status of the grievance applicants was equal, as they all participated in forging these mentioned bank certificates.

Thus, justice dictates that all their rights shall also be equal, including their right to tender grievance against the seizure resolution. Thus, they may request that the court accept their grievance in form and accepts its topic; being the elevation of their real estate and movable funds from the seizure order. They supported their claim by tendering a portfolio including the following instruments:

1. Photocopy of the verdict passed by Cairo Court of Appeal, providing for the banning grievance applicants and others from transacting in their real estate and movable funds. This verdict was passed for the case no. 637/2001 - Supreme Funds Seizure. The verdict included the grievance applicants

2. The Public Prosecution - Supreme Funds Seizure memorandum regarding the mentioned transaction ban.

3. Photocopy of the verdict executed by the Cairo Court of Appeal; modifying the ban order; subject of the grievance requesting the elevation of the funds of Mr. Mohamed Naguib Ibrahim and his wife Mrs. Omaima Mohamed Kamal

Al-Dine and his son Ahmed and daughter Farida from this seizure order.

Whereas the Cairo Court of Appeal ordered the referral of this grievance for the review of this circle on the 11th of March-2007, where the case was deliberated during the sessions and the court decided to issue the verdict in the session scheduled on this day.

Whereas the provisions of Article 208 repeated 1/b – Penal Procedures Code stipulate that: Anyone that was sentenced to banning his management or transaction in his funds may tender grievance before the Penal Court of jurisdiction upon the lapse of three months from the verdict date.

In case their grievance was rejected, then they may tender a new grievance repeatedly upon the lapse of three month as of the date of passing a sentence for rejecting the grievance.

Grievance is filed by presenting a report to the Penal courthouse of jurisdiction offices. The presiding judge shall determine a date for hearing the grievance and he shall notify the grievance applicant and all those concerned with this date.

Thus, in application of this rule, the grievance applicant shall not be of a special character other than satisfying the benefit condition. As long as the person has benefit in filing the grievance and he/she presents their grievance to the Cairo Court of Appeal after satisfying the legal conditions of the grievance, then the court rules for accepting the grievance in form.

4/8
Translation date: May 13, 2007

Regarding the grievance topic, whereas the Public Prosecution had mentioned in its memorandum presented on the 4th of March-2007, that the Banks Control Experts Committee delegated by the Public Prosecution, had concluded that the responsible officers in the Misr International Bank and also the persons tendering the grievance; namely Mr. Mohamed Sabry Abdel Gaied and Mr. Ayman Sabry Abdel Gaied and the two clients Ramy Reemon Michele Lakah had used the credit facility offered to them with the purpose of issuing bank deposit certificates for private companies belonging to them from the two bank branches of El-Alfy and Giza.

The number of these bank certificates amounted to thirty seven bank certificates of deposit used to prove the establishment and boosting the capital of twenty three companies from the Lakah Group companies for the amount of one milliard two hundred and forty million Egyptian Pounds.

The credit committee of El-Alfy branch conferred, headed by Dr. Kamal Serour. The credit committee of Giza branch convened, headed by Mohamed Naguib Ibrahim (the person that tendered a grievance and was awarded a verdict providing for amending the ban order and elevating his funds from the transaction seizure order).

**These facilities were not banned at the time. No harm was inflicted on the bank funds as a result of issuing these certificates.**

Translation

On these grounds, and as the Public Prosecution did not object to the grievance applicants and did not object to amending the ban order,

And as the grievance applicants' requests were not confronted with evidences that prove the benefit of investigating the case no. 637/2001 – Supreme Funds Seizure that requires sustaining their ban of funds transaction, and

Whereas the grievance applicants were not presented to the Penal court based on definite accusations so that the Public Prosecution may have jurisdiction to hearing this grievance,

Thus on these grounds and as the Public Prosecution – Supreme Public Funds memorandum documents that the grievance applicants were delegated by Lakah Group and that their role was confined to presenting applications for finalizing the companies establishment and capital boost procedures. and ;

As the responsible officers in the Bank Giza branch offered this group of companies a loan for boosting their capital for the required fund, then they transferred the loan amount to the accounts of these companies for boosting their capital, then issuing bank certificates on the grounds that the companies' capital increase was paid for these companies through subscriptions;

The mater that is contrary to the proven truth, as the capital increase was performed through loans granted by the bank without acquiring any guarantees or following the proper procedures in abstention, and

That the Banks Control Experts Committee; delegated by the Public Prosecution – the entity performing the investigation of the incident, had reached the conclusion, based on the Public Prosecution memorandum tendered and attached with the applicants portfolio, that these credit facilities were exploited by the persons tendering the grievance in their capacity as delegates of the Lakah Group, and this action was not forbidden at the time and did not cause any harm to the bank funds.

The result of these statements lead to the lack of sufficient evidence for serious accusation, which is the basic condition for issuing a transaction ban order, based on article 208, repeated – Penal Procedures Code. The accusation grounds are not fulfilled against the grievance applicants as the Public Prosecution did not complete the investigation in spite of the lapse of more than three years from the seizure order execution ate. More than five years passed since the beginning of investigation in the incident.

Justice shall not allow that the grievance applicants remain deprived of transacting in their funds for this whole duration and for any time longer without directing any accusation to them or passing a judgment in this law case.

Thus, the transaction ban had been transferred from a temporary preemptive procedure to a permanent seizure save any legal or constitutional grounds.

Moreover, the bank officials that executed these procedures, being the Head of the Credit Committee – Giza Branch, namely

Mohamed Naguib Ibrahim was awarded a verdict that elevated his funds as well as his wife's and children's fund from the seizure order limitation.

It is not acceptable from the fairness perspective or logically that the persons that tendered the grievance remain banned while they only tendered their request to the bank and they remain banned from handling their funds.

Thus, the grievance applicants tendered their requests based on the justice rules and the provisions of the law and they should be answered to their requests, in fulfillment to the provisions of Article 208 repeated - Penal Procedures Code

### FOR THESE REASONS

The Court ruled for:

1. Accepting the grievance in form
2. amending the limitation of the transaction forbiddance order, issued for the case no. 637/2001 Supreme Funds Seizure, Cairo Penal Court on the session held on the 21st of January-2003,

   Elevating the names of Mohamed Sabry Abdel Gaied and Ayman Sabry Abdel Gaied from the banning order, and;

   Elevating their real estate and movable funds and possessions from the limitation of this seizure order.

This verdict was implemented and was read in public in today's session, Sunday the 8th of April-2007

8/8
Translation date: May 13, 2007