النيابة العامة
نيابة مصر الجديدة

شهادة من واقع جدول الجنح

في القضية رقم ١٢٤٨ لسنة ٢٠٠٧ جنح مصر الجديدة

بعد الاطلاع على الطلب المقدم من : ................................................

بشأن إعطائه شهادة من واقع الجدول في القضية عاليه .

تبين أن القضية المذكورة مقيدة ضد : ................................................

المدعى بالحق المدني : ................................................

لأنه في يوم  /  /      بدائرة قسم شرطة مصر الجديدة

................................................

................................................

................................................

................................................

هذا وقد حررت هذه الشهادة بناءاً على طلب الطالب بعد تصريح السيد الأستاذ / رئيس النيابة وبعد سداد الرسم المقرر جنيهان وخمسة وستون قرشاً بالقسيمة رقم ٦٦٧٨٦٧ بتاريخ ١٢/٦/٢٠٠٧ وسلمت إليه تحت رقم ٧٩ لسنة ٢٠٠ صور مصر الجديدة .

تحريراً في ١٥/٦/٢٠٠٧

موظف الجدول        قلم الصور

رئيس القلم الجنائي

محكمة مصر الجديدة

حكم

باســـم الشـــعـــب

بجلستها العلنية المنعقدة في يوم .الأحـد... الموافق ٧/١٢/٢٠٠٢م

برئاسة السيد الأستاذ / عمرو جمال              ( رئيس المحكمة )

والسيد الأستاذ /( أحـمـد رامـي )              ( وكيل النيابة )

والسيد / عبد الرحيم ابراهيم              ( أمين الســـر )

أصدرت الحكم في القضية رقم ١٥٤٢٨ لسنة ٢٠٠٢ جنح قسم مصر الجديدة .

المدعي بالحق المدني بولـس لمـاجـرـ...... بمبلغ ...٠.٠.. بكريم موحى

ضـــــد

رامي برمود ميشيل

بعد سماع المرافعة الشفوية وطلبات النيابة العامة والاطلاع على الأوراق .

حيث أن واقعة الجنحة تتحصل في أن المدعي بالحق إقامها بطريق الادعاء المباشر بموجب صحيفة موقعة من محام مودعه قلم كتاب المحكمة ومعلنه قانوناً للمتهم وللنيابة العامة في ختامها الحكم على المتهم بتوقيع العقوبة المنصوص عليها بالمادة ٦.٢٢٧.٢٢.٦.ج والزامه بان يؤدى له مبلغ ...٥.٠٠١. جنيـك... على سبيل التعويض المدنــي المؤقت والمصاريف ومقابل اتعاب المحاماة وشمول الحكم بالنفاذ المعجل .

وقال شرحاً لدعواه أن المتهم أصدر في ١٩/١/ ٢م ، ١٩/١/ ٢م ، / / ، / /

عدد ...٢... شيك

مسحوبين على بنك الجمهوري الجليجي فرع .المامـرـ.... وبالتقدم لصرفهم افـاد البنك الميحوب كاجم..

ومن ثم يكون المتهم قد ارتكب الجريمة المنصوص عليها ٦.٢٢.٢.٢٢٧.ج. وانه اضير من فعل المتهم يستحق عنه تعويض مؤقت الامر الذى حدا به إلى إقامة هذه الدعوي للقضاء له بالطلبات سالفة البيان .

وحيث أنه بجلسه ٧/ ١٢ /٢م مثل المدعي بالحق المدني بوكيل محام وقدم حافظة مستندات طويت على أصل الشيكـمـيــن ورافادة البنك سنداً للجنحة .

وحيث أن المتهم اعلن قانوناً ولم يحضر فيجوز الحكم في غيبته عملاً بالمادة ٢٣٨ / ١ إجراءات جنائية .

وحيث أن من المقرر بنص المادة ٥٣٤ / ١ من قانون التجارة رقم ١٧ لسنة ١٩٩٩ إنه يعـاقـب بـالحبس وبغرامة لا تجاوز خمسين الف جنيه أو بإحدى هاتين العقوبتين كل من ارتكب عمداً أحد الأفعال الآتية ( أ ) إصدار شيك ليس له مقابل وفاء قابل للصرف (ب) استرداد كل الرصيد أو بعضه أو التصرف فيه بعد إصدار الشيك بحيث يصبح الباقى لا يفى بقيمة الشيك ( ج ) اصدار أمر للمسحوب عليه بعدم صرف الشيك فى غير الحـالات المقـررة قانوناً ( ء ) تحرير شيك أو التوقيع عليه بسوء نيه على نحو يحول دون صرفه .

أمين السر              رئيس المحكمة

ومن المقرر فى قضاء محكمة النقض أن جريمة إعطاء شيكات بدون رصيد تتحقق بمجرد إعطاء الشيك إلى المستفيد مع علمه بانه ليس له مقابل وفاء قابل للسحب إذ يتم بذلك طرح الشيك فى التداول فتنعطف عليه الحماية القانونية التى اسبغها الشارع بالعقاب على هذه الجريمة باعتباره اداه وفاء تجرى مجرى النقود فى المعاملات ولا عبره بعد ذلك بالأسباب التى دفعت لإصدار الشيك لانها من قبيل البواعث التى لا تأثير لها فى قيام المسئوليه الجنائية ما دام الشارع لم يستلزم نيه خاصة لقيام هذه الجريمة [ الطعن رقم ٢٧٧ لسنة ٥٥ ق جلسته ١٩٨٥/٢/٢٨ ] ان ركن القصد الجنائى فى جريمة إعطاء شيك لا يقابله رصيد قائم وقابل للسحب يتوافر لدى الجانى بإعطائه الشيك وهو يعلم بانه ليس له رصيد قائم وقابل للسحب [ الطعن رقم ١٧٤١ لسنة ٢٠ جلسه ١٩٥١/١/١٥ ]

لما كان ذلك وكان الثابت من الاطلاع على حافظة مستندات المدعي المدني أن المتهم أصدر له بتواريخ

ج ٠٢/١/١٩    ج ٠٢/١/١٩

مسحوبين على بنك المصرى الخليجى. فرع ا. المهاجرين من البنك المسحوب عليه برصيد كبير جدا.... ولم يتم صرفهم وكانت المحكمة تستخلص من الشيكين وافاده البنك أن المتهم أصدر للمدعي المدني شيكين لا يقابلها رصيد مع علمه بذلك ومن ثم يكون المتهم قد ارتكب عمداً الفعل المسند إليه وقد ثبت الاتهام فى حقه من الشيكين وإفاذه البنك سندا للجنحة وعملاً بالمادة ٣٠٤/١ اجراءات جنائية يتعين عقابه بالمادة ٥٣٤/١ فقرة أ............... من قانون التجارة رقم ١٧ لسنة ١٩٩٩ مــع الزامـه بالمصــاريف الجنائية عملاً بالمادة ٣١٣ اجراءات جنائية .

وحيث أنه عن الدعوى المدنية فإنه لما كانت المحكمة قد انتهت فى الدعوى الجنائية بوقوع الجريمة وثبوتها فى حق المتهم وكان الخطأ اساسى مشترك بين الدعويين وكان الضرر المطالب بالتعويض عنه ناشئ مباشرة عن الجريمة موضوع الدعوى الجنائية ومما لا شك فيه أنه لحق المدعي بالحق المدني إضراراً من جرائها متصل بــها إتصال السبب بالمسبب وكان المبلغ المطلوب مؤقتاً عن الاضرار ومن ثم تقضى المحكمة للمدعي بالحق المدنى بالتعويض المطلوب عملاً بالمادة ١٦٣٥ مدنى مع إلزام المتهم بمصاريف الدعوى المدنية شاملة اتعاب المحاماه عملاً بالمادتين ٣٢٠ / ١ إجراءات جنائية ، ١٨٧ من قانون المحاماه رقم ١٧ لسنة ١٩٨٣ والمستبدلة بالقانون رقم ١٠ لسنة ٩٣ .

## فلهذه الأسباب

حكمت المحكمة غيابياً بحبس المتهم ....ايلاريت يعقوب.... مع الشغل وكفاله ثلاثمائة وأربعين جنيه لإيقاف التنفيذ والزامه بالمصاريف الجنائية وبان يؤدي للمدعي بالحق مبلغ (...) جنيه على سبيل التعويض المدنى المؤقت ومصاريف الدعوي المدنية وخمسين جنيهاً مقابل اتعاب المحاماه

أمين السر

رئيس المحكمة



بنك القاهرة
الإدارة العامة للشئون القانونية
إدارة ..................

٢٧١ شارع بورسعيد – السيدة زينب
٣٩٥٩٣١٣ - ٣٩٥٩٣١٢

(٢)

بناءً عليــــه

— انا المحضر سالف الذكر قد انتقلت في تاريخه الى حيث محل اقامة المعلن اليها واعلنتها وسلمت كل منها صورة من هذه الصحيفة وكلفتها بضرورة الحضور امام محكمة مصر الجديدة الجزئية دائرة الجنح الكائن مقرها بمجمع محاكم مصر الجديدة شارع الحجاز مصر الجديدة بجلستها التي ستنعقد علنا بمشيئة الله تعالى في تمام الساعة الثامنة ومابعدها من صباح يوم الأحد    الموافق ٧ /١٢/ ٢٠٠٣ لسماع المعلن اليه الاول الحكم عليه بأقصى العقوبة المنصوص عليها بالمادتين ٣٣٦ ، ٣٣٧ عقوبات لقيامه وبسوء نية بأصدار عدد شيكين بدون رصيد لصالح بنك القاهرة الطالب قيمتها الاجمالية مبلغ وقدره ١١٤٢١٧٧٨ جم مع الزامه بأن يؤدى للبنك الطالب مبلغ ٢٠٠١ جم على سبيل التعويض المدني المؤقت مع المصاريف والاتعاب ..

مع حفظ كافة حقوق البنك الطالب الاخرى .

ولاجل العلم / شركة أحمد باهشم

حنان / ..