النيابة العامة
نيابة مصر الجديدة

شهادة من واقع جدول الجنح

في القضية رقم ٢٥٦ لسنة ٢٠٠٦ جنح مصر الجديدة

بعد الاطلاع على الطلب المقدم من : _____

بشأن إعطائه شهادة من واقع الجدول في القضية عاليه .

تبين أن القضية المذكورة مقيدة ضد : _____

المدعى بالحق المدني : _____

لأنه في يوم  /  /     بدائرة قسم شرطة مصر الجديدة

_____
_____
_____
_____
_____

هذا وقد حررت هذه الشهادة بناءاً على طلب الطالب بعد تصريح السيد الأستاذ / رئيس النيابة وبعد سداد الرسم المقرر جنيهان وخمسة وستون قرشا بالقسيمة رقم ٩٠٩ م بتاريخ   /   /٢٠  وسلمت إليه تحت رقم ٧٩٤ لسنة ٢٠٠ صور مصر الجديدة

تحريراً في   /   /٢٠

موظف الجدول          قلم الصور          رئيس القلم الجنائي

محكمة مصر الجديدة

## حكم

### باسم الشعب

بجلستها العلنية المنعقدة في يوم .الأحد.. الموافق ٢/٢/٢٠٠٢م

برئاسة السيد الأستاذ / وليد شاهين    (رئيس المحكمة)

والسيد الأستاذ / مصطفى محمود    (وكيل النيابة)

والسيد / عبد الرحيم ابراهيم    (أمين السر)

أصدرت الحكم فى القضية رقم ٢٣٦ لسنة ٢٠٠٢ جنح قسم مصر الجديدة .

المدعي بالحق المدنى ..................... بمبلغ .................

ضد

.....................

بعد سماع المرافعة الشفوية وطلبات النيابة العامة والاطلاع على الأوراق .

حيث أن واقعة الجنحة تتحصل فى أن المدعي بالحق إقامها بطريق الادعاء المباشر بموجب صحيفة موقعه من محام مودعه قلم كتاب المحكمة ومعلنه قانوناً للمتهم وللنيابة العامة فى ختامها الحكم على المتهم بتوقيع العقوبة المنصوص عليها بالمادة ................ والزامه بان يؤدى له مبلغ ................ على سبيل التعويض المدنى المؤقت والمصاريف ومقابل اتعاب المحاماه .

وقال شرحاً لدعواه أن المتهم أصدر فى ١/١٩/ ....    ،    ١/١٩/ ....    ،    / /

عدد .......... شيك

مسحوبين على بنك ................. فرع ................. وبالتقدم لصرفهم افاد البنك .................
ومن ثم يكون المتهم قد ارتكب الجريمة المنصوص عليها ................ وانه اضيز من فعل المتهم يستحق عنه تعويض مؤقت الامر الذى حدا به الى إقامة هذه الدعوى للقضاء له بالطلبات سالفة البيان .

وحيث أنه بجلسه ٢/٢/٢٠٠٢ مثل المدعي بالحق المدني بوكيل محام وقدم حافظة مستندات طويت على أصل الشيكــا ............ وافادة البنك سنداً للجنحة .

وحيث أن المتهم اعلن قانوناً ولم يحضر فيجوز الحكم فى غيبته عملاً بالمادة ٢٣٨ / ١ إجراءات جنائية .

وحيث أن من المقرر بنص المادة ٥٣٤ / ١ من قانون التجارة رقم ١٧ لسنة ١٩٩٩ إنه يعاقب بــالحبس وبغرامة لا تجاوز خمسين الف جنيه أو بإحدى هاتين العقوبتين كل من ارتكب عمداً أحد الأفعال الآتية ( أ ) إصدار شيك ليس له مقابل وفاء قابل للصرف (ب) استرداد كل الرصيد أو بعضه أو التصرف فيه بعد إصدار الشيك بحيــث يصبح الباقى لا يفى بقيمة الشيك ( ج ) اصدار أمر للمسحوب عليه بعدم صرف الشيك فى غير الحــالات المقــررة قانوناً ( ء ) تحرير شيك أو التوقيع عليه بسوء نيه على نحو يحول دون صرفه .

أمين السر                                                                    رئيس المحكمة

ومن المقرر فى قضاء محكمة النقض أن جريمة إعطاء شيكات بدون رصيد تتحقق بمجرد إعطاء الشيك إلى المستفيد مع علمه بانه ليس له مقابل وفاء قابل للسحب إذ يتم بذلك طرح الشيك فى التداول فتنطبق عليه الحماية القانونية التى اسبغها الشارع بالعقاب على هذه الجريمة باعتباره اداة وفاء تجرى مجرى النقود فى المعاملات ولا عبرة بعد ذلك بالأسباب التى دفعت لإصدار الشيك لانها من قبيل البواعث التى لا تأثير لها فى قيام المسئولية الجنائية ما دام الشارع لم يستلزم نية خاصة لقيام هذه الجريمة [ الطعن رقم ٢٧٧ لسنة ٥٥ فى جلسه ١٩٨٥/٢/٢٨ ] ان ركن القصد الجنائي فى جريمة إعطاء شيك لا يقابله رصيد قائم وقابل للسحب يتوافر لدى الجانى بإعطائه الشيك وهو يعلم بانه ليس له رصيد قائم وقابل للسحب [ الطعن رقم ١٧٤١ لسنة ٢٠ جلسه ١٩٥١/١/١٥ ]

لما كان ذلك وكان الثابت من الاطلاع على حافظة مستندات المدعي المدني أن المتهم أصدر له بتواريخ

١٩/١/٢٠٠٣ و ٢٦/١/٢٠٠٣

مسحوب بمبلغ ............ على بنك مصر الجديد .. فرع الجيزة ......... ولم يتم صرفهم ......... من البنك المسحوب عليه وذلك بزعم كاذب ... وكانت المحكمة تستخلص من الشيك ج وإفادة البنك أن المتهم أصدر للمدعي المدنى شيكاً لا يقابله مال صرف مع علمه بذلك ومن ثم يكون المتهم قد ارتكب عمداً الفعل المسند إليه وقد ثبت امتناع أى حقه من الشيك ج وإفادة البنك سنداً للجنحة وعملاً بالمادة ٣٠٤/١ اجراءات جنائية يتعين عقابه بالمادة ٥٣٤/١ فقرة ....... من قانون التجارة التجارى رقم ١٧ لسنة ١٩٩٩ مع الزامه بالمصاريف الجنائية عملاً بالمادة ٣١٣ اجراءات جنائية .

وحيث أنه عن الدعوى المدنية فإنه لما كانت المحكمة قد انتهت فى الدعوى الجنائية بوقوع الجريمة وثبوتها فى حق المتهم وكان الخطأ اساسى مشترك بين الدعوتين وكان الضرر المطالب بالتعويض عنه ناشئ مباشرة عن الجريمة موضوع الدعوى الجنائية ومما لا شك فيه أنه لحق المدعي بالحق المدنى إضراراً من جرائها متصل بها اتصال السبب بالمسبب وكان المبلغ المطلوب مؤقتاً عن الاضرار ومن ثم تقضى المحكمة للمدعي بالحق المدنى بالتعويض المطلوب عملاً بالمادة ١٦٣٥ مدنى مع إلزام المتهم بمصاريف الدعوى المدنية شاملة اتعاب المحاماه عملاً بالمادة ٣٢٠/١ إجراءات جنائية ، ١٨٧ من قانون المحاماه رقم ١٧ لسنة ١٩٨٣ .

### فلهذه الأسباب

حكمت المحكمة غيابياً بحبس المتهم ......... مع الشغل وكفالة ........ جنيه لإيقاف التنفيذ والزامه بالمصاريف الجنائية وبان يؤدى للمدعى بالحق مبلغ ........ جنيه على سبيل التعويض المدنى المؤقت ومصاريف الدعوى المدنية وخمسون جنيهاً مقابل اتعاب المحاماه .

أمين السر            رئيس المحكمة



Case 1:07-cv-02799-MGC    Document 10-6    Filed 07/09/2007    Page 4 of 4

