

**TOSHIBA**

May 3rd, 2007

<u>Via Electronic Mail & Courier</u>

<u>Ref: Objection to the jurisdiction of the Arbitral Tribunal composed in case 50 148 T 00251 06</u>

TO THE KIND ATTENTION OF:

By mail and by email (unless otherwise indicated)

I- ARBITRATORS

Mr. Mark Kantor                     Chair
110 Maryland Avenue, N.E., Suite 311B
Washington, D.C. 20002
mkantor@abanet.org

Mr. Arthur Rovine
1114 Avenue of the Americas, 42nd Floor
New York, NY 10036
Arthur.w.rovine@bakernet.com

Mr. Richard Jeydel, Esq.
75 Rockefeller Plaza, 22nd Floor
New York, NY 10019
rjeydel@kanematsuusa.com – jeydels@comcast.net



## II- CASE MANAGERS

(By email ONLY)

Ms. Carmen Casado, Esq.          International Case Manager
CasadoC@adr.org

Mr. Tom Simotas                  ICDR Supervisor
Simotasat@adr.org

## III- PARTIES

**Claimants**

Attorney for Claimants:
Mr. Gilbert A. Samberg, Esq.
MINTZ, LEVIN, COHN, FERRIS, BILOVSKY & POPEO, P.C.
666 Third Avenue
New York, NY 10017
GASamberg@mintz.com

Against

**Respondents**

Attorney for Respondents:
LESTER SCHWAB KATZ & DWYER, LLP
120 Braodway
New York, NY 10271
lsteckman@lskdnylaw.com



**TOSHIBA**

(By mail ONLY)

Medequip for Trading And Contracting, S.A.E.
68, El-Merghany St.
Heliopolis, Cairo
Egypt

Technowave, S.A.E.
166, El-Hegaz St.
Heliopolis, Cairo
Egypt

Life Care Technology, S.A.E.
13, EL-Khalifa El Wathek St.
Nasr City, Cairo
Egypt

Ramy Raymond Lakah
24 Rue Galilee
Paris 16cme
France

Michel Raymond Lakah
999, Rue White (#701)
St. Laurent, QC H4M2X8
Canada



**TOSHIBA**

Dear Sirs,

Reference is made to the previous correspondence addressed to our Company, Medical Technology, S.A.E. ("MedTech"), in connection with the above mentioned case. In reply to the said correspondence, **MedTech hereby firmly objects to the jurisdiction of any arbitral tribunal to be composed under the auspices of the American Arbitration Association ("AAA") with respect to the claims filed against MedTech under the Demand for Arbitration and Statement of Claim ("the Demand for Arbitration") already sent to us under a separate cover.**

This objection is submitted pursuant to AAA Commercial Arbitration Rule R-7 and is based, *inter alia*, on the following grounds:

1- MedTech **has no relationship** whatsoever with any of the parties initiating the above arbitral proceedings ("Claimants")[1]. In fact, contrary to the Claimants' allegations;

   1.1 Neither the Lakah Funding Limited nor the Holding Company for Financial Investments, S.A.E. or any of Ramy or Michel Lakah (The "Lakah's") or the Lakah Group is one of the founders nor the previous or current shareholders of MedTech, which is an Egyptian joint stock company established in May 2002 by entirely different and totally independent persons (Exhibit 1).

   1.2 Neither of the Lakah's directly or indirectly, beneficially or equitably owns, dominates or controls MedTech or its decision-making. Indeed, as demonstrated in the attached extract of MedTech's Commercial Register

---

[1] It should be noted however, that MedTech is a client of Bank of Abu Dhabi, one of the Claimants.

(Exhibit 2), the MedTech's current Board of Directors is composed as follows:

1- Ramy Mostafa Fadel Oda Pasha – Chairman of the Board of Directors and Managing Director.
2- Ashraf Adly Gadalla Abou Zeid – Deputy Chairman of the Board of Directors.
3- Adel Mohamed Kamal El Din El Shourbagy – CEO.
4- Adham Mostafa Fadel Oda Pasha – Member of the Board of Directors from among experts.
5- Mohamed Walaa Mohamed Anis Hegab – member of the Board of Directors.

2- MedTech **is not the successor** of Trading Medical System Egypt, S.A.E. ("TMS Egypt"). In fact, contrary to the Claimants' allegations;

2.1 TMS Egypt is an Egyptian joint stock company still existing in Egypt.

2.2 No transfer of assets whatsoever took place from TMS Egypt or any of the companies of the Lakah Group to MedTech. This is supported by the fact that, as of 31/12/2005, the total valued of MedTech's fixed assets is only L.E. 2,596,000 (approximately U.S. $ 450,000).

2.3 TMS Egypt, member of the Lakah Group and the then sole distributor for Toshiba Medical Systems Corporation ("Toshiba"), suffered from the enormous financial complications faced by the Lakah's as well as by the Lakah Group, thus forcing Toshiba to not to renew the sole distributorship agreement concluded with TMS Egypt.



**TOSHIBA**

2.4 MedTech was founded with the insinuation of Toshiba, which appointed MedTech, out of other several candidates.

2.5 It is, therefore, illogical and inconceivable that Toshiba, the experienced and reputable multinational and major market stake holder, commits the terrible mistake of appointing a new distributor that is directly, or even indirectly, controlled by the Lakah's or the Lakah Group.

2.6 Moreover, under the Egyptian law, a principal may not appoint a new distributor before settling all outstanding business issues pertaining to the previous distributor.

2.7 Furthermore, under both Section 1005 (f) of the Indenture dated December, 8, 1999 ("Indenture") and Article 14 of the Terms and Conditions of the Bonds ("Terms and Conditions"), subject matter of the present arbitral proceedings, succession is limited to the cases specifically defined in the Indenture and the Terms and Conditions, according to which neither the Issuer nor any Guarantor shall, except as permitted by the Trustee or an extraordinary resolution of holders, consolidate with or merge into any other Person or convey or transfer in one transaction or a series of transactions all or substantially all of its properties or assets to any other Person unless the Person formed by the said consolidation or merger or conveyance or transfer, **agrees in writing** to assume the obligation to make due and punctual payment of all amounts payable under the Bonds and the Guarantee (as the case may be) and all other obligations of the Issuer or such Guarantor as the case may be under the Bonds, the Guarantee and the Indenture.



2.8 In addition, under Section 15 of the Guarantee, also subject matter of the present arbitral proceedings, no Guarantor may transfer or assign any of its obligations under this Guarantee **without the prior written consent of the Trustee**, which consent may be given or withheld in the sole and absolute discretion of the Trustee. Accordingly, under all relevant contractual provisions, MedTech could not plausibly be deemed the successor of TMS Egypt.

Based on all the above, MedTech submits that it lacks legal standing as a respondent in the above-mentioned arbitral proceedings. The Claimants are, in fact, trying to drag MedTech into an arbitration to which it did not agree, by filing claims arising out of contractual documents to which it is not a party. Actually, all claims filed under the Demand for Arbitration arise out of alleged breaches attributable to the Lakah's, to the Lakah Group or to TMS Egypt, with whom MedTech has no legal, contractual or factual relationship.

Consequently, MedTech, respectfully requests the Arbitral Tribunal, to be composed in the present arbitral proceedings, to:

1- **Declare that it has no jurisdiction over the claims filed by the Claimants against MedTech**; and

2- **Rule on MedTech's present objections to the Arbitral Tribunal's jurisdiction as a preliminary matter, in accordance with AAA Commercial Arbitration Rule R-7 (c).**



TOSHIBA

MedTech reserves its right to seek compensation against the Claimants, including under their respective jurisdictions, to cover all material and moral damages caused thereto due to the abusive nature of the present arbitral proceedings and to the false accusations contained in the Demand for Arbitration regarding MedTech.

Best regards,

**Medical Technology S.A.E.**
**Legal Department**



## Exhibit List

1- **Exhibit 1**: English version of the Articles of Association of Medical Technology S.A.E.

2- **Exhibit 2**: English version of the Extract of the Commercial Register of Medical Technology S.A.E.,