Techno Wave 

May 24, 2007

<u>Via Electronic Mail & Courier</u>

<u>Ref: Objection to the jurisdiction of the Arbitral Tribunal
composed in case 50 148 T 00251 06</u>

To the Kind Attention of:

By mail and by email (unless otherwise indicated)

I- Arbitrators

Mr. Mark Kantor                    Chair
110 Maryland Avenue, N.E., Suite 311B
Washington, D.C. 20002
mkantor@abanet.org

Mr. Arthur Rovine
1114 Avenue of the Americas, 42nd Floor
New York, NY 10036
Arthur.w.rovine@bakernet.com

Mr. Richard Jeydel, Esq.
75 Rockefeller Plaza, 22nd Floor
New York, NY 10019
rjeydel@kanematsuusa.com — jeydels@comcast.com

 

## II- CASE MANAGERS

(By email ONLY)

Ms. Carmen Casado, Esq.      International Case Manager
CasadoC@adr.org


Mr. Tom Simotas      ICDR Supervisor
Simotasat@adr.org


## III- PARTIES

**Claimants**

Attorney for Claimants:

Mr. Gilbert A. Samberg, Esq.

MINTZ, LEVIN, COHN, FERRIS, BILOVSKY & POPEO, P.C.

666 Third Avenue

New York, NY 10017

GASamberg@mintz.com

Against

**Respondents**

Attorney for Respondents:

LESTER SCHWAB KATZ & DWYER, LLP

120 Braodway

New York, NY 10271

lsteckman@lskdnylaw.com

(By mail ONLY)

Medequip for Trading And Contracting, S.A.E.

68, El-Merghany St.

166, El-Hegaz St., Heliopolis - Cairo - Tel.: (202) 6245 090 / 6240 591 Fax: (202) 6240 591
١٦٦ شارع الحجاز – مصر الجديدة – القاهرة – مصر – تليفون: ٦٢٤٥٠٩٠/٦٢٤٠٥٩١ (٢٠٢) فاكس: ٦٢٤٠٥٩١ (٢٠٢)
E-mail: info@technowave-eg.com

Techno Wave 

Heliopolis, Cairo
Egypt

Technowave, S.A.E.
166, El-Hegaz St.
Heliopolis, Cairo
Egypt

Life Care Technology, S.A.E.
13, EL-Khalifa El Wathek St.
Nasr City, Cairo
Egypt

Ramy Raymond Lakah
24 Rue Galilee
Paris 16cme
France

Michel Raymond Lakah
999, Rue White (#701)
St. Laurent, QC H4M2X8
Canada

166, El-Hegaz St., Heliopolis - Cairo - Tel.: (202) 6245 090 / 6240 591 Fax: (202) 6240 591
١٦٦ شارع الحجاز – مصر الجديدة – القاهرة – مصر – تليفون: ٦٢٤٥٠٩١ /٦٢٤٠٥٠٩ (٢٠٢) فاكس : ٦٢٤٠٥٩١ (٢٠٢)
E-mail: info@technowave-eg.com

 

Dear Sirs,

Reference is made to the previous correspondence addressed to our Company, **TechnoWave Trading Company, S.A.E. ("Technowave")**, in connection with the above mentioned case. In reply to the said correspondence, **Technowave hereby firmly objects to the jurisdiction of the arbitral tribunal composed under the auspices of the American Arbitration Association ("AAA") with respect to the claims filed against Technowave under the Demand for Arbitration and Statement of Claim ("the Demand for Arbitration") already sent to us under a separate cover.**

This objection is submitted pursuant to AAA Commercial Arbitration Rule R-7 and is based, *inter alia*, on the following grounds:

1- Technowave **has no relationship** whatsoever with any of the parties initiating the above arbitral proceedings ("Claimants"). In fact, contrary to the Claimants' allegations;

1.1 Neither the Lakah Funding Limited nor the Holding Company for Financial Investments, S.A.E. or any of Ramy or Michel Lakah (The "Lakah's") or the Lakah Group is one of the founders nor the previous or current shareholders of Technowave, which is an Egyptian joint stock company established in November 2000 by entirely different and totally independent persons (Exhibit 1).

1.2 Neither of the Lakah's directly or indirectly, beneficially or equitably owns, dominates or controls Technowave or its decision-making. Indeed, as demonstrated in the attached extract of Technowave's Commercial Register (Exhibit 2), Technowave's current Board of Directors is composed as follows:

    1-    Mohamed Aly Hamza Khadr.

    2-    Mahmoud Mohamed Aly Saleh.

    3-    Ramy Mostapha Fadel.

Techno Wave



2- Technowave **is not the successor** of Medequip for Trading and Contracting, S.A.E. ("Medequip"). In fact, contrary to the Claimants' allegations:

2.1 Medequip is an Egyptian joint stock company still existing in Egypt.

2.2 No transfer of assets whatsoever took place from Medequip or any of the companies of the Lakah Group to Technowave. This is supported by the fact that, as of 31/12/2005, the paid-in capital of Technowave's fixed is only L.E. 500,000 (approximately U.S. $ 87,000) .

2.3 Medequip, member of the Lakah Group, used to represent the following suppliers, who are currently distributed by other companies, as follows:

| Supplier | Actual representative |
|---|---|
| Hewlett-Packard          (Patient Monitoring & Ultrasound) | El Nile Company |
| OLYMPUS (Endoscopes) | Scientific Company |
| DRAEGER          (Anaesthesia machines, Ventilators, Incubators) | Life Care |
| ENRAF (Physiotherapy) | High Tech |
| B.BROWN (Dialysis) | High Tech |
| SUBTIL (Sterilzers) | High Tech |
| ALM (Operating Theatre Lamps) | Egyptian Group |
| OLDELFT          (Mass-Chest Radiography) | Unknown |
| ALVAR (ECG & EMG) | Unknown |

166, El-Hegaz St., Heliopolis - Cairo - Tel.: (202) 6245 090 / 6240 591 Fax: (202) 6240 591
١٦٦ شارع الحجاز – مصر الجديدة – القاهرة – تليفون: ٦٢٤٥.٠٩١ / ٦٢٤٥.٠٩٠ (٢٠٢) فاكس : ٦٢٤٥.٠٩١ (٢٠٢)
E-mail: info@technowave-eg.com

Techno Wave



2.4 In addition, Medequip's backlog turnkey projects were transferred to different turnkey contractors such as:

- Wadi El Nile
- High Tech
- International Company
- Alkan Medical
- Tanmeya Omraneya

2.5 Accordingly, Technowave did not succeed Medequip in any of the latter's businesses. In fact, Technowave is the distributor of the following brands:

| Laboratories Division | Medical Division |
|---|---|
| LABTECH: Laboratory and scientific equipment – introduced to the Egyptian market by TechnoWave | Datascope: Intensive care monitors – Distribution was handled previously by BM Egypt |
| DIAGON: Hematology reagents. Distribution was handled previously by a company called Biosystems | EPOS: Surgical instruments - introduced to the Egyptian market by TechnoWave |
| APEL: Laboratory instruments. Distribution was handled previously by several different companies. | SAI: Medical gases - introduced to the Egyptian market by Techno wave |
| E77: Blood glucose meters. | |
| DAS: Laboratory Elisa instruments | |
| MICROM: Histopathology laboratory instruments. | |
| AUXILAB: Microscopes and Laboratories instruments | |

None of the above suppliers were directly or indirectly related or involved in the Lakah's business or group of companies.

166, El-Hegaz St., Heliopolis - Cairo - Tel.: (202) 6245 090 / 6240 591 Fax: (202) 6240 591

١٦٦ شارع الحجاز – مصر الجديدة – القاهرة – مصر – تليفون: ٦٢٤٥٠٩٠/ ٦٢٤٥٠٩١ (٢٠٢) فاكس : ٦٢٤٠٥٩١ (٢٠٢)

E-mail: info@technowave-eg.com



2.6 Furthermore, under both Section 1005 (f) of the Indenture dated December, 8, 1999 ("Indenture") and Article 14 of the Terms and Conditions of the Bonds ("Terms and Conditions"), subject matter of the present arbitral proceedings, succession is limited to the cases specifically defined in the Indenture and the Terms and Conditions according to which neither the Issuer nor any Guarantor shall, except as permitted by the Trustee or an extraordinary resolution of holders, consolidate with or merge into any other Person or convey or transfer in one transaction or a series of transactions all or substantially all of its properties or assets to any other Person unless the Person formed by the said consolidation or merger or conveyance or transfer, **agrees in writing** to assume the obligation to make due and punctual payment of all amounts payable under the Bonds and the Guarantee (as the case may be) and all other obligations of the Issuer or such Guarantor as the case may be under the Bonds, the Guarantee and the Indenture.

2.7 Moreover, under Section 15 of the Guarantee, also subject matter of the present arbitral proceedings, no Guarantor may transfer or assign any of its obligations under this Guarantee **without the prior written consent of the Trustee**, which consent may be given or withheld in the sole and absolute discretion of the Trustee. Accordingly, under all relevant contractual provisions, Technowave could not possibly be deemed the successor of Medequip.

Based on all the above, Technowave submits that it lacks legal standing as a respondent in the above-mentioned arbitral proceedings. The Claimants are, in fact, trying to drag Technowave into an arbitration to which it did not agree, by filing claims arising out of contractual documents to which it is not a party. Actually, all claims filed under the Demand for Arbitration arise out of alleged breaches attributable to the Lakah's, to the Lakah Group or to Medequip, with whom Technowave has no legal, contractual or factual relationship.

166, El-Hegaz St., Heliopolis - Cairo - Tel.: (202) 6245 090 / 6240 591 Fax: (202) 6240 591

١٦٦ شارع الحجاز – مصر الجديدة – القاهرة – مصر – تليفون: ٦٢٤٥٠٩١ / ٦٢٤٠٥٩٠ (٢٠٢) فاكس : ٦٢٤٠٥٩١ (٢٠٢)

E-mail: info@technowave-eg.com

Techno **Wave**

Consequently, Technowave, respectfully requests the Arbitral Tribunal to:

1- **Declare that it has no jurisdiction over the claims filed by the Claimants against Technowave.**

2- **Rule on Technowave's present objections to the Arbitral Tribunal's jurisdiction as a preliminary matter, in accordance with AAA Commercial Arbitration Rule R-7 (c).**

Moreover, Technowave reserves its right to seek compensation against the Claimants, including under their respective jurisdictions, to cover all material and moral damages caused thereto due to the abusive nature of the present arbitral proceedings and to the false accusations contained in the Demand for Arbitration regarding Technowave.

Best regards,

TechnoWave For Trading Company, S.A.E.

ENG. MOHAMED KHADR
CHAIRMAN

166, El-Hegaz St., Heliopolis - Cairo - Tel.: (202) 6245 090 / 6240 591 Fax: (202) 6240 591
١٦٦ شارع الحجاز – مصر الجديدة – القاهرة – تليفون: ٦٢٤٥٠٩١ / ٦٢٤٠٥٩٠ (٢٠٢) فاكس: ٦٢٤٠٥٩١ (٢٠٢)
E-mail: info@technowave-eg.com

 

### EXHIBIT LIST

1- **Exhibit 1**: English version of the Articles of Association of TechnoWave for Trading Company, S.A.E.

2- **Exhibit 2**: English version of the Extract of the Commercial Register of TechnoWave for Trading Company, S.A.E.

188 on Nov. 12, 2001
The amendment of the capital.

188 on Nov. 12, 2001
The amendment of the address of the firm.

188 on Nov. 12, 2001
The amendment of the affiliate registers.

188 on Nov. 12, 2001
The amendment of the capital.

1897 on Apr. 23, 2002
The amendment of the firm's activity.

1909 on Apr. 24, 2002
The amendment of the registration of a person at the firm.

5750 on Aug. 9, 2004
The amendment of the registration of a person at the firm.

9789 on Nov. 23, 2004
The amendment of the registration of a person at the firm.

2688 on Mar. 27, 2005
The amendment of the registration of a person at the firm.


Name of Extract Applicant :

Due fees amounting to EGP 4.40 have been settled by virtue of
receipt No. 977/3 on Apr. 18, 2006

Dated, Apr. 18, 2006


                              Commercial Register Secretary
                                        (Signed)


Seal : Ministry of Supply & Home Trade
       The Commercial Register

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37, Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

Kami Nemah

## AFFIDAVIT

ARAB REPUBLIC OF EGYPT      }
CITY OF CAIRO      }ss.
EMBASSY OF THE UNITED STATES }
OF AMERICA      }

I, Amany Fouad, affirm that I have full knowledge of the ARABIC and ENGLISH languages, and that I prepared the translation of the attached: ARABIC language document into the: ENGLISH language, and that the translation is accurate and true.

The document is a: _an extract from Commercial register_

Pertaining to: _"Technowave For Trading Company"_

The attachments are ( 11 ) pages including the AFFIDAVIT sheet.

_Amany Fouad_
**Translator's Signature**

Signed and sworn before me on    **1 7 MAY 2007**

Consul of the United States of America
**Nathaniel Turner**
**Consul**
**Embassy of the**
**United States of America**

5

Bureau
St. Heliopolis
388 - 4506219
Sr., Cairo Tel.3922124
True Translation

1

Ministry of Supply & Home Trade
Commercial Registration Administration
Commercial Register General Department
Investment Uniform Commercial Registry Office

Firm Serial No. : 521025872
Apr. 19, 2006

<u>Extract from Commercial Register</u>
<u>No. 6315</u>

(1)

1. a. Deposit No.           : 6896
   b. Date of Deposit       : Dec. 18, 2000
   c. No. Of Registration in the Commercial Register : 6315

2. a. Renewal Application Deposit No.   : 17221
   b. Renewal Application Deposit Date : Dec. 13, 2005

(2)

B. 1. Type of Company : 6896 on Dec. 18, 2000

By virtue of a contract whose signatures are legalized sub.
No. 1493/2000 in accordance with the provisions of Law No.
159/1981 its Executive Regulations.

2. Name of Company or Cooperative Society :
   6896 ob Dec. 18, 2000

TechnoWave for Trading Company

(3)

D. Full Names of Members of the Board of Directors in Joint-
Stock Companies or the Cooperative Society, its Directors,
the Capacity of Each, Date and Place of Birth, Nationality
and the Extent of their Power in Management and Signing :

Ramy Moustafa Fadel, born on Nov. 30, 1963, Egyptian,
General Manager of the branch.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sharif St.

Ahmed Mostafa Safwat, born on Nov. 14, 1954 in Cairo, Egyptian, member of the Board of Directors.

The admittance of two experienced members who do not meet the shares ownership condition.

Heba Mohamed El Semary Mohamed Ibrahim, born on Sept. 7, 1964 in Cairo, Egyptian, member of the Board of Directors.

Ramy Moustafa Fadel Oda Pacha, born on Nov. 30, 1963 in Cairo, Egyptian, member of the Board of Directors.

Mohamed Salah Mostafa Darwish, born on Jan. 14, 1950 in Cairo, Egyptian, member of the Board of Directors.

Mohamed Aly Hamza Khadr, Egyptian, Chairman of the Board of Directors and Managing Director.

Authorizing Mr/Mohamed Aly Hamza Khadr the Chairman of the Board of Directors and Managing Director and Mr/Ramy Moustafa Fadel Oda Pacha a Managing Director to represent the Company before third party and sign before the banks with which the Company deals solely. They shall have the right to sign banking and credit facilities applications, borrow from banks, sign mortgage, collaterals and delivery contracts and sign on behalf of the Company purchase and sale contracts in its name. They shall have all the powers to deal in the name of the Company solely.

Ramy Moustafa Fadel Oda Pacha, born on Nov. 30, 1964 in Cairo, Egyptian, member of the Board of Directors and Managing Director.

Mohamed Salah Mostafa Darwish, born on Jan. 14, 1950 in Cairo, Egyptian, member of the Board of Directors.

Ahmed Mostafa Safwat, born on Nov. 14, 1954 in Cairo, Egyptian, member of the Board of Directors.

Heba Mohamed El Semary Mohamed Ibrahim, born on Sept. 7, 1964 in Cairo, Egyptian, member of the Board of Directors.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124

The acceptance of the resignation of Ahmed Mostafa Safwat, born on Nov. 14, 1954 in Cairo, Egyptian, member of the Board of Directors from the Board of Directors.

Adham Moustafa Fadel Oda Pacha, Egyptian, experienced member of the Board of Directors. He shall have the right to sign on behalf of the Company and before banks solely, as well as sign sale and purchase contracts and others in the name of the Company, borrow for the Company, sign bank and credit facilities and mortgage contracts and sign the Company's amendment contracts. He shall have the right to give proxy to third party in all or some of the aforementioned.

Mohamed Aly Hamza Khadr, Egyptian, Chairman of the Board of Directors and Managing Director. The approval to renew the term of the members of the Board of Directors to three more years and authorizing him to sign the contracts for selling the shares owned by Techno Wave for Trading Company in its contribution to Medical Technology Company.

Ramy Moustafa Fadel, born on Nov. 30, 1963, Egyptian, member of the Board of Directors and Managing Director.

Heba Mohamed El Semary Mohamed Ibrahim, born on Sept. 7, 1964 in Cairo, Egyptian, member of the Board of Directors.

Mohamed Salah Mostafa Darwish, born on Jan. 14, 1950 in Cairo, Egyptian, member of the Board of Directors.

Adham Moustafa Fadel Oda Pacha, Egyptian, member of the Board of Directors.

Mohamed Aly Hamza Khadr, Egyptian, Chairman of the Board of Directors and Managing Director. He shall have the right to sign on behalf of the Company and before banks solely, as well as sign sale and purchase contracts and others in the name of the Company and among its objectives, sign bank and credit facilities and mortgage contracts and sign the Company's amendment contracts. He shall have the right to give proxy to third party in all or some of the aforementioned.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37 Kasr El...

The acceptance of the resignation submitted by Mohamed Salah Mostafa Darwish, born on Jan. 14, 1950 in Cairo, Egyptian, member of the Board of Directors.

The acceptance of the resignation submitted by Adham Moustafa Fadel Oda Pacha, Egyptian, member of the Board of Directors.

Ramy Moustafa Fadel, born on Nov. 30, 1963, Egyptian, member of the Board of Directors.

Mohamed Aly Hamza Khadr, Egyptian, Chairman of the Board of Directors and Managing Director. He and the managing directors shall have the right to sign on behalf of the Company and before banks solely, as well as sign sale and purchase contracts and others for the Company and among its objectives, as well as sign bank and credit facilities and mortgage contracts and sign the Company's amendment contracts. He shall have the right to give proxy to third party in all or some of the aforementioned.

The acceptance of the resignation of Heba Mohamed El Semary Mohamed Ibrahim, born on Sept. 7, 1964 in Cairo, Egyptian, member of the Board of Directors.

Mahmoud Mohamed Aly Saleh, Egyptian, member of the Board of Directors and Managing Director.

Ramy Moustafa Fadel, born on Nov. 30, 1963, Egyptian, member of the Board of Directors.

(4)

B. Objective of Founding the Company or Cooperative Society:

Import, export, marketing, local sale, distribution and commercial agencies; maintenance and training; rendering technical and commercial consultations within the limits of the objectives of the Company, apart from legal consultations; manufacturing; contracting works, including turn-key operations; taking into consideration the provisions of the laws, regulations and resolutions in force; provided getting the licences required for practicing such activities issued.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sharif St. ...

The addition of the service and maintenance of medical equipment.

38510400          The manufacture of surgical and medical equipment

61360200          Export and import

(5)

B. Date of Starting the Company, its Expiry Date and Date of License for Practicing Trade or Approval of Investment Authority :

Twenty five years commencing on Dec. 18, 2000 till Dec. 17, 2025.

(6)

B. Address of the Head Office of the Company or Cooperative Society

37 Street No. 231, Degla, Maadi, Cairo

It has become :

166 El Hegaz St., Heliopolis

(7)

B. Address of the Branch or Agency (In case of registering branch or agency).

37 Street No. 231, Degla

(9)

B. Amount of Capital of Company or Cooperative Society :

6896 on Dec. 18, 2000

Authorized Capital : EGP 5,000,000.00

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

6896 on Dec. 18, 2000

Issued Capital      : EGP 500,000.00

6896 on Dec. 18, 2000

1. Amounts paid thereof.: EGP 50,000.00

2734 on June 3, 2001

1. Amounts paid thereof.: EGP 125,000.00

6084 on Nov. 6, 2001

1. Amounts paid thereof.: EGP 500,000.00

(14)

Margin :

1086 on Feb. 26, 2001
The amendment of the registration of a person at the firm.

1086 on Feb. 26, 2001
The amendment of the registration of a person at the firm.

1086 on Feb. 26, 2001
The amendment of the registration of a person at the firm.

1086 on Feb. 26, 2001
The amendment of the registration of a person at the firm.

1086 on Feb. 26, 2001
The amendment of the registration of a person at the firm.

2734 on June 3, 2001
The amendment of the capital.

6084 on Nov. 6, 2001
The amendment of the capital.

188 on Nov. 12, 2001
The amendment of the address of the firm.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

# AFFIDAVIT

ARAB REPUBLIC OF EGYPT      }
CITY OF CAIRO      }ss.
EMBASSY OF THE UNITED STATES   }
OF AMERICA      }

I, Amany Fouad, affirm that I have full knowledge of the ARABIC and ENGLISH languages, and that I prepared the translation of the attached: ARABIC language document into the: ENGLISH language, and that the translation is accurate and true.

The document is a: *A "Companies Sheet"*

Pertaining to: *"Technoware Trading Company"*

The attachments are (75) pages including the AFFIDAVIT sheet.

*Amany Fouad*
**Translator's Signature**

Signed and sworn before me on    1 7 MAY 2007

Consul of the United States of America

**Nathaniel Turner**
**Consul**
**Embassy of the**
**United States of America**

Translation
O NEMAH *Kemi Nemal*
erif,St. Heliopolis
567808 - 4506219
El Nil.St., Cairo Tel.3922124
Accurate True Translation

1

MINISTRY OF Economy & Foreign Trade
Companies Organization

Companies Sheet

Bulletin No. 12, January 2001

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation
*Kemi N. ...*

Ministry of Economy & Foreign Trade
Companies Organization

COMPANIES SHEET

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

3

MINISTRY OF ECONOMY & FOREIGN TRADE
Companies Organization

The Companies Organization has approved the founding of Technowave

Trading Company in accordance with the provisions of Law

No. 159/1981 amended by Law No. 3/1998 on Dec. 5, 2000

Type of Company : Egyptian Joint-Stock Company

The Signatures of the Founders of the Company were Legalized

at : The Companies Authentication Office, by Legalization

Minutes No. 1439/A/2000 on Dec. 5, 2000

The company has been registered at the Commercial Register at

Cairo Office.

No. & date of Registration in the Commercial Register : 6315

on Dec. 18, 2000

Accordingly, it has been decided to publish the Company's

Memorandum of Association and its Articles of Association

as indicated hereinafter in this Sheet.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

4

Memorandum of Association
Of TechnoWave Trading Company
Egyptian Joint-Stock Company

On Thursday, Nov. 23, 2000 this Memorandum has been drawn by and between the signatories hereunder :

| Name & Nationality | Profession | Date of Birth | I.D. | Domicile |
|---|---|---|---|---|
| 1. Heba Mohamed El Semary Mohamed Ibrahim – Egyptian | General Manager of Sherif Hammouda office for Financial Consultations (Limited Liability Co.) | Sept. 7, 1964 | Passport no. 1288766 | 10 A St. 251, Degla, Maadi |
| 2. Ramy Moustafa Fadel Oda Pacha – Egyptian | Free Engineer | Nov. 30, 1963 | Passport No. 5944 | 39 Ramsis St., Heliopolis |
| 3. Mohamed Aly Hamza Khadr – Egyptian | Free Engineer | Nov. 13, 1963 | Passport No. 178 | 4 El Bayrouny St., Heliopolis |
| 4. Mohamed Salah Mostafa Darwish – Egyptian | Manager of Samarco Int. Co. | Jan. 14, 1950 | Passport No. 728582 | Mahalet Demna, Mansoura, Dakahleya |
| 5. Ahmed Mostafa Safwat – Egyptian | Owner of Safwat Corporation | Oct. 14, 1954 | Family I.D. No. 31264/ Azbakeya | 3 July 23rd St., Azbakeya |

**Authorship & Translation**
Scientific Bureau
**FOUAD NEMAH**
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

## Article 1

The signatories to this memorandum hereby declare that they are all qualified to found the Company and that no previous judicial convictions of criminal, breach of honor misdemeanor or any of the penalties stipulated in Articles 89, 162, 163 and 164 of Law No. 159/1981 have been issued against any of them during the five years preceding submitting the application for founding (unless he has been rehabilitated), and that they do not work for the Government, Public Sector or Public Business Sector.

The founders undertake to settle at least the residual of the quarter of the issued capital within three months at most from the date of founding the Company in accordance with the provisions of Law No. 3/1998 in connection with amending some provisions of Law No. 159/1981.

They have agreed to found an Egyptian Joint-Stock Company by virtue of a license from the Government of the Arab Republic of Egypt in accordance with the provisions of the laws in force, and in accordance with the provisions of the Law of Joint-Stock Companies, Partnerships Limited by Shares and Limited Liability Companies issued by Law No. 159/1981 and its Executive Regulations and the Articles of Association annexed to this Memorandum, taking into consideration the provisions of Law No. 95/1992 and its Executive Regulations.

## Article 2

Name of the Company : TechnoWave Trading Company,
                      Egyptian Joint-Stock Company

## Article 3

Objective of the Company :

1. Import, export, marketing, local sale, distribution and commercial agencies
2. Maintenance and training.
3. Render technical and commercial consultations within the limits of the objectives of the Company, apart from legal consultations.
4. Manufacturing.
5. Contracting works, including turn-key operations.
   Taking into consideration the provisions of the laws, regulations and resolutions in force; provided getting the licences required for practicing such activities issued.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506310

The Company may have interest or contribute in any way to companies and others which practice businesses similar to its own, or which may assist it in achieving its objective in Egypt or abroad. It may also merge into them, buy them or adjoin them to it in accordance with the provisions of the Law and its Executive Regulations.

### Article 4

The Company's Head Office and legal domicile shall be in the City of Cairo, Cairo Governorate.

The Board of Directors may establish branches, offices or agencies therefor in Egypt or abroad.

### Article 5

The period fixed for this Company is twenty five years commencing on the date in which the Company acquires the corporate body.

### Article 6

The Company's authorized capital has been fixed in the sum of EGP 5,000,000.00 (five million Egyptian pounds), and the Company's issued capital has been fixed in the sum of EGP 500,000.00 (five hundred thousand Egyptian pounds) distributed among 50000 (fifty thousand) shares; the value of each share amounting to EGP 10 (ten Egyptian pounds), all being cash shares.

### Article 7 (BIS)

The capital of the company comprises fifty thousand nominal share. Subscription for the capital was carried out as follows :

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

7

| Name & Nationality | No. of Shares | | Nominal Value | Currency of Settlement | Rate of Contribution |
|---|---|---|---|---|---|
| | In Kind | Cash | | | |
| **Founders :** | | | | | |
| 1. Heba Mohamed El Semary Mohamed Ibrahim – Egyptian | | 2500 | 25000 | EGP | 5% |
| 2. Ramy Moustafa Fadel Oda Pacha – Egyptian | | 10000 | 100000 | EGP | 20% |
| 3. Mohamed Aly Hamza Khadr – Egyptian | | 10000 | 100000 | EGP | 20% |
| 4. Mohamed Salah Mostafa Darwish – Egyptian | | 2500 | 25000 | EGP | 5% |
| 5. Ahmed Mostafa Safwat – Egyptian | | 2500 | 25000 | EGP | 5% |
| **Subscribers :** | | | | | |
| 1. Heba Mohamed El Semary Mohamed Ibrahim – Egyptian | | 2500 | 25000 | EGP | 5% |
| 2. Ramy Moustafa Fadel Oda Pacha – Egyptian | | 2500 | 25000 | EGP | 5% |
| 3. Mohamed Aly Hamza Khadr – Egyptian | | 15000 | 150000 | EGP | 30% |
| 4. Mohamed Salah Mostafa Darwish – Egyptian | | 1250 | 12500 | EGP | 2.5% |
| 5. Ahmed Mostafa Safwat – Egyptian | | 1250 | 12500 | EGP | 2.5% |
| TOTAL | | 50000 | 500000 | | 100% |

The rate of contribution Egyptians amounts to 100%. The subscribers have paid 10% of the total nominal value amounting to (fifty thousand Egyptian pounds) which was deposited at the Egyptian American Bank, Maadi Branch authorized to receive public subscriptions. This sum should not be withdrawn except after the Company acquires the corporate body.

### Article 8

The signatories to this Memorandum hereby undertake to seek the obtainment of the approval of the Companies Organization to found the company, and carry out all procedures required to complete its founding. For the sake of the foregoing they have given proxy to Mr/Sherif Mohamed Hammouda or whoever acts on his behalf to carry out publishing and registering in the Commercial Registry, take all legal proceedings, complete all required documents and introduce the amendments deemed necessary by the competent entities whether into this Memorandum or the Company's Articles of Association enclosed, and deliver all documents to the Board of Directors.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH

8

## Article 9

The Company shall comply with paying all expenses, wages and costs spent on founding the Company as debit to the General Expenses Account.

## Article 10

This Memorandum has been drawn up in the City of Cairo, Arab Republic of Egypt on ..... (Day) of ........ (Month), 141. (Hijra), corresponding to Nov. 6, 2000 (A.D.) in 5 copies; a copy delivered to each party and the remaining copies to be presented to the competent entities in order to get the resolution licensing the founding issued.

### Founders' Signatures

| Name & Nationality | Domicile | |
|---|---|---|
| 1. Heba Mohamed El Semary Mohamed Ibrahim – Egyptian | 1A St. 251, Degla, Maadi | |
| 2. Ramy Moustafa Fadel Oda Pacha – Egyptian | 39 Ramsis St., Heliopolis | |
| 3. Mohamed Aly Hamza Khadr – Egyptian | 4 El Bayrouny St., Heliopolis | |
| 4. Mohamed Salah Mostafa Darwish – Egyptian | Mahalet Demna, Mansoura, Dakahleya | |
| 5. Ahmed Mostafa Safwat – Egyptian | 3 July 23rd St., Azbakeya | |

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

## The Articles of Association
## Of TechnoWave Trading Company
## Egyptian Joint-Stock Company

### Part One
### Founding the Company

### Article 1

The Company has been founded pursuant to the provisions of the laws in force in the Arab Republic of Egypt and pursuant to the provisions of the Law of Joint-Stock Companies, Partnerships Limited by Shares and Limited Liability Companies issued by Law No. 159/1981 and its Executive Regulations and the following Articles of Association, an Egyptian Joint-Stock Company by the terms and conditions prescribed hereunder; taking into consideration the provisions of Law No. 95/1992 and its Executive Regulations.

### Article 2

<u>Name of the Company</u> : TechnoWave Trading Company
(Egyptian Joint-Stock Company).

### Article 3
### Objective of the Company

1. Import, export, marketing, local sale, distribution and commercial agencies
2. Maintenance and training.
3. Render technical and commercial consultations within the limits of the objectives of the Company, apart from legal consultations.
4. Manufacturing.
5. Contracting works including turn-key operations.

Taking into consideration the provisions of the laws, regulations and resolutions in force; provided getting the licences required for practicing such activities issued.

The Company may have interest or contribute in any way to companies and others which practice businesses similar to its own, or which may assist it in achieving its objective in Egypt or abroad. It may also merge into them, buy them or adjoin them to it in accordance with the provisions of the Law and its Executive Regulations.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St. Heliopolis
Tel. 2567808 • 4506219

10

## Article 4

The Company's Head Office and legal domicile shall be in the City of Cairo, Cairo Governorate.

The Board of Directors may establish branches, offices or agencies therefor in Egypt or abroad.

## Article 5

The period fixed for this Company is twenty five years commencing on the date in which the Company acquires the corporate body.

## Part Two
## The Capital

## Article 6

The Company's authorized capital has been fixed in the sum of EGP 5,000,000.00 (five million Egyptian pounds), and the Company's issued capital has been fixed in the sum of EGP 500,000.00 (five hundred thousand Egyptian pounds), distributed among 50000 shares (fifty thousand shares), the value of each amounting to EGP 10 (ten Egyptian pounds); all being cash shares.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

*Karim Nemah*
17/5/2007

11

## Article 7

The capital of the Company comprises 50000 nominal shares. Subscription for the capital was carried out as follows :

| Name & Nationality | No. Of Shares | | Nominal Value EGP | Currency of Settlement | Rate of Contribution |
|---|---|---|---|---|---|
| | In Kind | Cash | | | |
| **Founders :** | | | | | |
| 1. Heba Mohamed El Semary Mohamed Ibrahim - Egyptian | | 2500 | 25000 | EGP | 5% |
| 2. Ramy Moustafa Fadel Oda Pacha - Egyptian | | 10000 | 100000 | EGP | 20% |
| 3. Mohamed Aly Hamza Khadr - Egyptian | | 10000 | 100000 | EGP | 20% |
| 4. Mohamed Salah Mostafa Darwish - Egyptian | | 2500 | 25000 | EGP | 5% |
| 5. Ahmed Mostafa Safwat - Egyptian | | 2500 | 25000 | EGP | 5% |
| **Subscribers :** | | | | | |
| 1. Heba Mohamed El Semary Mohamed Ibrahim - Egyptian | | 2500 | 25000 | EGP | 5% |
| 2. Ramy Moustafa Fadel Oda Pacha - Egyptian | | 2500 | 25000 | EGP | 5% |
| 3. Mohamed Aly Hamza Khadr - Egyptian | | 15000 | 150000 | EGP | 30% |
| 4. Mohamed Salah Mostafa Darwish - Egyptian | | 1250 | 12500 | EGP | 2.5% |
| 5. Ahmed Mostafa Safwat - Egyptian | | 1250 | 12500 | EGP | 2.5% |
| | | 50000 | 500000 | EGP | 100% |

The founders and subscribers have paid 10% of the share upon subscription. The rate of contribution amounts to 100%.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif.St. Heliopolis
Tel. 2567808 - 4506219

12

## Article 8

Shares certificates shall be extracted from a book with counterfoils, shall be given serial numbers and shall be signed by two members of the Board of Directors to be appointed by the Board, and stamped by the seal of the company.

The share must particularly mention the name of the Company which issued it, its legal entity, the address of its head office, its objective in brief, its duration, date, number and place of its registration in the Commercial Register, value of the capital and number of shares over which it is distributed, the kind of share, its properties, nominal value, the amount paid thereof and the name of the owner in nominal shares.

Shares shall have serial numbered coupons which shall also indicate the number of the share. Shares certificates may be extracted in the category of one share or five shares or their multiples.

## Article 9

The balance of the value of each share must be paid within a maximum period of five years from the date of founding the company on the dates and by the method designated by the Ordinary General Assembly, provided that such dates would be announced at least fifteen days ahead of their arrival. Paid amounts shall be recorded on the shares certificates, and each share which has not been correctly annotated to the effect of settling all amounts due shall inevitably be abrogated from trading.

Any amount due for settlement in respect of the remaining value of the share, the payment of which is delayed beyond the date specified therefor, shall bear interest in favor of the Company at the rate of 7% annually as from the date such amount falls due, in addition to the indemnities entailing from the foregoing.

The Company's Board of Directors shall be entitled to sell these shares for the account of the shareholder who defaults in payment, at his financial obligation and at his responsibility after the lapse of at least sixty days from the date of notifying him of the foregoing, after taking the following measures :

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219

A. warn the defaulting shareholder by virtue of registered mail to his address indicated in the Company's registers and the lapse of sixty days from the foregoing.

B. Advertise in one of the daily newspapers or the Companies Sheet the numbers of shares which owners have defaulted in settling their value.

C. Furnish the shareholder, by virtue of registered mail, with a copy of the advertisement and the issue of the newspaper or sheet in which it was published and the lapse of fifteen days from that date.

The Board of Directors of the company shall deduct from the proceeds of sale the claims due to the company comprising the principal, interests and expenses, after which the account of the shareholder whose shares were sold shall be settled either by refunding any excess or claiming him for the difference in case of deficit.

The resort of the Company to use its right prescribed in the previous paragraph shall not prejudice the right of the Company - at the same time or at any time thereafter - to resort to all rights and other guarantees authorized by the laws.

Certificates of shares sold in this manner shall inevitably be abrogated, and the Stock Exchange wherein the shares of the Company are listed shall be informed of the foregoing; provided that new certificates in substitution of the previous ones would be delivered to the buyers bearing the same numbers of the old certificates, and mentioning that they are substitutes to the abrogated certificates.

### Article 10

Transferring the ownership of shares that are listed on the Stock Exchange shall be carried out by finalizing their listing for trade at the Stock Exchange by the methods prepared for the foregoing. As for the ownership of nominal shares that are not listed at the Stock Exchange, they shall be transferred by notifying the Stock Exchange of the disposal and completing its listing therein.

The ownership of bearer shares - if any - shall be transferred by the transfer of their possession.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St. Heliopolis
Tel. 2567808 - 4506219

14

It shall be imperative upon the Company to establish the transfer of ownership in its registers within one week at most from the date of being notified to do so by the Stock Exchange.

And although the assignment has taken place and is registered at the Stock Exchange and in the Company's register, both the original subscribers and the subsequent assignors shall remain jointly liable among themselves with their assignees for the amounts still outstanding of the value of shares so assigned until the value of shares has been settled.

In all cases the joint liability shall lapse after two years from the date of establishing the transfer of ownership in the Stock Exchange.

As regards the devolvement of shares to third party by inheritance or legacy, the heir or the legatee must request registering the transfer of ownership at the Stock Exchange.

If the transfer of the share's ownership was in execution of a final ruling, registration in the registers shall be carried out according to this ruling pursuant to submitting the documents evidencing the foregoing.

In all cases the share shall be annotated to the effect of the transfer of ownership in the name of the new owner.

### Article 11

The shareholder shall only be liable to the value of each one of his shares, and his obligations may not be increased. All shares of the same type shall be subject to the same obligations.

### Article 12

Ownership of the share shall inevitably entail accepting the company's Articles of Association and the resolutions of its General Assembly.

### Article 13

Each share shall be indivisible

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

15

## Article 14

Neither the heirs of a shareholder nor his creditors may, for any reason, demand that the company's books, portfolios or properties be sealed, ask to divide the company, nor its sale it in whole by reason of indivisibility, nor shall they interfere in any way in the management of the company.

In exercising their rights, they must depend on the company's inventory lists, its final accounts and the resolutions of the General Assembly.

## Article 15

Each share shall rank pari passu with each other share of the same kind, without any preference in dividing the profits, and in the ownership of the company's assets upon liquidation.

## Article 16

Dividends due on the share shall be paid to the last owner whose name is registered in the company's register who shall be the only one entitled to receive all sums due for the share whether such sums represent profit quotas or a share in the company's assets.

## Article 17

The company's capital may be increased by issuing new shares in accordance with the provisions of Articles from 17 to 33 of the Executive Regulations of Law No. 95/1992. The company's capital may be also decreased in accordance with the provisions of Law No. 159/1981 and its Executive Regulations.

## Article 18

If the capital was increased by virtue of cash shares the existing shareholders shall have the priority in subscribing for the shares of increase each pro rata the number of shares he owns.

Existing shareholders shall be notified of the issuance of the shares of increase if special priority rights have been decided for them either by publishing or registered mail as the case may be, in accordance with the stipulations of the Executive Regulations, together with granting existing shareholders a grace period for subscribing not less than thirty days from the date of opening the door for subscription.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St. Heliopolis

## Article 19

In case of increasing the capital, the Extraordinary General Assembly may decide priority rights in subscription for the shares of increase to existing shareholders each pro rata the value of shares he holds, provided that all shareholders of the same rank would enjoy such rights.

### Part Three
### Bonds & Debentures

## Article 20

The Company, by virtue of a resolution from the Extraordinary General Assembly, may decide to issue bonds or various financing debentures to face its financing requirements or to finance a specific activity or operation, provided that the issued capital would be paid up in full and provided that their value would not exceed the net assets of the company according to what is determined by the Accounts Controller and according to the last balance sheet approved by the General Assembly.

The resolution of the Extraordinary General Assembly of the Company shall include the value of the bonds or debentures, the conditions of their issuance, the extent of their convertibility into shares, the return yielded by the bond or debenture and the basis of its calculation. The said resolution may also include the total value of bonds or debentures and their guarantees and sureties, together with authorizing the Board of Directors of the Company to determine the other conditions related thereto. Such papers must be issued before the end of the financial year following the resolution of the Extraordinary General Assembly deciding their issuance.

### Part Four
### Managing the Company
### Chapter One
### The Board of Directors of the Company

## Article 21

The company shall be managed by a Board of Directors comprising at least three members and at most nine members to be appointed by the General Assembly, provided that each member shall own a number of company's shares whose value shall not be less than five thousand Egyptian pounds.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel 2667888 - 4506218

As an exception to the foregoing appointment procedure, the founders have appointed the first Board of Directors of five, namely:

17

| Name & Nationality | Profession | Companies Wherein he/she Worked During the Last Three Years | Domicile | Signature |
|---|---|---|---|---|
| 1. Heba Mohamed El Semary Mohamed Ibrahim - Egyptian | General Manager | Sherif Hammouda Office for Financial Consultations (Limited Liability Co.) | 10 A St. 251, Degla, Maadi | |
| 2. Ramy Moustafa Fadel Oda Pacha - Egyptian | Free Engineer | Financial Consultations Holding Co. | 39 Ramsis St., Cairo | |
| 3. Mohamed Aly Hamza Khadr - Egyptian | Free Engineer | Finnancial Consultations Holding Co. | 4 El Bayrouny St., Near Baron Palace, Heliopolis | |
| 4. Mohamed Salah Mostafa Darwish - Egyptian | Manager of Samarco International Company | Samarco International Company | Mahalet Demna, Mansoura, Dakahleya | |
| 5. Ahmed Mostafa Safwat - Egyptian | Owner of Safwat Corporation | Safwat Corporation | 3 July 23rd St., Azbakeya | |

A maximum of two experienced members may be added who do not meet the condition of shares ownership

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37, Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

said individuals hereby declare that no previous convictions of criminal punishment, a breach of honor misdemeanor or any of the punishments stipulated in Articles 161, 162, 163 and 164 of Law No. 159/1981 have been issued against any of them during the five years preceding their appointment to the Board of Directors (unless he was rehabilitated), and that they do not work in the Government, the Public Sector or the Public Enterprise Sector, their acceptance of the membership of the Board of Directors and that none of them combines between the membership of the Board of Directors of more than two companies whether in their personal capacity or as proxies of third party, and whoever combines between the membership of the Board of Directors of more than two companies, he shall own in each of them at least ten percent of the company's issued capital.

The members of the Board of Directors undertake to deposit the subscription certificates which replace the qualification shares in one of the accredited banks in application to the provisions of Article 91 of Law No. 159/1981, and Article 241 of its Executive Regulations within one month at most from the date of registering the Company at the Commercial Register. They also undertake to deposit the qualification shares themselves to substitute the said certificates as soon as the shares are issued and submit a certificate of the foregoing to the Companies Organization from the bank in which such certificates shall be deposited.

### Article 22

Members of the Board of Directors shall be appointed for a term of three years. This shall apply to the Board of Directors appointed in the preceding article that shall continue to perform its duties for a term of three years; without prejudice to the right of the corporate body – if any – on the Board of Directors to substitute its representative on the Board in the manner indicated in the Executive Regulations.

### Article 23

Taking into consideration the provisions of Article 245 of the Executive Regulations, the Board of Directors may – in case there are no members to replace the original member – appoint members to fill the vacancies which occur during the year.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif.St. Heliopolis
Tel. 2567808 · 4506219
37. Kasr El Nil St., Cairo Tel.3922124

19

The members appointed in the manner set forth in the preceding paragraph shall assume office immediately until the first meeting of the General Assembly is held, where it may either approve their appointment or appoint other members instead.

Such appointment must be carried out if the number of its members falls short of the quorum for the validity of the meeting of the Board; taking into consideration the provisions of Article 244 of the Executive Regulations..

### Article 24

The Board of Directors shall appoint from among its members a Chairman and may appoint a Vice-Chairman to replace him in case of his absence.

Should both the Chairman and the Vice-Chairman be absent, the Board shall appoint a member to carry out temporarily the duties of the Chairmanship.

### Article 25

The Board of Directors may appoint from among its members one or more Managing Directors, whose powers and remunerations shall be determined by the Board. It may also set up one or more committees from among its members, to which some of the Board's powers may be granted or which may be entrusted with observing the running of work at the Company and the implementation of the decisions of the Board.

### Article 26

The Board of Directors shall hold its meetings at the Company's Head Office at the invitation of the Chairman of the Board or the request of one third of its members whenever the Company's interest call for such meetings. The Board must convene at least four times during each financial year.

The Board may also convene outside the Company's Head Office, provided that all its members would be present or represented at the meeting and provided that such meeting would be in Egypt.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
1 Accurate True Translation

## Article 27

The member of the Board of Directors is entitled, when necessary, to delegate one of his colleagues on the Board to represent him. In such case this member shall have two votes. The representative of the Egyptian member must also be Egyptian.

A member of the Board of Directors may not be a delegate for more than one member. In all cases the number of delegates votes must not exceed one third of the attending votes.

## Article 28

The meeting of the Board shall not be valid unless attended by at least the majority of the number of members; taking into consideration the provisions of Article 245 of the Executive Regulations of Law no. 159/1981.

## Article 29

Decisions of the Board of Directors shall be issued by at least the majority of the number of votes of the members attending and represented in the meeting.

## Article 30

Taking into consideration the provisions of Articles from 96 to 101 of the Law of Joint-Stock Companies, Partnerships Limited by Shares and Limited Liability Companies referred to and its Executive Regulations, the Board of Directors shall have the widest powers in managing the company, with the exception of those matters explicitly reserved by the Articles of Association for the General Assembly. Without limitation to such powers, it may take all actions, lay down the regulations relating to the administrative, financial and personnel affairs, and the financial treatment of the staff. The Board shall also lay down special regulations for organizing its businesses, meetings and the distribution of powers and responsibilities.

## Article 31

The Chairman of the Board of Directors shall represent the company before Courts and third party.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219

21

### Article 32

The Chairman of the Board of Directors, the Managing Directors and any other member delegated by the Board for this purpose, shall each have the right to sign solely on behalf of the company.

The Board of Directors shall have the right to appoint several managers or authorized agents and empower them also to sign on behalf of the company severally or jointly.

### Article 33

Members of the Board of Directors, upon carrying out the duties of their positions within the limits of their mandate, shall not bear any responsibility in respect of the obligations of the Company.

### Article 34

The remuneration of the Board of Directors shall comprise the percentage stipulated in Article (56) of these Articles of Association, and the attendance allowance which value the General Assembly shall determine every year.

### Chapter Two
### The Auxiliary Administrative Committee

### Article 35

The Board of Directors shall set up an Auxiliary Administrative Committee from among the staff.

The said committee shall be competent with studying all matters relating to the study of the programs of the Company's work force taking into consideration the right economic management, as well as all what is related to the staff affairs, programs, plans and rules determining wages and salaries, in addition to other matters as may be referred to it by the Board of Directors or the Managing Director.

The committee shall table its recommendations and the results of its studies before the Board of Directors.

The Chairman of the Committee shall attend the meetings of the Board of Directors and shall have a countable vote in deliberations.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506219

## Article 36

The Committee shall appoint from among its members a Chairman, and in the event of his absence it shall appoint the member who shall assume temporarily the duties of the Chairmanship.

The meetings of the Committee shall be attended by the Managing Director or whoever he delegates from among the members of the Board of Directors, and a number of Senior Executives of the Company to be selected by the Board of Directors without having a countable vote in deliberations.

## Article 37

The Board of Directors shall assume laying down the terms and conditions governing the selection of the members of the Auxiliary Administrative Committee, the term of membership, the method of renewal of membership, the system of its work and the remuneration of its members. The Committee shall convene at least once every two months, and its meetings shall not be valid unless attended by at least one third of the members.

Decisions shall be issued by at least the majority of members attending and represented in the meeting, and in the event of equality of votes the Chairman or his deputy shall have the casting vote.

## Article 38

The Committee shall draw up an annual report in the course of the Company's financial year to be tabled before the Board of Directors, indicating therein the subjects referred to it, its recommendations in their concern and the proposals it deems appropriate to be put forward before the Board, the implementation of which shall achieve the Company's interests.

## Part Five
## The General Assembly

## Article 39

The General Assembly shall represent all shareholders, and it may only convene in the City of Cairo or the City of Giza.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 · 4506219
37. Kasr El Nil St., Cairo Tel.3922124
✒ Accurate True Translation ✒

23

## Article 40

Each shareholder shall be entitled to attend the Shareholders' General Assembly either in person or by delegating another. A shareholder who is not a member of the Board of Directors may not delegate one of the members of the Board of Directors to attend the General Assembly.

To be valid, a proxy must be established by means of a written Power of Attorney, and the proxy be a shareholder.

A shareholder may not represent in the meeting of the General Assembly of the Company by way of proxy a number of votes exceeding ten percent of the total nominal shares of the capital of the Company, and not exceeding twenty percent of the shares represented in the meeting.

The Board of Directors must be represented at the General Assembly by no less than the quorum required for the validity of its meetings in cases other than when the number of members of the Board of Directors falls below that. Members of the Board of Directors may not fail to attend the General Assembly except by an acceptable excuse.

In all cases the meeting shall not be invalidated if attended by at least three members of the Board of Directors among whom shall be the Chairman or the Vice-Chairman or one of the Managing Directors, provided however that all the other conditions for holding the meeting stipulated by the Law and by the Executive Regulations are met.

## Article 41

Shareholders who desire to attend the General Assembly shall have to prove that they have deposited their shares at the Company's Head Office or at one of the accredited banks at least three full days prior to the convening of the General Assembly. It shall be unallowable to register any transfer of shares in the Company's register effective the date of publishing the invitation for convening till the closing of the General Assembly.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

## Article 42

The Ordinary General Assembly of shareholders shall convene annually on the invitation of the Chairman of the Board of Directors, at the place and date determined in the invitation notification, within a maximum period of the three months following the end of the Company's financial year.

The Board of Directors may decide to invite the General Assembly whenever necessity calls for doing so.

It shall be imperative upon the Chairman of the Board of Directors to call the Ordinary General Assembly to convene if requested to do so by the Accounts Controller, or by a number of shareholders representing at least 5% of the Company's capital, provided that they indicate the reasons behind their request and deposit their shares at the Head Office of the Company or at one of the accredited banks. Such shares may not be withdrawn except after the closing of the Assembly.

The Accounts Controller or the competent administrative entity may call the Ordinary General Assembly to convene whenever the Board of Directors show leniency in addressing the invitation despite the need to do so and the lapse of one month from the occurrence of the incident or the start of the date on which the invitation to convene should be addressed.

The competent administrative entity may invite the General Assembly to convene if the number of members of the Board of Directors falls short of the minimum required to achieve quorum, or if the members complementing such number refrain from attending. In all cases expenses relating to the invitation shall be borne by the company.

## Article 43

The Ordinary General Assembly of the Company shall convene at least once every year during the three months following the end of the financial year to look in particular into the following matters :

A. The report of the Accounts Controller.
B. The report of the Board of Directors of the Company on its activity.
C. The endorsement of the financial statements.
D. The approval to distribute the profits.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124

The fixation of the remunerations and allowances of the Board of Directors.
The appointment of the Accounts Controller and the fixation of his fees.
The election of the members of the Board of Directors when necessary.

### Article 44

It shall be imperative upon the Board of Directors to prepare for every financial year – within a period of two months at most effective the expiry date of the Company's financial year – the Company's financial statements and a report on its activity during the financial year and its financial position at the end of the same year. Such documents shall be placed at the disposal of the Accounts Controller at least two weeks prior to publishing them. All this pursuant to the terms, conditions and data determined by the Executive Regulations of Law No. 95/1992.

It shall be imperative to publish the financial statements and an adequate summary of the activity report as well as the full wording of the report of the Accounts Controller in two daily newspapers at least two weeks prior to the convening of the General Assembly.

It may be sufficient however to send a copy of the papers mentioned in the first paragraph to every shareholder by registered mail with acknowledgment of receipt at least two weeks prior to the date of convening of the General Assembly

A copy of what is published and sent to the shareholders shall be forwarded to the Capital Market Authority and the Companies Organization.

### Article 45

The notification inviting the General Assembly to convene must be published twice in two daily newspapers, provided that the second one would be published after the lapse of at least five days from the date of the publishing the first one.

It may be sufficient however to send the invitation notification to the shareholders at their addresses established in the Company's registers by registered mail or by delivering the notification to the shareholders by hand in return for the signature.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
16(a) Sherif.St. Heliopolis

... or what is published or served to the shareholders in the manner indicated in Articles 44 and 45 shall be sent to the Companies Organization, the Capital Market Authority and the representative of the Bonds Bearers Group at the same time in which the publish or dispatch to shareholders is effected.

## Article 46

The Ordinary General Assembly shall not be validly held unless attended by shareholders representing at least 50% of the issued capital. In case quorum is not achieved in the first meeting, an invitation must be addressed to the General Assembly for a second meeting to convene within the thirty days following the first meeting.

Invitation to the first meeting may be sufficient if the date of the second meeting is specified therein.

The second meeting shall be deemed validly held irrespective of the number of shares represented therein.

The resolutions of the Ordinary General Assembly shall be adopted by the absolute majority of shares represented in the meeting.

## Article 47

The Extraordinary General Assembly shall be competent with amending the Articles of Association of the Company, taking the following into consideration :

A. The liabilities of shareholders may not be increased, and shall be considered null and void any resolution adopted by the General Assembly entailing the encroachment on the basic rights of the shareholder which he derives in his capacity as a partner.

B. Objectives complementing, related to or close to the Company's original objective may be added.

C. The Extraordinary General Assembly may look into prolonging or shortening the Company's duration, its premature dissolution, changing the rate of loss leading to the mandatory dissolution of the company or its merger.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124

the issued capital, if the Company's losses reach half the issued capital it shall be imperative upon the Board of Directors to take the initiative to invite the Extraordinary General Assembly to look into either dissolving the Company or its continuation.

## Article 48

Taking into consideration the provisions pertaining to the ordinary General Assembly, the following provisions shall apply to the Extraordinary General Assembly :

A. The Extraordinary General Assembly shall convene at the invitation of the Chairman of the Board of Directors. It shall be imperative upon the Chairman of the Board to address the invitation if so requested by a number of shareholders representing at least ten percent of the capital on serious grounds, provided that these shareholders would deposit their shares at the Company's Head Office or with one of the accredited banks. Such shares may not be withdrawn until the closing of the General Assembly.

Should the Board fail to invite the General Assembly within one month from presenting the said request, these shareholders may submit their request to the competent administrative entity which in turn shall carry out addressing the invitation.

B. The Extraordinary General Assembly shall not be validly held unless attended by shareholders representing at least 50% of the capital. Should the minimum number fail to attend the first meeting, then an invitation must be addressed for a second meeting to convene within thirty days following the first meeting.

The second meeting shall be deemed validly held if attended by a number of shareholders representing al least one 50% of the capital.

C. Resolutions of the Extraordinary General Assembly shall be adopted by at least the majority of two thirds of the shares represented in the meeting. However, if the resolution is related to increasing or decreasing the capital, the premature dissolution of the Company, changing its original objective or its merger, then the resolution must be adopted by a majority of at least three quarters of the shares represented in the meeting.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

## Article 49

General Assembly shall only deliberate over items tabled on the agenda of the meeting. Nevertheless, it shall be entitled to discuss grave incidents that unravel themselves in the course of the meeting.

Taking into consideration the provisions of the Law of Joint-Stock Companies, Partnerships Limited by Shares and Limited Liability Companies referred to and its Executive Regulations and Article 52 of these Articles of Association, the resolutions adopted by the General Assembly shall be binding on all shareholders whether they attend the meeting where such resolutions are issued, are absent or dissidents.

It shall be imperative upon the Board of Directors to implement the resolutions of the General Assembly.

### Article 50

The names of attending shareholders shall be recorded in a special register establishing their attendance and whether in person or by proxy. This register shall be signed prior to the start of the meeting by the Accounts Controller and the tellers.

Every shareholder attending the General Assembly shall be entitled to discuss the subjects listed on the agenda and to question the members of the Board of Directors and the Accounts Controller in connection therewith.

The questions must be submitted in writing to the Head Office of the Company by registered mail or handed against receipt, at least three days prior to the convening of the General Assembly.

The Board of Directors shall answer the questions raised by the shareholders and their queries to the extent that the interests of the Company and the public interest are not exposed to any harm. Should the shareholder find the answers unsatisfactory, he may refer to the General Assembly whose decision shall be enforceable.

Authorship & Translation

Scientific Bureau

**FOUAD NEMAH**

14(a) Sherif,St. Heliopolis

Tel. 2567808 - 4506219

37. Kasr El Nil St., Cairo Tel.3922124

Accurate True Translation

...in the General Assembly shall be held in public. It shall be held by ballot if the resolution is concerned with the election of the members of the Board of Directors, their dismissal, filing a liability lawsuit against them, or if this is requested by the Chairman of the Board of Directors or a number of shareholders representing at least ten percent of the votes attending and represented in the meeting.

Members of the Board of Directors shall not be entitled to participate in voting over resolutions of the General Assembly related to fixing their salaries and remunerations, clearing their obligations or discharging their responsibility in respect of management.

### Article 51

Minutes of the meeting shall be drawn up comprising evidence of attendance, the existence of a quorum for the meeting and the attendance of the representatives of the administrative entities and the legal representative of the Bond Bearers Group.

The minutes shall also include an adequate summary of all the discussions of the General Assembly, a record of all what has taken place in the course of the meeting, the resolutions adopted, the number of votes in favor and against, and all that the shareholders may request to be established in the minutes.

Minutes of the meetings of the General Assembly shall regularly be recorded in a special register after each session. The minutes and register shall be signed by the Chairman of the session, the Secretary, the Tellers and the Accounts Controller.

A copy of the General Assembly minutes must be sent to the competent administrative entities within one month at most from the date of its convening.

### Article 52

Without prejudice to the rights of bona fide third party, it shall be considered null and void any resolution adopted by the General Assembly which runs counter to the provisions of the law or the Company's Articles of Association.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

...any resolution adopted for the benefit or harm of a certain category of shareholders or which may confer special ...on the members of the Board of Directors or others ...regard to the interests of the Company, may be invalidated.

...ting invalidation in such case shall only be allowed to shareholders who have objected to the resolution in the ...sion's minutes or those who failed to show up by an acceptable reason. The competent administrative entity may act on their behalf in requesting invalidation if they submit ...ious grounds.

As a result of an invalidation ruling, the resolution shall be deemed non-existent as regards all shareholders, and it shall be imperative upon the Board of Directors to publish a summary of the ruling rendering invalidation in one of the daily newspapers and in the Companies Sheet.

The invalidation lawsuit shall drop after the lapse of one year from the date of issuing the resolution. The filing of the lawsuit shall not entail suspending the implementation of the resolution unless the court rules so.

### Part Six
### The Accounts Controller & Legal Advisor

### Article 53

Taking into consideration the provisions of Articles 103 till 109 of the Law of Joint-Stock Companies, Partnerships Limited by Shares and Limited Liability Companies referred to and its Executive Regulations, the Company shall have one or more Accounts Controllers who meet the conditions stipulated in the Law of Practicing the Accounting and Auditing Profession. He shall be appointed by the General Assembly which shall determine his fees.

As an exception to the foregoing, the founders have appointed Mr/Sherif Mohamed Hammouda, A.A.R. No. 14206, domiciled at Shell Apartment Building, Street No. 254, Degla, Maadi -11431 as the Company's senior controller.

The Accounts Controller shall be questioned about the soundness of the data stated in his report in his capacity as proxy of all shareholders.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif,St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

31

[...] to each shareholder, in the course of the convening [...] General Assembly, to discuss the report of the Accounts [...] and ask him to clarify its contents.

[...] Accounts Controller of the Company hereby declares his [...] of the appointment, and not violating the [...] of Articles 103 to 109 of Law No. 159/1981 and the [...] of the Law of Practicing the Accounting and [...] Profession.

[...] founders have also appointed Mr/Rafik Salah El Din Hassan, [...] lawyer before the Court of Appeal, domiciled at 24 Giza [...] Dokki as the Company's Senior Legal Advisor.

The Legal Advisor also declares his acceptance of the appointment according to the provisions of Article 60 of the Law of Advocacy No. 17/1983.

## Part Seven
## The Company's Year -
### Inventory - Final Accounts
### Reserve Funds - Profits Distribution

### Article 54

The Company's financial year shall commence on the beginning of July and expire at the end of June of each year. However, the first year shall cover the period from the date of the final founding of the Company till the end of June of the following year.

### Article 55

It shall be imperative upon the Board of Directors to prepare for every financial year - at such time as would allow convening the shareholders' General Assembly within three months at most from the date of its end - the Company's financial statements including all the data stated in the Law of Joint-Stock Companies, Partnerships Limited by Shares and Limited Liability Companies referred to and its Executive Regulations.

The Board shall also prepare its report on the Company's activity during the financial year and its financial position at the end of the same year.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel.3922124
Accurate True Translation

## Article 56

The Company's net profits shall be distributed annually after deducting all general expenses and other costs as follows:

1. At first an amount equal to at least 5% of the profits shall be deducted to create the legal reserve. This deduction shall be terminated once the total reserve has reached an amount equal to 50% of the Company's issued capital. In case the said reserve falls below such rate, deduction from the profits shall be resumed.

   The workers shall be entitled to a share in profits which shall be distributed in cash in the manner not less than 10%, provided that it does not exceed the total annual wages of the workers at the Company.

2. The sum required to distribute a first dividend amounting to 5% among the shareholders for the sum paid of the value of their shares and to workers shall be deducted. However, if the Company's profits in one year do not allow the distribution of this share it should not be claimed from the profits of the following years.

3. After the foregoing, 10% of the remaining shall be allocated as remuneration to the Board of Directors.

4. The rest of profits shall then be distributed among the shareholders and the staff - within the limits and rates prescribed in this Article - as an additional share in the profits, or shall be carried forward to the next year pursuant to the proposal of the Board of Directors. It may be used for the formation of extraordinary reserve or extraordinary spending funds.

## Article 57

The reserve shall be used by virtue of a resolution adopted by the General Assembly pursuant to the proposal of the Board of Directors in the best interest of the Company.

## Article 58

Dividends shall be paid to the shareholders at such place and dates as may be determined by the Board of Directors, provided that such payment is not delayed beyond one month effective the date of the resolution of the General Assembly concerning distribution.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif.St. Heliopolis
Tel. 2567808

33

## Part Eight
### Disputes

## Article 59

Any resolution adopted by the General Assembly shall not entail the drop of the civil liability lawsuit against the members of the Board of Directors as a result of the errors they commit in performing their duties; and if the act entailing liability has been put forward before the General Assembly pursuant to a report by the Board of Directors or the Accounts Controller, such lawsuit shall drop by the lapse of one year as from the date of adoption of the General Assembly of the resolution endorsing the report of the Board of Directors.

However, if the act attributed to the members of the Board of Directors constitutes a crime or a misdemeanor, the lawsuit shall only drop by the drop of the public lawsuit.

## Article 60

Without prejudice to the rights of shareholders prescribed by the law, disputes that harm the general and joint interest of the Company may not be filed against the Board of Directors or one or more of its members except in the name of the group of shareholders and by virtue of a resolution adopted by the General Assembly.

Any shareholder who desires to raise a dispute of that sort must notify the Board of Directors of the foregoing at least one month prior to the convening of the following General Assembly. The Board must enlist this proposal on the agenda of the General Assembly.

## Part Nine
### Dissolution & Liquidation Of the Company

## Article 61

The Company shall be dissolved before the expiry of its term in case of losing one half of its capital, unless the Extraordinary General Assembly decides otherwise.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37. Kasr El Nil St., Cairo Tel. 3922124

### Article 62

Taking into consideration the provisions of the Law of Joint-Stock Companies, Partnerships Limited by Shares and Limited Liability Companies referred to and its Executive Regulations, the General Assembly shall appoint one or more liquidators and fix their remunerations.

Such liquidators shall be appointed from among shareholders or others.

In the event a ruling is issued for the dissolution or invalidation of the Company, the Court shall determine the method of liquidation, appoint the liquidator and determine his remuneration.

The task of the liquidator shall not terminate with the death of shareholders, announcing their bankruptcy, their insolvency or their interdiction, even if he was appointed by them.

The Board of Directors mandate shall expire on the appointment of the liquidator.

As for the power of the General Assembly, it shall remain standing throughout the period of liquidation until the liquidators are discharged of their trust.

### Part Ten
### Final Provisions

### Article 63

The fees and expenses paid for founding the Company shall be deducted from the General Expenses Account.

### Article 64

The provisions of Laws Nos. 159/1981 and 95/1992 and their Executive Regulations shall apply to whatever no special stipulation has been mentioned in its concern in these Article of Association.

### Article 65

These Articles of Association shall be deposited and published according to the law.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif, St. Heliopolis
Tel. 2567808 - 4506219
37, Kasr El Nil St., Cairo Tel.3922124