Drägerwerk Aktiengesellschaft · D-23542 Lübeck

By Telefax No. 0020 (2) 417 62 23

Medequip for Trade and Contracting S.A.E.
Mr. Sami Toutoungi
68, Merghany St.
Heliopolis
CAIRO
EGYPT

Dräger - Medequip Joint Venture in Egypt

Dear Mr. Toutoungi,

I am very sorry that I take longer time than expected in finalising the drafts of a Shareholder Joint Venture Agreement and the Articles of Association, but I am facing some problems with our concept which I could not solve so far. I have tried to familiarise myself with a basic knowledge of Egyptian company law and agency law, and I have come to the following difficulty:

Since it is intended that the joint venture company shall be appointed as exclusive distributor for Dräger Medical Products in Egypt, we have to consider the provisions of Law No. 120. I learnt that Law No. 120 stipulates that the Egyptian company, acting as a distributor, has to be wholly owned by Egyptian shareholders, and if such Egyptian shareholder is an Egyptian company, the majority of such company shall be held by Egyptians. If this statement is correct, we would not be able to pursue our concept of forming a joint venture company and having such joint venture company registered as exclusive distributor.

I have asked Mr. Ashraf Ihab of Shalakany Law Offices to furnish me with the English translation of Law No. 120 as well as Law No. 159/1981 and the model statutes issued by Ministerial Decree No. 7 of 1982. If you have any English copy of such documents, please be kind enough to send the same by fax (my direct fax number is +49 451 882-3879).

Thanking you for your co-operation I remain

With best regards,

Drägerwerk Aktiengesellschaft
Legal Department

Reinhard Frick

Reinhard Frick
Drägerwerk Aktiengesellschaft
Moislinger Allee 53-55
23542 Lübeck
Telefon +49 4 51 8 82-0
Telefax +49 4 51 8 82 20 80
Telex 2 6 807-0
Internet: http://www.draeger.com

Unser Zeichen
hs/fr-rp/1899V/fr
Durchwahl
+49 (451) 882-2087
Fax
+49 (451) 882-3879
eMail
reinhard.frick@draeger.com

Datum
17. June 1998

Sitz der Gesellschaft: Lübeck
Handelsregister:
Amtsgericht Lübeck HRB 469
Bankverbindung:
Dresdner Bank AG, Lübeck
Konto-Nr. 3 035 001
BLZ 230 800 10

Vorsitzender des Aufsichtsrats:
Prof. Dr. Dieter Henning Feddersen
Vorstand:
Dipl.-Kfm. Theo Dräger (Vors.)
Dipl.-Kfm. Inge Gensch
Dipl.-Ing. Heinz-Dieter Gras
Dipl.-Ing. Frank Rochlitzer
Dipl.-Kfm. Hans-Oskar Sulzer

**Urgent!**

Dräger Medizintechnik GmbH, D-23642 Lübeck

Telefax No. 0020 (2) 336 1602

Mr. Amr Z.A. Motaal, Esq.
Abdel Motaal, Maharram & Heiza Law Firm
5, Al Zohour Street
Mohandessin
Mostafa Mahmoud Sq.
GIZA, Greater Cairo

EGYPT

ag-rsft-rp/31652/ff
☎ +49 (451) 882-2087
📠 +49 (451) 882-3879
reinhard.frick@draeger...

13.04.2000

1. Egyptian German For Commercial Transactions S.A.E., Cairo ("EGCT")
2. Life Care Technology S.A.E., Cairo ("LCT")

Dear Mr. Motaal,

You will certainly remember that I visited you in your office together with Dr. Amgad Zarif end of August 1998 and that we discussed the possibilities to establish a joint venture between Dräger (Germany) and a company of Mr. Ramy Lakah.

Dr. Amgad Zarif has asked me to contact you directly regarding the legal questions on S14 Certificate and Import License in favour of LCT.

I think you are informed that EGCT is formed by Mr. Ramy Azziz and two other Egyptian individuals and that EGCT has formed LCT as its wholly owned subsidiary. Dräger has entered into a Distributor Agreement with LCT for the distribution of Dräger Medical Products in Egypt. LCT is holder of the S14 Certificate and the Import License. According to the concept 15% of the shares of the holding company EGCT shall be transferred to Dräger.

According to my understanding the subsidiary company LCT can be the holder of S14 Certificate according to Law No. 120/1982 although the German company Dräger will hold 15% of the holding company EGCT. However, I wonder if LCT will be able to obtain the Import License and to import Dräger Medical Products by itself, since it is not 100% owned by Egyptian nationals as required under Law No. 121/1982.

Please advise us and Dr. Amgad Zarif how LCT will be able to import the Dräger Medical Products for distribution in Egypt. Is it possible that LCT appoints an importer (e.g. a forwarder) to import the goods in the name and on account of LCT?

Dräger Medizintechnik GmbH
Moislinger Allee 53 – 55
D-23542 Lübeck
Telefon +49 451 8 82-0
Telefax +49 451 8 82-20 80
Telex 2 6 807-0
Internet http://www.draeger.com

Sitz der Gesellschaft: Lübeck
Handelsregister:
Amtsgericht Lübeck HRB 4098
Bankverbindung:
Dresdner Bank AG, Lübeck
Konto-Nr. 03 710 77400
BLZ 280 800 40

Vorsitzender des Aufsichtsrats:
Theo Dräger
Geschäftsführer:
Frank Rochlitzer (Vors.)
Harwig Alt
Carl-Heinz Osten

I have tried to contact you on the phone this morning, but I was told that you were out of office. I will try to contact you again on the phone in about 2 hours.

In case you need some further information, Dr. Amgad Zarif will be able to furnish you with more details.

Thanking you for your assistance and

with best regards

Dräger Medizintechnik GmbH
Legal Department

R. Frick

Reinhard Frick

3152V/fr

Drägerwerk Aktiengesellschaft · D-23542 Lübeck

Medequip for Trade and Contracting S.A.E.
Mr. Ramy R. Lakah
Mr. Sami Toutoungi
68, Merghany St.
Heliopolis
CAIRO
EGYPT

By Telefax No. 0020 (2) 417 62 23
14 Pages!!

Datum
6 July 1998

Unser Zeichen
rls/fr-rp/1994V/fr

Durchwahl
+49 (451) 882-2087

Fax
+49 (451) 882-3879

eMail
reinhard.frick@draeger.com

**Dräger - Medequip Joint Venture in Egypt**

Dear Mr. Lakah,
dear Mr. Toutoungi,

As per my fax of 17 June 1998 I informed you about the problem that Law No. 120 stipulates that the Egyptian company, acting as a distributor, has to be wholly owned by Egyptian shareholders, and if such Egyptian sharcholder is an Egyptian company, the majority of such company shall be held by Egyptians.

The problem has been discussed internally and we think that we can suggest the following alternative to the concept of a joint venture:

A separate division with separate book accounts has to be established at Medequip or any other existing company of the Lakah Group. Such business division shall operate and manage the business with Dräger Medical Products in Saudi-Arabia. Lakah Group and Dräger Medizintechnik GmbH ("Dräger MT") shall contribute to the investments and working capital of such business division in the ratio of 60 % - 40 %. Such capital contribution shall be considered as a loan which shall be repaid at the time of liquidation of the business division.

I have tried to make a preliminary draft of a Co-operation Agreement between Messrs. Lakah, Medequip and Dräger MT regarding the establishment of a Dräger Medical Division at Medequip, which you will find attached hereto. Since the vacation time has already started here in Germany, I did not have the opportunity so far to discuss my draft and necessary details with our responsible departments, but I did not want to let you wait any longer until we have completed our internal discussions.

Drägerwerk Aktiengesellschaft
Moislinger Allee 53-55
23542 Lübeck
Telefon +49 4 51 8 82 0
Telefax +49 4 51 8 82 20 80
Telex 2 6 807-0
Internet http://www.draeger.com

Sitz der Gesellschaft: Lübeck
Handelsregister:
Amtsgericht Lübeck HRB 489
Bankverbindung:
Dresdner Bank AG, Lübeck,
Konto-Nr. 3 025 001
BLZ 230 800 40

Vorsitzender des Aufsichtsrats:
Prof. Dr. Dieter Henning Feddersen
Vorstand:
Dipl.-Kfm. Theo Dräger (Vors.),
Dipl.-Kfm. Ingo Gensch,
Dipl.-Ing. Heinz-Dieter Grave,
Dipl.-Ing. Frank Rechlitzer,
Dipl.-Kfm. Hans-Oskar Sulzer

Please let me know if you have any questions or further suggestions to the former concept of a joint venture or the new concept of a business division, and please let me know your comments to the attached draft by fax (my direct fax number is: *49 (451) 882-3879).

With best regards,

Drägerwerk Aktiengesellschaft
Legal Department

Reinhard Frick

cc/ Mr. T. Will
Mr. M. Karsta
Mr. B. Oppermann, Dräger Beteiligungen AG, Switzerland

# FACSIMILE COVER PAGE

| | |
|---|---|
| Date: | 15-4-99 |
| Time: | 4:15:30 |
| Page: | 1 |
| To: | Mr Amr Abd El Motaal |
| Fax #: | 3361602 |
| From: | Amgad Zarif |
| Company: | Medequip For Trading & Contracting<br>Cairo, Cairo<br>Egypt |
| Fax #: | 2676122 |
| Voice #: | 2671700 |

Message:

TO MR.   AMRO ABD EL MOTAAL

Attached copy for cooperation agreement between Mr Ramy Lakah & Drager Germany.

Kindly if you can study it and if it is possible to arrange a meeting before 22 nd of April to discuss it before I meet with Drager people.

Medequip For Trading & Contracting

Dr Amgad Zarif
012 2131230

DRAFT
subject to negotiations
and alterations

1962V/fr
06/07/98

## Co-operation Agreement

between

Lakah Ltd.
68, Merghany St.
Heliopolis
Egypt

- hereinafter called "Lakah" -

and

Medequip for Trade and Contracting S.A.E.
68, Merghany St.
Heliopolis
Egypt

- hereinafter called "Medequip" -

and

Dräger Medizintechnik GmbH
Moislinger Allee 53 - 55
23542 Lübeck
Federal Republic of Germany

- hereinafter called "Dräger MT" -

- Lakah, Medequip and Dräger MT together hereinafter called "the Parties" -

WHEREAS

Medequip is a wholly owned subsidiary of Lakah.

Medequip is a reputable agent and distributor for the sale and service of medical equipment in Egypt.

Dräger MT has a long-standing tradition of designing, manufacturing and distributing medical equipment.

Medequip is interested to become distributor for Dräger Medical Products in Egypt and Dräger MT is willing to appoint Medequip as distributor.

Dräger MT desires to ensure that promotion and sales of Dräger Medical Products can be performed in all parts of Egypt by qualified and properly trained sales managers.

Dräger MT desires to establish and perform after-sales service for Dräger Medical Products in all parts of Egypt by qualified and properly trained service engineers.

Dräger MT desires to ensure that installation work for Dräger Medical Gas Supply Systems can be performed in all parts of Egypt by properly trained technicians.

Since the sales policy of Dräger MT for Egypt requires major activities of the Parties and concentration of various major investments and intensive tasks from the Parties, the Parties have reached the mutual understanding that they can pool their resources in a Business Division to be established at Medequip and to be managed by and between the Parties for the sale and service of Dräger Medical Products in Egypt.

NOW, THEREFORE, in consideration of the mutual covenants, terms and conditions hereinafter expressed, the Parties agree as follows:

1. Definitions

1.1  "Business Division" shall mean the separate profit centre to be established at Medequip under the terms and conditions as set hereinafter for the business with Dräger Medical Products in the Territory.

1.2  "Territory" shall mean Egypt.

1967V/lf

1.3. "Dräger Medical Products" shall mean the following medical products manufactured and distributed by Dräger MT and by any company of the Dräger-Group which is appointed by Dräger MT as supplier to the Business Division:

- Anaesthesia Equipment
- Ventilation Equipment
- Paediatrics
- Medical Emergency Equipment
- Oxygen and Aerosol Therapy Equipment
- Aspiration Products
- Ceiling Pendants for Operation Theatres
- Supply Systems Intensive Care
- Medical Gas Management Systems

1.4  "General Meeting" shall mean the meeting of the Parties as contemplated in Section 5 for the review and decisions on the business operations and activities of the Business Division.

1.5  "Net Profit" means, in respect of any fiscal year in the Territory, the net profit (before providing for taxation) earned in respect of the Business Division for such fiscal year (being the excess of the earnings of the Business Division over the direct expenses incurred at cost in producing those earnings, including rental, manpower costs, administrative overheads, advertising, financing and other expenses and computed in accordance with standard accounting practices of the Dräger-Group and in Egypt.

2.  Scope of the Agreement

2.1  Medequip and Lakah agree to establish at Medequip a separate Business Division as a separate profit centre with separate books of account.

2.2  The name of the Business Division shall be: "Draeger Medical Division of Medequip For Trade and Contracting S.A.E.".

2.3  The head office of the Business Division shall be in Cairo.

1952/rh

- 2 -

3. **Business of the Business Division**

3.1 The main business of the Business Division shall be marketing, sales and after-sales service of Dräger Medical Products, engineering of and installation of Dräger Medical Gas Supply Systems as well as services in the field of medical care and hospital projects.

Dräger MT shall enter into a Distributor Agreement with the Business Division for a fixed period until the year 2000 and thereafter such Distributor Agreement shall continue from year to year unless terminated by Dräger or the Business Division with a 6 months notice.

3.2 The activities of the Business Division shall be limited to the Territory.

3.3 The Parties desire that the Business Division shall achieve the leading market position with respect to medical products of Dräger MT and the Dräger Group within the Territory and each Party shall use its best endeavours as well as its business contacts to achieve this aim.

4. **Capital of the Business Division**

4.1 The capital of the Business Division shall be EGP 1.71 million (equivalent to DEM 1 million).

4.2 The Parties shall contribute to the capital of the Business Division as follows:

- Lakah: 60 % of the capital,
- Dräger MT: 40 % of the capital,

and Lakah and Dräger MT shall contribute to any future capital increase of the Business Division in the same proportions as set out above.

4.3 The capital contribution shall be effected by Lakah and Dräger MT in form of loans to Medequip for the Business Division, which shall be repaid by Medequip (pro rata) to Lakah and Dräger MT at the time of the liquidation of the Business Division as provided in Section 11.

4.4 Lakah and Dräger MT undertake to pay up their capital contribution at the bank account of the Business Division on .................................................

19521/hr

- 3 -

5. **General Meeting / Extraordinary Meeting**

5.1 The Business Division shall hold a General Meeting of the Parties in the first quarter of each (Gregorian) calendar year in Cairo or at any other place mutually agreed between the Parties.

5.2 At the General Meeting the Parties shall review the business operations of the Business Division and the report of the managing directors, the balance sheet and profit and loss account, the audited statement of accounts and the auditor's report regarding the preceding fiscal year of the Business Division shall be discussed and mutually approved by the Parties.

5.3 At the General Meeting Lakah and Dräger MT shall decide on the assumption of profit and loss as per their capital contribution of 60 % - 40 % as per Section 4.2.

5.4 Notice of invitation for the General Meeting shall be made in writing by the managing directors at least 21 days prior to the scheduled Meeting.

5.5 In case any of the Parties wishes an Extraordinary Meeting of the Parties, such Party shall inform the other Parties by written notice of at least 21 days and shall state the reasons for such Extraordinary Meeting.

6. **Managing Director**

6.1 The Business Division shall have one or more managing directors as determined and fixed from time to time by the Parties.

6.2 The managing directors shall be employed by the Business Division based on Dräger MT's appointment.

6.3 The managing directors shall be authorised to undertake the day to day business of the Business Division and shall be furnished with adequate powers to act in the name and for the account of the Business Division.

6.4 The managing directors shall have the full rights and powers regarding the management of the Business Division, including the engagement, dismissal and replacement of personnel.

6.5 The business activities of the managing director shall be supervised by the General Meeting of the Parties in accordance to the provisions of Section 5.2.

19527/lr

7. **Prior Decisions of Lakah and Dräger MT**

The following matters shall be mutually and unanimously decided by Lakah and Dräger MT and the managing directors of the Business Division shall not act unless and until Lakah and Dräger MT have unanimously decided:

7.1 locating and relocating the head office and branch offices of the Business Division;

7.2 making investments which exceed the approved investment parameters;

7.3 entering into tenancy or lease agreements having a term of more than 1 year and a monthly commitment of more than the equivalent of USD 2,000, modifying tenancy or lease agreements with similar consequences;

7.4 entering into long-term contracts where the annual commitment exceeds USD 25,000;

7.5 assuming any guarantees exceeding USD 25,000; placing orders with third parties others than the Parties under the condition of long term instalment payments exceeding the aggregate amount of USD 25,000; assuming obligations on any bill of exchange; taking out any loan; assuming liabilities towards third parties respectively customers or granting or extending credit to customers in an amount exceeding USD 25,000 outside the ordinary course of business;

7.6 entering into agreements where the value exceeds USD 500,000.-;

7.7 taking any action that may jeopardise the existence of an enterprise of any of the shareholders;

7.8 granting or revoking commercial attorneys of fact or general powers of attorney;

7.9 opening or changing bank accounts of the Business Division;

8. **Prior Decisions of Dräger MT**

The following matters shall be decided by Dräger MT at its own discretion and the managing directors of the Business Division shall not act unless and until Dräger MT has decided:

8.1 adopting or abandoning a line of business, adopting or abandoning the representation of an outside product - in each case to the extent they lie outside the previous lines of business:

- 9 -

1952V/lf

- 7 -

8.2 changing the corporate identity in any manner where such change goes beyond the Dräger Group's general policy guidelines;

8.3 changing managerial or organisation policies in the Business Division;

8.4 hiring and dismissing key personnel, promoting personnel to level of key position; creating and eliminating key positions;

8.5 reducing the work force by more than 10 %, but at least more than 3 employees;

8.6 executing, modifying or terminating distribution or agency agreements;

8.7 executing, modifying or terminating license agreements or other dispositions of patents, know-how and/or intellectual property rights;

8.8 executing, modifying or terminating agreements that could have a significant effect on the strategy of the Business Division or Dräger;

8.9 executing, modifying or terminating contracts with legal advisors, chartered accountants or tax advisors;

8.10 executing any insurance policy for the Business Division;

8.11 any undertaking to manufacture, market or sell products supplied by using technology parts or components supplied by competitors of Dräger;

8.12 appointment and dismissal of managing directors including the decision, if the Business Division shall have one or more managing directors and in the latter case if the managing directors shall have the power to act severally or jointly.

9. **Responsibilities of Medequip**

9.1 Upon request of Dräger MT Medequip shall provide to the Business Division against payment of average market price office space, workshop space, furniture and office equipment, communication facilities (e.g. telephone, fax) and services with respect to recruitment of personnel, travelling, advertising, accounting and debt collection.

9.2 In case Dräger MT delegates own sales managers or service engineers into the Territory for permanent stay, Medequip shall assist to obtain visas and residence permits for Dräger MT's delegates and their families as well as to obtain work permit, Egyptian driving license, official travelling letter and all

1962v/if

other licenses or documents required in connection with their stay in the Territory.

9.3   Medequip shall

9.3.1   - not interfere with the business of the Business Division,

9.3.2   - confirm and ratify and cause to confirm and ratify whatsoever the Business Division shall do in the name of Medequip For Trade and Contracting S.A.E., Dräger Medical Division, in the carrying out of the rights, obligations or duties hereunder,

9.3.3   - provide support for the activities of the Business Division by way of giving advise and assistance in the form of business contacts and connections,

9.3.4   - not to use any products competing with Dräger Medical Products in any of its projects or other business dealings.

10.   **Specific Rules of the Dräger Group**

The Parties are fully aware that the Business Division shall especially operate and manage the business with Dräger Medical Products in the Territory.

Therefore, the Business Division

(a)   has to adhere to the current versions of Dräger's Reporting Rules and Dräger's "Accounting Principles for the consolidated Dräger Group" (the last version was issued on January 1, 1995),

(b)   shall engage an external auditor with international reputation for audits and for attesting the annual statements of accounts, and

(c)   has to bear all costs and expenses incurred in such connection.

11.   **Duration of the Business Division / Termination**

11.1   The Business Division shall start to operate on ..................... unless otherwise agreed between the Parties.

11.2   This Agreement shall continue for an initial period until 31 December 2000. Thereafter it shall continue from year to year unless terminated by Lakah or Dräger MT to the end of a calendar year with a 6 months notice by registered mail, unless earlier terminated as provided in Section 11.3.

- 8 -

1962V/lf

- 6 -

11.3  Upon the following events this Agreement can be terminated by Dräger MT with a 30 days notice by registered mail:

11.3.1 - Medequip shall go into voluntary liquidation or an order of court is made for its compulsory liquidation,

11.3.2 - Medequip shall enter into any composition or arrangement with its creditors, or

11.3.3 - Medequip shall have a receiver appointed over the whole or any part of its undertaking or assets.

11.4  No claims for compensation or indemnity can be lodged by reason of the termination of this Agreement.

11.5  In case of termination the Business Division shall be liquidated and Lakah and Dräger MT have to share the loss and profit as per the 60 % - 40 % ratio as contemplated in Section 4.2.

If the Parties are not able to agree on the book value of the Business Division, the Parties shall entrust an auditor with international reputation (e. g. BDO or Coopers & Lybrand or Arthur Anderson) with the determination of the book value of the Business Division. The financial audit of such auditor shall be made on an intermediary financial statement (balance sheet and profit and loss account) and such work shall include the review of

- of fixed assets regarding their physical existence and inflation accounting;

- accounts receivables to recognise old debts and doubtful debts as well as provisions concerning accounts receivables;

- accruals for taxes, social (personnel) matters, sales premiums and bonuses to employees, guaranteed commitments and/or warranties, indemnity payments claims; all conceivable risks should be covered by means of setting adequate provisions;

- tax liabilities.

12.  **Dräger Trademark and Trade-Name**

The Business Division shall use Dräger's trademark and trade-name in accordance with the policy of Dräger and the Dräger Group. Therefore, the Business Division need the prior written approval how to use Dräger's trademark and trade-name in the Business Division's name and in the Business Division's letter heads and sales literature.

19627/h

However, in any event in which Drager is no longer a partner of the Business Division because this Agreement is terminated as per Section 11, Lakah and Medequip and any of its business divisions shall not make any longer use of the name, trademark or trade-name of Drager (in whatever way it may be written, e.g. Draeger or Dräger) and Drager may terminate any existing patent and/or know-how or trade name license agreements.

### 13. Non-Competition

The Parties to this Agreement including the companies which are parents, subsidiaries or under common control with the Parties shall not compete in any respect directly or indirectly with the activities of the Business Division in the field of the medical products and the medical care in the Territory during the term of this Agreement, unless otherwise agreed in writing between the Parties.

### 14. Miscellaneous

14.1 Lakah and Medequip undertake to implement the provisions of this Agreement as far as legally necessary into the Articles of Association of Medequip, and Lakah and Medequip shall cause the Articles of Association of Medequip to be amended from time to time as may be required to ensure that they at all times shall conform with the terms and conditions of this Agreement and any amendments to this Agreement.

14.2 All modifications and amendments to this Agreement must be mutually agreed in writing.

14.3 This Agreement and the rights hereby granted and the obligations hereby stated are not assignable or in any manner transferable to any third party.

14.4 In the event any of the provisions of this Agreement become invalid or unenforceable for legal reasons, the validity of the remaining provisions shall not be affected. The Parties undertake to replace such invalid or unenforceable provision in a way that meets best the commercial intentions of this Agreement.

14.5 According to the Parties' participation in the Business Division as set forth in Section 4.2, the Parties share all costs including legal costs and costs for translation incurred in the Territory under or in relation to the attestation, legalisation and registration of this Agreement.

1952V/h

- 10 -

The award shall be in writing and shall contain the reasons for the decision.

The language of the arbitration proceeding shall be English.

The arbitration proceeding shall be held in Cairo, Egypt.

| | |
|---|---|
| Cairo, ........................................ | Lübeck, .................................... |
| ....................................................<br>Lakah Ltd. | ..............................................<br>Dräger Medizintechnik GmbH |

Cairo, ........................................

....................................................
Medequip
For Trade and Contracting S.A.E.

1962V.h