Translation

## South Cairo Courthouse

### VERDICT

### IN THE NAME OF THE PEOPLE

In the misdemeanor / violations session appealed, held in public at the courthouse on Saturday, the 9th of March-1996,

Presided by:

Hassan Ismaiel Awad             Presiding Judge

Membered by:

Mr. Ahmed Abdel Hafiez, Judge, and

Ibrahim Al-Arousi, Judge

And in the presence of Mr. Bahgat Al-Hossamy

                                 Prosecution representative

Mr. Ibrahim Mohamed       Secretary

In the case no. 2158/1996 appealed misdemeanor – South Cairo, sub no. 6278/1995 – Basatien misdemeanors

### VERSUS

**Amgad Zarief Ibrahim**

Upon reading the summary report and hearing the deliberations and reviewing the documents and legal celebrations, and

Whereas it is legally decided, and

Based on the Cassation ruling,

Page 1/4

**Translator's Note:**
Heliopolis Business Center hereby certifies that this English translation is an exact and true translation of the attached Arabic original which I have seen.

*Sedika Abu Seda*

Translation date: June 4, 2007

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 19 999 69

Translation

It is permissible for the appeal court to refer the appealed verdict regarding the incident compelling punishment and in the applicable provisions of the law,

Whether the verdict was to support or to annul the appealed verdict or to amend it (Cassation – 15th of November-1954 – Regulations G1 249, no. 315 – Penal Procedures Code, comment of Dr. Maamoun Salama on the Fekh (Islamic Legislation) and Cassation Verdicts – published 1980 – page 1175), and

Consequently, as the incident compelling a punishment, the applicable provisions of the law where stated in the verdict passed,

Thus, the court shall adopt it in this regards and shall refer to it in order to avoid repetition.

The incident summary: the Genial Prosecution charged the defendant, as on the 19th of April-1995 – Bassatien, robbery of the items described and the value of an electric current owned by the Cairo Electricity Distribution Company, this happened at night, as shown in the documents, 317 /.

In the session held on the 17th of October-1995, the first degree court passed the following ruling for punishing the defendant with 6 month imprisonment with labor and due implementation together with paying the expenses.

The defendant objected the ruling in the session held on the 19th of December-1995. Support, stay of execution, expenses.

Page 2/4

**Translator's Note:**
Heliopolis Business Center hereby certifies that this English translation is an exact and true translation of the attached Arabic original which I have seen.

Sedika AbuSeda

Translation date: June 4, 2007

Heliopolis Business Center
Certified Translation Office
83 Merghany St. Suite no. 3
(202) 29 181 78 / 010 13 999 69

Translation

The appellant did not accept this verdict and thus it was objected to by the cassation represented in the report that was endorsed in the Partial Court office on the 24th of December-1995.

The case was heard before the Appealed Misdemeanor cases as sated in the sessions verbatim; providing for restricting the defendant and arranging for scheduling the case to hear the verdict.

Whereas the defendant's appeal was tendered within the legal duration, for a verdict that allows appeal, the appeal satisfied the legal requirement,

Thus, the court rules for accepting the appeal in form, following the provisions of Article 402, 406/407/410 the Penal Procedures Code.

Whereas the defendant attended the sessions,

Thus, the verdict is passed in his presence, following the provisions of article 239 Penal Procedures Code.

Regarding the appeal subject, it is legally decided and based on the Cassation Court ruling, if the appealed verdict included the reasons for appeal thus there is no need to state these reasons in order to avoid repetition. Refereeing to the reasons replace mentioning these reasons and prove that the court regarded these reasons as approved (Cassation 17/1/77 page 28- 25 – 119 Cassation no. 1054/1946 legal year - Penal Procedures Code – comment of Dr. Salama on the Fekh (Islamic Legislation) and Cassation Verdicts –

Page 3/4

**Translator's Note:**
Heliopolis Business Center hereby certifies that this English translation is an exact and true translation of the attached Arabic original which I have seen.

*Sedika Abu Seta*

Translation date: June 4, 2007

Heliopolis Business Center
Certified Translation Office
83 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

published 1980 – page 1175 – Al-Wasset in Penal Procedures Code – Dr. Fathey Sorour, Published 1980, page 1254, 1255), and

Consequently, as the appealed verdict satisfy the reasons for appeal accepted in courts as reasons supplementing the court ruling, and

Whereas the defendant did not provide new proof that affects the validity of the verdict appealed against; thus

The appeal against the verdict is not justified and the judiciary is compelled to reject this appeal and support the verdict appealed against, following the provisions of Articles 416, 417 Penal Procedures Code; and

Regarding the expenses, the court commites the appeal applicant to pay the expenses following the provisions of Article 314 – Penal Procedures Code.

FOR THESE REASONS, THE COURT RULED IN THE PRESENCE OF THE DEFENDANT:

To accept the appeal in form and to reject its subject while endorsing the verdict appealed against and committing the appeal applicant to pay the expenses.

**Secretary** *Signed*
**Presiding judge** *Signed*

Exact & true copy
Reviewed
*Signed*




Page 4/4

**Translator's Note:**
Heliopolis Business Center hereby certifies that this English translation is an exact and true translation of the attached Arabic original which I have seen.

*Sedika Abu Seda*

Translation date: June 4, 2007

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

بسم الله الرحمن الرحيم

محكمة : جنوب القاهرة

حكم باسم الشعب

- بجلسة الجنح المخالفات المستأنفة علنا بسراي المحكمة يوم الخميس الموافق 9/2/1996
- برئاسة السيد الأستاذ / حسن إسماعيل عوض — رئيس المحكمة
- وعضوية الأستاذين / ماجد عبد الحفيظ ، إبراهيم الدرس — القاضيين
- وحضور الأستاذ / ابتهجت الحسامي وكيل النيابة ، والسيد الأستاذ / إبراهيم محمد — أمين السر
- فى القضية رقم 5815 لسنة 1996 جنح مستأنف جنوب القاهرة والمقيدة برقم 64 لسنة 1996 جنح السبع سا

ضد / محمد تحت إبراهيم

- بعد تلاوة تقرير التلخيص .
- وبعد سماع المرافعة ، والاطلاع على الأوراق وبعد المداولة .
- ومن حيث أن المقرر قانونا — وعلى ما جرى به قضاء النقض — أنه يجوز للمحكمة الاستئنافية أن تحيل إلى الحكم المطعون فيه فى بيان الواقعة المستوجبة للعقوبة وفى بيان النصوص الواجبة التطبيق وسواء أكان حكمها بتأييد الحكم المطعون فيه بالغائه أو تعديله (نقض 1954/11/15 مجموعة القواعد ج 1 ، 249 رقم 315 — قانون الإجراءات الجنائية معلقا عليه بالفقه وأحكام النقض للدكتور مأمون سلامه طبعه 1980 ص 1175) لما كان ذلك ، وكانت الواقعة المستوجبة للعقوبة والنصوص الواجبة التطبيق سبق أن عرضها تفصيلا الحكم المطعون فيه ، فمن ثم تأخذ به المحكمة فى هذا الشأن وتحيل إليه تفاديا للتكرار .

- وتوجز الواقعة لمحصل فى أن النيابة العامة أسندت إلى المتهم الاتهام الماثل لأنه فى 1996/4/19 بدائرة قسم ...
- ......... اشترى المبين وصفا وقيمة بالمحضر بقصد الاتجار المعلوم بسرقته من كوبرى بالقاهرة
- وكذلك ليث مع المعد المبين بالورق رقم 28 ص
- بجلسة 1996/5/10 أصدرت محكمة أول درجة حكمها ...... بحبس ..... شهر شيكل والنفاذ وأمرت
- .........................

- ولم يصادف هذا الحكم قبولا لدى المستأنف فطعن عليه بالاستئناف الماثل بتقرير أمام قلم كتاب المحكمة الجزئية فى 1996/12/8 ، وتداولت الدعوى أمام محكمة الجنح المستأنفة على النحو الوارد بمحاضر الجلسات وفيها حضر المتهم وحجزت الدعوى للحكم .

- ومن حيث أن استئناف المتهم قدم فى الميعاد المقرر قانونا ، عن حكم قابل لذلك ، واستوفى أوضاعه القانونية ، فمن ثم تقضى المحكمة بقبوله شكلا عملا بالمواد 406/1 ، 402 ، 7 ج.ر ، 410 من قانون الإجراءات الجنائية .
- ومن حيث أن المتهم — حضر بالجلسات فمن ثم يكون الحكم حضوريا عملا بالمادة 239 أ.ج .
- ومن حيث أنه عن موضوع الاستئناف فإن المقرر قانونا — وعلى ما جرى به قضاء النقض — أنه إذا اعتنق الحكم الاستئنافى أسباب الحكم المستأنف ، فلا ضرورة لبيان تلك الأسباب ، بل يكفى الإحالة إليها إذ الإحالة على الأسباب تقوم مقام إيرادها وتدل على أن المحكمة اعتبرتها صادرة منها (نقض 77/1/17 س 28 — 25 — 119 طعن رقم 1054 لسنة 46 ق — قانون الإجراءات الجنائية معلقا عليه بالفقه وأحكام النقض للدكتور مأمون سلامه طبعه 1980 ص 1175 — الوسيط فى قانون الإجراءات الجنائية للدكتور فتحى سرور طبعه 1980 ص 1254 وص 1255) لما كان ذلك ، وكان الحكم المستأنف فى محله للأسباب السائغة التى بنى عليها والتى ترى هذه المحكمة كذلك أن تأخذ بها رانيه من تلك الأسباب مكمله لأسباب حكمها وتحيل إليها . وكان المتهم لم يأت بجديد يؤثر فى سلامة الحكم المستأنف فمن ثم يضحى طعنه قائما على غير أساس معيبا النقض . يرفض وتأييد الحكم المستأنف عملا بالمادتين 416 ، 417 من قانون الإجراءات الجنائية وعملا بالمواد
- ومن حيث أنه عن المصاريف ، فإن المحكمة تلزم المستأنف بها عملا بالمادة 314 من قانون الإجراءات الجنائية .

فلهذه الأسباب

حكمت المحكمة حضوريا بقبول الاستئناف شكلا وفى الموضوع برفضه وتأييد الحكم المستأنف والزام المستأنف المصاريف .

أمين السر                                    رئيس المحكمة