

Translation

Sarwat A. Shahid Law Firm
In Affiliation with
Weil, Gotshal & Manges LLP

Attachment 14

Contract

Purchase & sale of the assets owned by

The Arab Iron Factory

Egyptian Joint Stock Company

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Sedika AbuSeda

1//42

Translation date: May-27th-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

## Table of Contents

**Prelude**

**Article 1**      Definitions &
Interpretations

1-1      Definitions

1-2      Interpretation


**Article 2**      Contract Subject

2-1      Assets Purchase & Sale

2-2      Purchased assets

2-3      Excluded Assets

2-4      The buyers obligations
and liabilities

2-4      The obligations and
liabilities excluded and is
the sole responsibility of
the seller

2-6      Non-transferable contracts

**Article 3**      buying & Selling

3-1      The Price

3-2      The purchase price

3-3      delivery and ownership
transfer

3-4      taxes on the ownership
delivery and transfer

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Sidi Kir Abu Sultan

2//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

| Article 4 | Seller Attestations & Guarantees | | |
|---|---|---|---|
| | | 4-1 | the existence and authority of the seller as well as his guarantees and obligations |
| | | 4-2 | The status of purchased assets |
| | | 4-3 | Real-Estates |
| | | 4-4 | Movable Assets |
| | | 4-5 | judiciary Cases and claims concerning purchased assets |
| | | 4-6 | Contracts |
| | | 4-7 | Abiding by the Laws |
| | | 4-8 | Books and Logs |
| | | 4-9 | No Broker Fees |
| | | 4-10 | Environmental Issues |
| | | 4-11 | Employees |

| Article 5 | Buyer Attestations & Guarantees | | |
|---|---|---|---|
| | | 5-1 | Establishment, Presence & Authority Of The Buyer |

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

3//42

Translation date: May-27th-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

|         |                                        |     |                                              |
|---------|----------------------------------------|-----|----------------------------------------------|
|         |                                        | 5-2 | inspecting the purchased assets, Machinery, & equipment |
|         |                                        | 5-3 | No Broker Fees                               |
|         |                                        | 5-4 | Insurance                                    |
| Article 6 | Seller Pledges                       |     |                                              |
|         |                                        | 6-1 | Approvals                                    |
|         |                                        | 6-2 | Key Personnel                                |
|         |                                        | 6-3 | Transferring Licenses and Permits            |
| Article 7 | Buyer Pledges                        |     |                                              |
|         |                                        | 7-1 | Approvals                                    |
|         |                                        | 7-2 | Retaining the Employees                      |
|         |                                        | 7-3 | Insurances Paid by the seller to energy supply entities |
| Article 8 | Documents Required on delivery - Handing Over the Purchased Assets | | |
|         |                                        | 8-1 | Seller's Documents                           |
|         |                                        | 8-2 | Buyer's Documents                            |

Heliopolis Business Center
Certified Translation Office
89 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

*Suli Ka Abu Suda*

4//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

**Article 9**     Non-Disclosure

**Article 10**    General Provisions

10-1    Notices

10-2    Fees & Expenses

10-3    Successors

10-4    Complete Contract – Amendment

10-5    Contract Language

10-6    Applicable Law – Jurisdiction – Disputes

10-7    Divisibility

10-8    Neglecting the benefit of a Right

10-9    Absence of Any Beneficiary Third Party

**Attachments**

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Translation date: May-27th-2007

Translation

## Sarwat A. Shahid Law Firm
### In Affiliation with
### Weil, Gotshal & Manges LLP

---

ASSET PURCHASE CONTRACT

Today /////, the /////-Feb-2000, this contract was entered between the following parties:

I-  **The Arab Iron Factory Company**, Egyptian Joint Stock Company, established as per the law no. 159/1981, Egyptian company, commercial register no. 556 / Giza/ 1995, address: land parcel no. 4 – Industrial Zone A3 – El-Sheiref land complex – Tenth of Ramadan City - Sharkia Governorate, the legal address for notifications and warnings: the office of Mr. Sarwat Abdel Shahid, lawyer before cassation courts, 20 Adley St., Cairo, represented herein by **Mr. Ramy Remoun Michael Lakah**, in his capacity as the delegate of the company ordinary general assembly.

Herein referred to as the "SELLER"

II-  **Egypt Steel Group**, Egyptian Joint Stock Company, established under the Investment Law no. 8 /1997, commercial register no. 35914 / Port Said, address: land parcel no. 1 East Port Said – Port Said Governorate, represented herein by **Mr. Hamdy Abdel Wahab Abdel Wahab Mohamed Outta**, in his capacity as the Managing Director and delegated by the company general assembly.

Herein referred to as the "BUYER"

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Translation date: May-27th-2007

6//42

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

### PRELUDE

Whereas the first party company "Seller" is an Egyptian joint stock company, established as per the stipulations of the Joint Stock Companies Code 159/1981, with The Holding Investment Company "Lakah Group" being a subscriber to most of its capital. The company owns and manages an iron factory, located in land parcel no. 4 – Industrial Zone A3 – El-Sheiref land complex – Tenth of Ramadan City, total area: 33416.965 $m^2$. The company issued on its ordinary general assembly meeting a resolution for selling most of the activity assets (attachment 1).

Whereas the second party "Buyer" is a company working in the domain of iron production and owns a factory in the Tenth of Ramadan City, close to the "Seller's" factory. Owing to the facility of transporting his products that the second party's factory uses for reaching the final product. The second party appreciated the savings realized from the closeness of the two factories,

Thus, the second party expressed his desire to purchase assets from the seller.

Thus, and in exchange for the pledges, conditions and provisions stipulated in this contract and after the two parties stated their legal capacity to contract,

Heliopolis Business Center
Certified Translation Office
89 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Sedika Abu Seda

7//42

Translation date: May-27th-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

The parties agreed to the following:

## ARTICLE 1
### DEFINITIONS & INTERPRETATIONS

1-2    Definitions:

For the purposes of this contract and in addition to any other definitions that may be mentioned under different headings within this contract the following phrases shall bare the meaning stated hereunder:

i.  The contract: this means this contract, the preceding prelude, and the attached schedules and attachments, depending on the form these are completed, modified or re-written from time to time based on the agreement or agreements executed as per the provisions of this contract.

ii.  Based on the best knowledge: means the knowledge of one of the two parties stated, based on the information acquired upon conducting a diligent investigation for the operations predicted based on this contract.

iii.  Delivery: means completing the business deals predicted as per this contract in the same date of the

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Sedika Abu Seda

Translation date: May-27th-2007

8//42

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

---

contract signature, as per a delivery proceeding signed by both parties or their representatives (attachment 2).

iv. Delivery date: means the date of signing this contract, unless this date was changed in writing and signed by the buyer and seller.

v. Implementation time: means the date of signing this contract, the date of the buyer receiving the price including the cash and payment instruments detailed in 3-2 (iii).

vi. The rights of others: means all the rights or claims whether being in kind or personal, original or subsidiary, of any kind or type, including mortgage and concession and the right of easement, costs, agreements, pledges and restrictions, promise for contracting, priority rights, encroachments, conditional sales contract, rights to maintain ownership rights for the favor others as defined hereunder.

vii. The allowed rights for others: means (1) the rights related to real-estate taxes and similar taxes that are not due or became mature after being stipulated. (2) The rights of others stated in Attachment 3, attached to this contract, and the seller pledged to pay;

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

9//42

Translation date: May-27th-2007

**Translation**

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

---

represented in the Sales Taxes for the factory machinery and equipment and were not paid. The seller shall pay these at due dates.

viii. Person: means a natural person or a joint stock company or a limited liability company or a joint company or a union or wakf  (Islamic charitable society established for holding assets for the benefit of the public of a certain group) or any other entity or any form of establishment; including the governmental entities or any of its departments, agencies, or body related to it.

ix. Party / parties: means the buyer, seller, or both together, depending on the context.

x. Tax / taxes: means all the taxes of any types in Egypt.

xi. Others: meaning any person other than the parties of this contract and their affiliates.

**1-3    Interpretation:**

For the purposes of this contract and in addition to any other attached documents, the following rules shall apply to the interpretation of these mentioned instruments:

i. Words: (in this contract), from this contract, as per this contract and any other words bearing similar

Heliopolis Business Center
Certified Translation Office
89 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

10//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

meaning shall refer to this contract in full and not to a particular article, item or provision thereof.

ii. All accounting terms, which were not defined otherwise in this contract, shall be understood and interpreted according to the Egyptian going accounting principles.

iii. Any reference to a law, order, or stipulation or a group of laws, unless dictated otherwise by the context, shall be regarded as a reference to the mentioned law, order, stipulation or group of laws and to the by-laws issued in their regards, together with all modifications entered from time to time to these that are in force at the time and till the delivery date.

iv. The articles and items titles were entered into this contract only for easy reference and shall not be recognized on interpreting or understanding this contract.

v. Refereeing to a person or a party in this contract shall be regarded as and shall include a reference to the successor of this person or party or their liquidator.

vi. Words indicating muscular include the feminine also, words indicating singular shall also mean the plural of the same and vise versa.

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

11//42

Translation date: May-27ᵗʰ-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

## ARTICLE 2
### CONTRACT SUBJECT

2-1    **Assets Purchase & Sale:** the seller sells, transfers and forsakes to the buyer, who accepts these transactions as per this contact, all the rights of the seller and ownership of the owner regarding the purchased assets and any interest arising from them or through them, except for the excluded assets as per the provisions and conditions of this contract.

2-2    **Purchased assets:** these are all assets, ownerships and rights and upcoming claims of the buyer that are used in or related to the management of the activity, that are present at the delivery date; which are:

   i.  All real-estate assets, including all lands, constructions and facilities and other structures present over these estates or related to them as well as all the rights of original ownership and the subsidiary related rights (real-estate ownership) detailed and specified in attachment 4. and

   ii.  All the production lines, machinery and equipment, cranes, tools, generators, furnaces, metal forging machinery, equipment parts mantling machinery and forms forging machinery including spare parts and service of all the above, that are owned by the seller

Translation date: May-27th-2007

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

12//42

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

and under his seizure, present inside the factory, stated in detail in the attached statement (attachment 6).

It is understood and agreed upon that the definition of the purchased assets does not include any of the assets excluded and defined as excluded assets in item 2-3 herebelow.

2-3 **Excluded Assets**: the following activities assets are excluded (Excluded Assets) and are not sold or transferred to the purchaser.

   i. Cash and the like, due accounts and due bills until the execution date and notes receivable.

   ii. All the expenses paid in advance and the postponed revenues, rights related to the wholesale deductions offered by suppliers and related to the activity at the implementation date.

   iii. All insurances, guarantees, and advance payments related to the activity at the implementation date.

   iv. All rights and claims according to any agreement, contract, or written document to which the seller is a party thereto, except those related to or attached to the purchased assets.

Heliopolis Business Center
Certified Translation Office
86 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

13//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

v. All the rights, ownerships, and assets of the activity that were transferred or transacted in by the seller prior to the implementation date, during the usual business.

vi. All the rights related to refunding taxes paid and the claims related to paid taxes refund, the accounts paid to the taxes, the amounts deducted from the taxes, and any tax advantages related to the buyer whether being due before or after the implementation date.

vii. All the other assets and properties, rights and other claims not mentioned among the purchased assets.

viii. All the assets stated in the draft statement (attachment 7), that the buyer states and accepts irrevocably to keep these assets as a trust kept with him inside the walls of factory as a safekeeping until the seller move or transfer them to another location. The buyer undertakes to preserve and protect these properties and to deliver them back in the same condition received. He shall not operate these properties or move them from their place until the buyer remove them and transport them to another location after resolving the conflict arising in their regards. The buyer is aware of these items and he pledges and shall abide by allowing

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

the representatives, maintenance people delegated by the seller for performing this task

## 2-4    The buyers obligations and liabilities:

The buyer shall bare and pledge as of the delivery date, to pay, perform, and acquit the seller of the following obligations and liabilities, as per their said conditions (transferred obligations):

i. All the obligations and liabilities due on the seller or activity or those arising after the execution date as per all the contracts, and also the licenses and permits that are included in the purchased assets, except for the items stipulated upon in item 2-5, herebelow.

ii. All the obligations and liabilities arising from or related to the ownership of the buyer to the purchased assets after the implementation date.

iii. All the seller obligations stipulated by the law towards the employees; including their advantages at the implementation date and those listed together with their advantages received in the attached list (attachment 8). These employees shall become subordinates of the buyer at the implementation date or after that date and the buyer had signed

Heliopolis Business Center
Certified Translation Office
88 Marghany St. Suite no. 3
(202) 29 191 76 / 010 18 999 69

Translation date: May-27th-2007

15//42

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

employment contracts with them and filled their social insurance forms (Employment Form 1)

**2-5   The obligations and liabilities excluded and is the sole responsibility of the seller:**

In spite of any other stipulations stated in this contract, while observing the provisions of item 2-4, hereabove, it is understood and agreed upon explicitly that the buyer shall not be obligated with any debts or responsibilities of the seller or the activity before the implementation date, regarding:

i.   Any due obligations, including without limitation the taxes and accounts due and the prepaid revenues and postponed expenses.

ii.  Violating any of the laws, rules or regulations in force (including the environmental laws, rules and regulations),

iii. The responsibilities related to any contract or client orders or licenses or purchase orders that were contracted upon by the buyer.

iv.  Any other debts, responsibilities or obligations on the buyer; whether arising from the ownership of the

Heliopolis Business Center
Certified Translation Office
68 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Translation date: May-27th-2007

16//42

### Sarwat A. Shahid Law Firm
### In Affiliation with
### Weil, Gotshal & Manges LLP

activity or others, whether arising from contractual obligation or breach or wrongdoing.

v. Any liability or obligation on the buyer prior to the two years regarding the ordinary holidays account that were not taken by the employees on the implementation date. This is the liability and obligation that the buyer shall meet or pay for prior to or on the delivery date.

vi. Any amounts resulting from litigation or cases filed versus the company or the factory prior to the implementation date of this contract.

## 2-6    NON-TRANSFERABLE CONTRACTS:

In case of the presence of contracts, permits or licenses within the purchased assets or within the transferred obligations and liabilities; that the buyer and the seller agreed that they are un-transferable to the buyer; whether by cause of their subject, stipulations or according to the law; except upon acquiring the acceptance of the third party (non-transferable contracts). The seller agrees to exert his utmost effort as soon as possible upon concluding and delivering this contract in order to acquire any necessary approvals for transferring such non-transferable contracts or its benefits to the buyer. Regarding any such approval not acquired; the

Translation date: May-27th-2007

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69    17//42

Translation

### Sarwat A. Shahid Law Firm
### In Affiliation with
### Weil, Gotshal & Manges LLP

seller shall not be regarded as violating any of his obligations under this contract by cause of failing to acquire this approval as long as the seller continued to exert his efforts to acquire such approval with good intent.

Regarding the land parcels mentioned herein that are allocated for the first party (seller) by the Tenth of Ramadan Development Body; the first party shall bare final obligation for transferring the allocation of this land to the second party, provided that at the time an agreement will be made for the obligation on each party regarding the allocation transfer fees.

### ARTICLE 3
#### BUYING & SELLING

**3-1 THE PRICE:**

As per the provisions and conditions of this contract, the seller agrees to sell, forsake, and transfer to the buyer, that accepts that, all the purchased assets as being operational and productive assets against paying the amounts that are calculated and due according to item 3-2 of this contract.

**3-2 THE PURCHASE PRICE:**

I- As per the terms and conditions of this contract, the buyer agrees t pay to the seller the amount of LE 331,280,000 as

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Translation date: May-27th-2007

18//42

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

the price of the purchased assets represented in the following:

1- **Fixed and movable assets**

   a. Land and constructions

   b. Equipment and machinery, tools and installations and cranes.

   c. Furniture and fixtures, etc.

2- Artificial assets: represented in the licenses, permits and approvals that the factory acquired together with the factory expenses, technical and economic studies, founding expenses and pre-operation costs, trained manpower, effort and time taken for that, the reputation of the product in the market, product capacity and marketing potential and conformity with the provisions of the environment protection law, etc.

3- Spare parts, based on book value

The total price has in consideration that the factory was operated and is productive and that a large part of the payment is postponed.

*Sedika AbuSela*

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

19//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

**III- the buyer pays the price to the seller as follows:**

a. The amount LE 1,000,000 to be paid upon signing this contract, the buyer's signature on this contract is regarded as a receipt proving receiving the advance amount of the purchase price.

b. The remaining amount of LE 231,280,000 was paid by the buyer via notes receivable, that are jointly guaranteed for payment by the National bank (72 bonds). These notes receivable are due monthly and consecutively as of the first of January-2001 and ending on the first of December-2006, each installment is for the amount of LE 3,212,000 all drawn to the favor of the seller.

4- Delivering the bonds to the seller (first party) on signing the contract in exchange for acquiring proof for writing off the commercial mortgage and canceling the delegation to mortgage the real estates issued for the favor of the Banque Du Caire.

This sale is final and irrevocable for any reason whatsoever, in case the buyer was delinquent or did not honor his obligations provided herein for any reason whatsoever, consequently the seller shall use his right to evoke the contract; then the buyer be bound to pay the

Translation date: May-27th-2007

Heliopolis Business Center
Certified Translation Office
86 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

20//42

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

contractual compensation to the seller according to the amount stated in the contract item (3-2-C-1), which is equivalent to the advance payment stipulated herein, without need for assessment or to judiciary supervision for estimating the compensation amount.

**3-3** DELIVERY AND OWNERSHIP TRANSFER

Unless the buyer and the seller agreed on otherwise, and while observing the conditions provided herein, the ownership delivery and transfer for the purchased assets and the depreciation burden are given to the buyer on the delivery and effectiveness date. Delivery shall take place in the factory premises where the assets purchased, subject of this contract, are present.

**3-4** TAXES ON THE OWNERSHIP DELIVERY AND TRANSFER:

Each party shall bare the taxes and fees imposed on him by the laws relevant to concluding the operations expected on concluding this contract. the two parties particularly agreed that the seller shall bare the real-estate transaction taxes and the buyer shall bare all the taxes and fees related to the registration and ownership transfer of the purchased assets in the name of the buyer, this shall include without limitation

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Sedika Abu Seba

21//42

Translation date: May-27th-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

---

the fees and taxes for ownership transfer of lands, real-estates, machinery, means of transportation of the buyer.

### ARTICLE 4
### SELLER ATTESTATIONS & GUARANTEES

**The seller states and guarantees to the buyer the following:**

**4-1 THE EXISTENCE AND AUTHORITY OF THE SELLER AS WELL AS HIS GUARANTEES AND OBLIGATIONS:**

a. The seller is a company that was legal established and legally exists under the Egyptian laws. The seller possesses all the legal capacities necessary and the owner powers to own and operate the activity (including the purchased assets) as currently managed. The seller possesses all the legal capacity and legal jurisdiction to sign and deliver and execute this contract and all the documents and instruments necessary and expected to be needed according to this contract and in executing the operations expected as per this contract. all the legal procedures and regulations regarding the shareholders and all the other procedures required by the seller for authorizing and signing and delivering and implementing this contract together with all the documents and instruments

Translation date: May-27th-2007

Heliopolis Business Center
Certified Translation Office
83 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

22//42

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

---

required and expected to be needed as per this contract and the operations expected to be performed according to this contract.

b. Signing, delivering and implementing this contract and all the documents and instruments required or expected from the seller as well as implementing the operations expected as per this contract

  1- He shall not preach or object any of the provisions of the corporate charter or establishment contract of the seller.

  2- It shall not contradict with or lead to preaching or form (as per notification according to the rules or upon the expiration of the duration or for both reasons) a violation by virtue of any verdict or resolution issued by any court or government entity that is obligating to the seller. Or;

  3- At the best knowledge of the seller, he shall not breach any effective law.

c. There are no rights for any third party of any kind that affects all or most of the purchased assets, except for what is expected as per this contract including commercial mortgage on the material and artificial

Translation date: May-27th-2007

Heliopolis Business Center
Certified Translation Office
86 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

23//42

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

components of the Arab Iron Factory for the favor of Banque Du Caire, other than the delegation given to the bank for mortgaging the real-estate assets of the Arab Iron Factory for the favor of the bank and that the seller shall acquire the bank approval for writing off the mentioned commercial mortgage and cancel the delegation given to the bank for real-estate mortgage.

d. The buyer shall commit to paying the installments of the sales taxes determined for the factory machinery and equipment that were not paid and also the rights of others permitted and stated in Attachment 3 herein.

**4-2 THE STATUS OF PURCHASED ASSETS:**

That the purchased assets are used in the activity as currently used by the seller except for the excluded assets stated in the attachments of this contract.

**4-3 REAL-ESTATES:**

a. Attachment 4, of this contract, comprises full and accurate description, sketch drawings of the owned real estate including the address, area and full description as well as an inventory of all the contracts and agreements related to the real estate owned or any part thereof. The seller delivered to the buyer a copy

Translation date: May-27th-2007

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

24//42

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

of these contracts and agreements. The seller is the sole legal owner without rival for all the rights, property and interest rights for the owned real estates. All the owned real-estates; including the constructions, buildings and improvements thereof and all the subsidiary ownerships of these are all free from any right for others except for the third party rights stated in this contract or those allowed.

b. The owned real estate complies with all the laws relevant to land management, city planning, building, health, fire, water and utilities and the laws or regulations, legislations or by-laws.

### 4-4 MOVABLE ASSETS

Attachment 5 herein comprises a full and accurate inventory list of all the movable assets owned by the seller and used in the activity, except for the excluded assets. The seller owns the mentioned movable assets without any rival in any of the rights to a third party except for the items mentioned in item 4-1. The movable assets mentioned are all in good condition, except for normal wear and tear, usable for the usual activity. The seller delivered and offered a full and accurate copy of all the data and records to the buyer.

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

25//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

### 4-5 JUDICIARY CASES AND CLAIMS
#### CONCERNING PURCHASED ASSETS:

There are no claims or court cases, allegation or pending legal procedures or at the best knowledge of the seller, threat of such actions before any court or administrative body. There is no judiciary order concerning any of the assets purchased that has or may have significant influence on the projected operations as per this contract or that prevents the completion of such operations.

### 4-6 CONTRACTS

Attachment 9 includes a full and accurate list of all the contracts and agreements that the seller is party to and that relates to the purchased assets; including without limitation the electricity, water, telephones, natural gas contracts and the invoices proving the subscription of the factory.

### 4-7 ABIDING BY THE LAWS

The licenses and permits represents all the license, permits, applications, permissions and approvals required or needed for the operation of the activity and for owning or using or operating any of the seller's machinery or facilities or for providing any of the products and all the documents required to be tendered to any government body, respective organizational or administrative entity (or any such

Translation date: May-27th-2007

Heliopolis Business Center
Certified Translation Office
88 Mergheny St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

26//42

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

representing entity). These licenses and permits are valid, fully effective, and executable and may be used by the buyer upon acquiring the necessary approvals from the government and local authorities if necessary. The attachment 10 comprises a full and accurate list of all licenses and permits.

## 4-8 BOOKS AND LOGS

All the employees' books, logs, data, and relevant material were prepared and maintained according to all the laws and regulations in force. The seller provided the buyer with all these logs, books, records and the like.

## 4-9 NO BROKER FEES

Neither this contract nor the sale and purchase of assets was conducted or expected to perform any relevant operation through a third party that represents or acts on behalf of the seller in any capacity, thus deserving any fees or commission from the buyer.

## 4-10 ENVIRONMENTAL ISSUES

The seller did not commit any act for which he had to face or receive notification with any facts or information that may lead to assuming the possibility of facing any procedure or penalty and there is no claim regarding any violation of the purchased assets to any of the laws, regulations, legislations

Translation date: May-27th-2007

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Sedika Abu Sidey

27//42

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

of code of the trade related to pollution or environmental protection. The buyer received a copy of the Ministry of State for Environmental Affairs dated May 1999 addressed to the Head of the Tenth of Ramadan City Authority providing for the approval to grant the factory the required operation lenience based on the proved conformity with the provisions of the environmental code no. 4/1994.

### 4-11 EMPLOYEES:

Attachment 8 herein comprises a full and accurate list of all the managers and all employees working for the seller at the date of concluding this contract ("Employees"), including accurate information regarding their salaries and wages, incentives, bonuses and other monetary rights legally deserved for the employees. The list also provided for the employees calibers and summarized job description of each employee. The buyer is committed to sign other contracts with these employees according to the arrangement that shall take place with the seller within 30 days of the implementation date.

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

28//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

## ARTICLE 5

### BUYER ATTESTATIONS & GUARANTEES

The buyer attests and guarantees the following:

### 5-1 ESTABLISHMENT, PRESENCE & AUTHORITY OF THE BUYER

a. the buyer is:

    i. A company that is established as per the going standards and is legally existent under the laws of the Arab Republic of Egypt.

    ii. He has all the legal authorities and jurisdictions for signing, performing, and implementing this contract. all the legal procedures and the procedures regarding the shareholders, transactions and all the other procedures required to be taken by the buyer for allowing the signature, performing and implementing this contract and all the documents and instruments required and expected as per this contract and the operations expected as per this contract and the operations expected herein as per these documents were all performed according to the professional standards.

b. Signing, performing and implementing this contract together with the required documents and those expected from the buyer upon concluding this contract and

Translation date: May-27th-200..

Heliopolis Business Center
Certified Translation Office
83 Merghany St. Suite no. 3
(202) 29 181 76 / 010 18 909 69

Sedika AbuSeda

29//42

### Sarwat A. Shahid Law Firm
### In Affiliation with
### Weil, Gotshal & Manges LLP

performing the operations expected as per this contract and these documents:

    i. Shall not preach or conflict with any provision or condition in the establishment contract or corporate charter of the buyer. Or;

    ii. Shall not breach any law or by-law in force on the buyer.

c. All the contract, documents and instruments required or expected to be delivered to the buyer as per this contract had been performed or will be signed and finally delivered as should be and that these constitute or shall constitute the agreements and legal commitments and are valid and committing to the buyer and are executable according to the conditions relevant to each of them.

## 5-2   INSPECTING THE PURCHASED ASSETS,

## MACHINERY, & EQUIPMENT

a. The buyer sufficiently and adequately inspected the fixed and movable assets, spare parts and he states that he accepted these in their current condition.

b. The buyer performed the technical, economic and financial studies required before concluding this contract via specialized experts and had reviewed the operation

Helliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

30//42

Translation date: May-27th-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

schedules of the factory and is sure of its production capacity and that of the purchased assets of steel 52 and steel 37. he does not have any reason to object to the purchase based on any data or circumstances related to the production or to the purchased assets because he was handed over the production lines while they are in operation and production status and he had spend sufficient duration with the experts, technicians and his consultants and the consultants of the funding bank studying and assessing the factory status and its production capacity.

## 5-3 NO BROKER FEES

Neither this contract nor the sale and purchase of assets was conducted or expected to perform any relevant operation through a third party that represents or acts on behalf of the buyer in any capacity, thus deserving any fees or commission from the buyer.

## 5-4 INSURANCE:

The buyer shall insure all the purchased assets as of the date of hand-over to him.

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Sedika Abu Suda

31//42

Translation date: May-27[th]-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

## ARTICLE 6

### SELLER PLEDGES

The seller pledges and agrees to the following:

### 6-1 APPROVALS:

The seller shall, within his capability or the capability of his agents, employ his best efforts to enable the buyer to acquire or to exert efforts to enable him to acquire any approvals necessary for resuming the operations mentioned herein including without restriction the necessary approvals. The seller shall particularly pledge to take the appropriate procedures towards transferring the ownership of the lands, subject of this contract, through the Tenth of Ramadan City Authority to the name of the buyer and to grant the buyer a power of attorney to represent him before the Authority for completing these procedures and to sign for him on all the documents required.

### 6-2 KEY PERSONNEL:

The seller shall employ his best efforts in compliance with the conditions mentioned herein to convince the key employees of the seller to continue working for the buyer after the delivery date.

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 969 69

Translation date: May-27th-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

## 6-3 TRANSFERRING LICENSES AND PERMITS

The seller shall participate with the buyer and shall employ his best efforts to transfer and forsake to the buyer all his rights acquired according to the licenses and permits, including:

    a. Signing on all the forsaking documents and other instruments required for transferring the ownership and forsaking the licenses and permits, electric, gas and telephones contracts; provided that the seller shall sign any documents that requires his signature or includes any guarantee or compensation by the buyer regarding the buyer performance of his obligations related to the licenses, permits or licensed or permitted activities after the delivery date.

    b. Providing the government authorities that are responsible for the licenses and permits as well as the buyer with any information and documents that are in the possession of the buyer and may be required regarding the transfer of permits and licenses.

    c. Executing his obligations according to the permits and licenses; whether resulting from the contract or

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

33//42

Translation date: May-27th-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

according to the relevant laws in force, prior to the delivery date. These shall include payment of any renewal or annual fees or any other payments made to maintain the licenses ad permits that are due prior to the delivery date payments that will be due after the implementation date shall be exempted from this condition and will be paid by the buyer.

d. Handling any breach concerning any of the licenses and permits, related to the purchased assets, that may occur prior to the implementation date in case this breach has any adverse effect on the work or the purchased assets.

e. The buyer shall bare all the fees and expenses related to issuing or forsaking the licenses and permits implemented in compliance with this contract. He shall also pay all the other expenses that ma be paid to a third party in this regards.

### ARTICLE 7
### BUYER PLEDGES

**7-1 APPROVALS**

The buyer shall acquire the approvals that are not necessary for completing the operations mentioned in this contract;

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Sedika Abu Suda

34//42

Translation date: May-27th-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

including without limitation, assessing the necessary approvals prior or before the delivery date.

### 7-2 RETAINING THE EMPLOYEES

a. The buyer shall commit to employing all the permanent employees that were working for the seller on the implementation date, he shall maintain their salaries level and all their other contractual advantage together with the advantages determined by the law.

b. The buyer shall also maintain the employees appointed by limited duration contracts at the implementation date.

### 7-3 INSURANCES PAID BY THE SELLER

### TO ENERGY SUPPLY ENTITIES:

the buyer shall abide by tendering the letters of guarantee to all the entities supplying power, e.g. electricity, gas, etc. he shall retrieve the letters of guarantee or insurances tendered by the buyer to these entities and shall deliver these to him during fifteen days as of the contract signature date.

Heliopolis Business Center
Certified Translation Office
83 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

35//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

---

## ARTICLE 8

### DOCUMENTS REQUIRED ON DELIVERY
### - HANDING OVER THE PURCHASED ASSETS

### 8-1 SELLER'S DOCUMENTS

On the delivery date, the seller shall deliver the following items to the buyer:

a. Copies of the Seller's General Assembly resolutions stipulating on the approval to sign this contract and the documents and other certificates required or expected by virtue of this contract all certified by the Seller's Board Chairman and the Managing Director, depending on the case.

b. Copies of the Seller's General Assembly resolutions regarding their representatives possessing the right to signature on this contract, all certified by the Seller's Board Chairman.

c. Copy of the Seller's commercial register and a copy of the seller's corporate charter.

d. Copies of all the approvals ("Necessary Approvals") regarding the purchased assets, and regarding the purchased assets that can not be transferred or forsaken to the buyer at the time determined for delivery due to the inability of

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Translation date: May-27 2007

36//42

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

acquiring the approval or a necessary ratification by a third party.

e. A delegation that allows the buyer to transfer the ownership of the owned real estate from the seller to the buyer.

## 8-2 BUYER'S DOCUMENTS

On the delivery date, the buyer shall deliver the following items to the seller:

a. Certified Seller's approvals issued by the board of directors or the general assembly allowing the signature, hand over (delivery) and/or implementation of this contract and the documents and other instruments expected according to this contract.

b. Certified copies of the buyer's subscribers resolutions regarding the responsibility and the person delegated with the right to signature on this contract and the documents and other instruments expected according to this contract in the name of the buyer.

c. Exact and true copy of the establishment contract and a copy of the commercial register.

Heliopolis Business Center
Certified Translation Office
86 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Translation date: May-27th-2007

37//42

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

---

d. All the approvals, documents, instruments, and certificates reasonably requested by the buyer to complete the business transaction expected on the delivery date.

e. Purchase price according to item 3-2-c of this contract.

## ARTICLE 9

### NON-DISCLOSURE

before or after the implementation date, the seller and his agents and representatives undertakes to protect the commercial secrets, designs, secret operations and any information concerning the activity or that may refer to the activity, the products, clients, activity funds, any transaction, business deals or any other affairs to any person. He also undertakes not to use any of the information mentioned and shall exert his utmost effort to prevent the unraveling or propagation on such information. The buyer shall abide by not announcing this transaction before or after the implementation date except in coordination with the seller and according to his written approval as the seller is a subsidiary company of the Holding Company for Financial Investment, and as such, this holding company has a special nature that dictates secrecy for all its transactions and contracts.

Heliopolis Business Center
Certified Translation Office
89 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

38//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

## ARTICLE 10
### GENERAL PROVISIONS

**10-1 NOTICES:**

Any notices, claims, request, or further communications required or allowed according to the following shall be in writing and delivered to the address stated at the beginning of this contract. These shall also be sufficient if sent by fax together with registered mail or if sent by register or express mail:

| | |
|---|---|
| **The Seller:** | The seller's legal representative; the office of Sarwat Abdel Shahid Law Firm |
| Attention: | Mr. Sarwat Abdel Shahid, attorney at Cassation Courts |
| Fax no.: | 3935447 |
| Address: | 20-B Adley St., Cairo |
| **The Buyer:** | Egypt Steel Group |
| Attention: | Mr. Hamdy Abdel Wahab Abdel Wahab Mohamed Koutta |
| Fax no.: | |
| Address: | Parcel no. 1 East Port Said – Port Said Governorate |
| | |
| Copy to: | The Holding Company for Investment "Lakah Group" |
| Attention | The Chairman |
| Fax no.: | 4176223 |

Heliopolis Business Center
Certified Translation Office
83 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Translation date: May-27th-2007

39//42

Sedika Abu Seif

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

Alternatively, forwarded to the other addresses and fax numbers notified by the representative of each party.

**10-2 FEES & EXPENSES**

Both parties agreed to pay all the expenses, including without limitation the lawyers and accountants fees charged in concern with this contract or the operations expected as per this contract or the negotiations leading to concluding this contract.

**10-3 SUCCESSORS**

It is not permitted for any party to forsake his rights or obligations initiated under this contract without the written approval of the other party. This contract is committing and effective for both parties and their successors and the approved persons to whom forsake is permitted.

**10-4 COMPLETE CONTRACT – AMENDMENT:**

This contract together with its attachments and annexed schedules represents the complete agreement between the parties regarding the subjects mentioned herein and shall replace any prior negotiations or memorandums of understanding between the parties in the same concern. The conditions and provisions of this contract shall be amended

Translation date: May-27th-2007

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

Sedika Abu Suda

40//42

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

in writing only upon the signature of the Buyer and the Seller.

## 10-5 CONTRACT LANGUAGE:

This contract was entered in two original copies in the Arabic language. Each party received a signed copy to act accordingly.

## 10-6 APPLICABLE LAW – JURISDICTION – DISPUTES:

a. This contract is implemented as per the Laws of the Arab Republic of Egypt.

b. Any conflicts or disputes or claims arising or related to this contract or to breaching this contract or terminating or annulling it and can not be resolved via amicable means between the two parties shall be settled by arbitration conducted by a panel of three arbitrators headed by on of them according to the rules of Cairo Regional Center for International Commercial Arbitration. Arbitration shall take place in Egypt in the Arabic language.

c. The arbitration decision shall be final and committing to both parties and may not be petitioned nor file cassation case against. The

Heliopolis Business Center
Certified Translation Office
86 Merghany St. Suite no. 3
(202) 29 131 76 / 010 19 969 69

41//42

Translation date: May-27th-2007

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

arbitrators shall rule regarding the arbitration costs and fees.

**10-7 DIVISIBILITY:**

The impossibility to implement or the annulations of any section or item or article of this contract shall not affect the validity of the other provisions of the contract.

**10-8 NEGLECTING THE BENEFIT OF A RIGHT**

Not exercising or delay of practicing the right of any of the parties given by virtue of this contract shall not be regarded as weaving such right. Not practicing a right once or partially does not weave practicing the same right other times or practicing any other right. Weaving any right provided by virtue of this contract shall be admissible only if provided in writing, signed by the person responsible for this right, and may be subject to any conditions mentioned in this weaver.

**10-9 ABSENCE OF ANY BENEFICIARY THIRD PARTY:**

This contract does not give any third party, other than the contractual parties and their successors and those they forsake to any right or interest in this contract.

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 69

42//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

In witness thereof, this contract was signed by the representatives of the two parties in the day and year mentioned hereabove.

| | |
|---|---|
| Seller: | **The Arab Iron Factory Company** |
| Signature: | **Signed** |
| Name: | **Mr. Ramy Remoun Michael Lakah** |
| Capacity: | Chairman of The Holding Investment Company, delegated by the General Assembly of the selling company to sign this contract |

| | |
|---|---|
| Buyer: | **Egypt Steel Group Company** |
| Signature: | ***Signed*** |
| Name: | **Mr. Hamdy Abdel Wahab Abdel Wahab Mohamed Outta,** |
| Capacity: | Managing Director |

Heliopolis Business Center
Certified Translation Office
88 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 999 63

*Sedika Abu Seda*

43//42

Translation date: May-27th-2007