UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In the Matter of the Application of         )
                                             )
RAMY LAKAH and MICHEL LAKAH,                 )
                                             )
                         Petitioners,        )
                                             )
For a judgment pursuant to Article 75 of     )
the C.P.L.R. staying the arbitration         )
commenced by                                 )   07-CV-2799 (MGC) (FM)
                                             )
UBS AG, EXPORTERS INSURANCE                  )   **[PROPOSED]**
COMPANY, LTD., ARAB BANKING                  )   **ORDER DIRECTING THE**
CORPORATION, NATIONAL BANK OF ABU            )   **ISSUANCE OF A SUBPOENA**
DHABI and NATIONAL BANK OF OMAN,             )   **TO CARL BAKER**
                                             )
                         Respondents.        )
------------------------------------------------------------------x

**Cedarbaum, J.**

Upon the motion of Respondents-Cross-Petitioners for an Order, pursuant to 28 U.S.C. §1783, directing the issuance of a subpoena to Carl Baker ("Baker"), and

The evidence of record demonstrating that testimony by Baker and the production of documents or other things by him is necessary in the interest of justice, and

The evidence of record demonstrating that it is not possible to obtain Baker's testimony in admissible form without his personal appearance or to obtain the production of the documents or other thing in any other manner, it is hereby

ORDERED, that the Clerk of the Court shall issue a subpoena to Baker in the form attached hereto and shall deliver the subpoena to the attorneys for Respondents-Cross-Petitioners, who will arrange for service of the subpoena upon Baker;

AND IT IS FURTHER ORDERED, that service by means of a recognized international courier, such as DHL or Federal Express, shall be sufficient provided that

the courier provides a record of delivery to Baker or to a responsible person of suitable age at Baker's residence or place of business.

SO ORDERED.

Dated:  New York, New York
        July __, 2007

                                          _____
                                          MIRIAM GOLDMAN CEDARBAUM
                                          United States District Judge

⸙AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| RAMY LAKAH, et ano. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| UBS AG, et al. | Case Number:[1] 07-cv-2799 (MGC) |

TO: CARL BAKER
Villa Vinaigrier, 7 Boulevard Corne d'or
06230 Villefranche-sur-Mer, France

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The offices of Jeantet Associés, 87 Avenue Kléber, Paris (Cedex 16), France (or at another mutually convenient place) | August 9, 2007 at 9:30am (or on another mutually convenient date and time) |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A hereto.

| PLACE | DATE AND TIME |
|---|---|
| The offices of Jeantet Associés, 87 Avenue Kléber, Paris (Cedex 16), France (or at another mutually convenient place) | August 6, 2007 at 9:30am (or on another mutually convenient date and time) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DOCUMENT REQUESTS

1. All documents concerning Ramy Lakah in relation to any of the Issuer, Guarantors, or Successor Companies.

2. All documents concerning Michel Lakah in relation to any of the Issuer, Guarantors, or Successor Companies.

3. All documents concerning your role as an employee, director, or agent of any of the Issuer, Guarantors, or Successor Companies.

4. All documents concerning the actions of the board of directors of any of the Issuer, Guarantors, or Successor Companies.

5. All documents concerning any use, by Ramy Lakah, of assets of any of the Issuer or Guarantors for his personal benefit.

6. All documents concerning any use, by Michel Lakah, of assets of any of the Issuer or Guarantors for his personal benefit.

7. All documents concerning the commingling of any assets of any of the Issuer, Guarantors, or Successor Companies with another of the Issuer, Guarantors, or Successor Companies.

8. All documents concerning HCFI's sale of assets of ASF in or about 1999-2000.

## DEFINITIONS and INSTRUCTIONS

1. The term "Lakah Funding" and "Issuer" means Lakah Funding Limited.

2. The term "HCFI" means Holding Company for Financial Investments (Lakah Group), S.A.E.

3. The term "TMSE" means Trading Medical System Egypt, S.A.E.

4. The term "Medequip" means Medequip for Trading and Contracting, S.A.E.

5. The term "ASF" means Arab Steel Factory, S.A.E.

6. The term "Guarantors" means the aggregate of ASF, HCFI, TMSE and Medequip.

7. The term "MedTech" means Medical Technology, S.A.E.,

8. The term "Technowave" means Technowave, S.A.E.

9. The term "Life Care" means Life Care Technology, S.A.E.

10. The term "Successor Companies" means the aggregate of MedTech, Technowave and Life Care.

11. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

12. The term "document" is used herein in the broadest possible sense and includes, without limitation, all originals, copies (if the originals are not available), non-identical copies and drafts of the following items, whether printed or recorded (through a

sound, video, computer, digital, optical or magnetic recording system) or reproduced by hand: contracts, agreements, communications, writings, correspondence, telegrams, facsimiles, memoranda, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, e-mails, web-pages, electronic bulletin boards, ledgers, drafts, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, consultant's reports, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, notes, marginal notations, bills, invoices, checks, photographs, tape recordings, voice-mail recordings, videotapes, microfilm, microfiche, floppy diskettes, lists, journals, advertisements, file folders, computer tapes and hard drives, source code, object code or other computer language or recording, and any other writing of whatever description, however, produced or reproduced, within your possession custody or control, including documents within the files of your attorneys, consultants, accountants or agents.

13. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

14. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

15. "You" and "your" refer to Carl Baker.

16. The following rules of construction apply to the discovery requests in this Subpoena:

a.  The terms "all" and "each" shall be construed as all and each.

b.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

c.  The use of the singular form of any word includes the plural and vice versa.

17. Unless otherwise indicated the document requests cover all documents dated, prepared, sent, received, written upon, or altered on or after January 1, 1998.

18. You shall produce the documents and things, wherever located, which are described below and are in your possession, custody or control, or in the possession, custody or control of your agents, employees, trustees, attorneys, accountants, or other persons acting or purporting to act on your behalf.

19. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the enumerated requests in this demand. In addition, each document shall be produced in its entirety, without abbreviation or expurgation, including all attachments and enclosures.

20. If you do not produce any document or portion of a document requested herein under a claim of attorney-client privilege, work product doctrine, or other ground of non-production, submit for each document or portion of document withheld a written statement setting forth:

      a.    the nature of the privilege being claimed;

      b.    the type of document (letter, memorandum, etc.);

      c.    the general subject matter of the document;

      d.    the date, title and number of pages of the document;

      e.    the authors, recipients, addressees, and copyees of the document; and

      f.    the numbers of the Document Requests to which such document is responsive.

21.    If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be deleted or redacted, and the rest of the document shall be produced.