## COUNCIL OF STATE

## HIGH ADMINISTRATIVE COURT

## CIRCUIT I

In the hearing, held in open court, on Monday of 27.8.2001;

-under presidency of Mr.Justice, Dr./Farouk Abd Al-Bar,

-------------- Vice President of Council of State;

-with membership of each of:

Mr.Justice/ Ahmed Abdel-Fatah Hassan;

Mr.Justice/ Mostafa Said Hanafi;

Mr.Justice/Ahmed Abdel-Hamid Aboud; and

Mr.Justice/ Ahmed Mohamed Al-Mohawell;

---------- Vice Presidents of Council of State;

-and in presence of:

Mr./Kamal Naguib Marcis --------------- Court Secretary;

-the RULING hereinafter was issued;

-in connection with the two Challenges sub.nos.5329 & 5344/47 High J.;

-the first Challenge of which; being

### FILED BY:

### MR./ "RAMY RAYMON MICHEL LAKAH";

### VERSUS:

1- Mr./Minister of Interior, "in his capacity";

2- Mr./Speaker of the People's Assembly; "in his capacity";

3- Mr./Chairman of the Committee of Scrutinizing Objections Against Candidates For Membership of the People's Assembly, in Year 2000; "in his capacity";

4- Mr./Secretary General of the People's Assembly; "in his capacity";

5- Mr./Chairman of the State Legal Authority; "in his capacity";

6- Mr./Abdel-Ahad Mohamed El-Sayed Gamal El-Din; and

7- Mr./Mohamed Hassanein El-Shamy;

Authorized ..... 
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
27 Kasr El-Nil St., Chiro Tel. 3922174    2 8   12. 2001

2

Fan 101

-And the Second Challenge of which being,

### FILED BY:

1-   Mr./Minister of Interior; "in his capacity";

2-   Mr./Speaker of the People's Assembly; "in his capacity";

3-   Mr./Chairman of the Committee of Scrutinizing Objections Against Candidates For Membership of the People's Assembly; "in his capacity"; and

4-   Mr./Secretary General of People's Assembly; "in his capacity"; and

5-   Mr./Chairman of State Legal Authority; "in his capacity";

### VERSUS:

1-   Dr./Abdel-Ahad Mohamed El-Sayed Gamal El-Din;

2-   Mr./Ramy Raymon Michel Lakah; and

3-   Mr./Mohamed Hassanein El-Shimy;

- in connection with the Ruling issued from the Adm. Causes Court in Cairo;

- on Lawsuits sub.no.617, 885, 971, 1010, 1196/55J; in the hearing of 8.1.2001

### LEGAL PROCEEDINGS TAKEN:

On Thursday of 1.3.2001, Mr./Ahmed Fadel Abdel-Razek, attorney at Law, acting as representative on behalf of Mr./Gamil Halim Habib, attorney at law, duly empowered to plead before the High Adm. Court, in his capacity as attorney on behalf of Mr./Ramy Raymon Michel Lakah, lodged at the Clerks' Office of the Adm. Causes Court (Circuit VII), a Report on a Challenge, duly registered onto its ad hoc Causelist under sub no.5329/Y.47 H.J.;

- on the Ruling issued from the Adm. Causes Court in Cairo; (Circuit VII); in the hearing of 8.1.2001; on lawsuits sub.nos.617, 885, 971, 1010 &1196/Y.55J.;

-text of which ordering what follows:

Authorship & Translation
Scientific Bureau
**FOUAD NEMAH**
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El Nil St., Cairo

**First:**

Rejection  of the plea seeking lack of "venue" jurisdiction of the Court, to
hear the lawsuits,

-and ordering that it be duly empowered to hear such lawsuits;

**Second**:

Rejection  of  all pleas other than the foregoing ones, raised in connection
with these  lawsuits,  in  the manner indicated specifically pursuant to the
causes underlying such rejection;

**Third:**

Persistence   in   the   execution   of   the   Ruling   issued   on   lawsuit
sub.no.617/55J., in  the  hearing  of  5.11.2000,  together  with  all effects
entailed  therefrom,  in   the manner stated specifically in the causes of the
Ruling;

**Fourth:**

Revoking   the   Decision   of   the   Committee   of   Objections   Against
Candidates   For Membership of the People's Assembly For Year 2000, in
Cairo Governorate;

-in  terms   of what was included therein, concerning registering the Name
of  Mr./Ramy  Raymon  Michel  LAKAH, among  candidates  For  the
Constituency of El-Zaher & Al-Azbakia allocated to "Professionals";

-together with all effects entailed therefrom;

-particularly  the  exclusion of his name from the Statement of Candidates
For this Constituency;

**Fifth:**

Revoking  the Decree of Minister of Interior No.17106/2000, promulgated
on  9.11.2000,  in  terms   of  what  was  contained  therein,  concerning
announcing  that Mr./Ramy Raymon Michel LAKAH being the winner of
the  Seat  allocated to "Professionals" For the Constituency of El-Zaher &
Al-Azbakia Police Station, in Cairo Governorate;

Authorized Translation
Scientific Bureau
FOUAD NEMAH
1(a) Shorif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

4                                              Fan 101

-together with all that is to be entailed from such revocation; particularly his failure to acquire membership of the People's Assembly;

-and repeat of Elections De Novo, among all candidates for the Seat allocated to "Professionals" in this Constituency, excepting the above-named (i.e. Mr./Lakah) ;

-and ordered that the Adm. Entity concerned, be condemned to effect payment of (judicial) costs involved.

And in conclusion of the Report on the Challenge, the PETITIONER (i.e. Objector in connection with the Challenge) petitioned, owing to the causes incoming in his challenge, that a Ruling be issued; ordering:

-"That the Challenge be accepted "in form"";

-And "on merits":

 That the Challenged Ruling be quashed;

-That a Ruling be issued "DE NOVO"; ordering:

Principally:

**First** : Nullity of the Challenged Ruling; and nullity of what was adjudged thereunder;

**Second**: That the Memo on Evidence of falsifications be accepted "in form";

And "on merits" of alleging such falsification:

That the wording added via deletion and addition be annulled and return of the original ones – in the Minutes drawn up of the Hearing of 5.12.2000, and on the Roll of Mr.Justice/President of Circuit I of the Adm. Causes Court; and considering them null and void;

-together with all effects entailed from such nullity;

Authorship & Translation
Scientific Bureau
**FOUAD NEMAH**
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel 3922124
Accurate True Translation

-and particularly, nullity of the Challenged Ruling, and nullity of what was adjudged thereunder; as well as lack of Jurisdiction of Circuit VII for hearing the lawsuit, object of the Challenge;

-and referral thereof "as is", to Adm. Causes Court, so as to be resolved, "on merits" thereof, DE NOVO;

<u>And as a Subsidiary Measure: (ordering):</u>

**First:**  "That the Court lacks "venue" Jurisdiction; to hear the lawsuit;

**Second:**  That the lawsuit be dismissed, owing to non-existence of interest therein;

<u>And as a comprehensive precautionary measure (ordering):</u>

-That the lawsuit be rejected;

-That the Challenged Decision be duly confirmed;

-That the Sixth RESPONDENT and Seventh RESPONDENT be condemned to effect payment of costs, plus counsel's fees, at the two stages of litigation, under all circumstances.

And the **RESPONDENTS** had already been given notice of the Report on the Challenge in due course, in the manner made clear in the relevant papers.

And on Thursday of 1.3.2001, a Report was lodged from the State Legal Authority, in its capacity as representative on behalf of each of:

1-    Mr./Minister of Interior; "in his capacity";

2-    Mr./Chairman of the Committee of Scrutinizing Objections Against the Candidates for Membership of the People's Assembly; "in his capacity";

3-    Mr./Speaker of the People's Assembly; "in his capacity";

4-    Mr./Secretary General of the People's Assembly; "in his capacity";

5-    Mr./Chairman of the State Legal Authority; "in his capacity";

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4595219
37 Kasr El-Nil St., Cairo Tel. 3922/24
Accurate True Translation

6                                    Fan 101

(the State Legal Authority in its capacity referred to hereabove) lodged a Report of the Challenge at the Clerks' Office of the High Causes Court; and this Report was registered onto the Court Causelist udner sub.no.5344/47 H.J.; by way of a Challenge in connection with the Ruling referred to hereabove.

And the PETITIONERS (i.e. Objectors For Cassation) "in their capacities", petitioned in conclusion of the Report on the Challenge; and due to the causes incoming therein, that the nearest hearing to be held, be scheduled for hearing the Challenge, before the Circuit of Scrutinizing Challenges, affiliated to the High Adm. Court, so as issue a Decision; ordering:

-"Stay of execution of the Challenged Ruling, pending resolving "subject-matter" of the Challenge; and

-Referral of the Challenge to the High Adm. Court in order to issue a Ruling thereon; ordering:

First:    -That the Challenge be accepted "in form";

Second:   And "on merits":

           -That the Challenged Ruling be quashed;

           And that a Ruling be issued DE NOVO; ordering:

           Principally:

           That the Court lacks "venue" Jurisdiction to hear the lawsuit;

And as a subsidiary measure:

-That the petition seeking stay of execution of the Challenged Resolution, be rejected;

-That the **FIRST PETITIONER** and the **THIRD PETITIONER** – in whichever one of the two cases – be condemned to effect payment of costs, plus counsel's fees, at the two stages of litigation.

Authorship & Translation
Scientific Bureau
**FOUAD NEMAH**
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506216
37 Kasr El-Nil St., Cairo Tel. 3922424
Accurate True Translation

7                                                                        Fan 101

And the Report on the Challenge, was duly notified to the **RESPONDENTS**, in due course; pursuant to what was made clear in the relevant papers.

And as to the State Legal Authority, it submitted a Report on the Legal Opinion in connection with the two Challenges; in which it maintained what follows:

<u>First</u>:    That the wordings incoming in the Report on Challenge sub.no.5329/47 High J., and indicated in all details thereof in its Report – be deleted;

<u>Second</u>:    That the two Challenges be accepted "in form";

-And "on merits" thereof:

That they (i.e. the two Challenges) be rejected;

-And that the **PETITIONERS** be condemned to effect payment of costs.


And there was designated for hearing the two Challenges before the Circuit of Perusal of Challenges affiliated to this Court, a hearing due to be held on 21.5.2000; And in its hearing held on 18.6.2001, the Circuit issued a Decision ordering that the two Challenges be referred to the High Adm. Court (Circuit I – Subject-matter), so that these two Challenges be heard in the hearing of 8.7.2001 .

-And the Court heard the two Challenges, in the manner made clear in their relevant minutes; and subsequent to hearing what it ordered to be necessarily heard in terms of elucidations from the litigants, it issued its Decision ordering that the two Challenges be adjoined so that one Single Ruling be issued thereon in the hearing of 27.8.2001; and ordered also for whoever among the litigants, who would so desire to do so, to submit a MEMO of Defense thereof, in connection with the plea raised by the

Authorship & Translation
Scientific Bureau
**FOUAD NEMAH**
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

Fan 101

PETITIONER on Challenge sub.no.5329/47 High J.; and also on "subject-matter";

-And that being within 10 days;

-During which, the State Legal Authority, submitted on 16.7.2001, a Complementary MEMO, in which it cited its defense in connection with Challenge sub no.5344/47 High J.,

-Likewise, Dr./Abdel-Ahad Gamal El-Din, submitted on 17.7.2001, a MEMO of his defense on the two Challenges;

-And Mr./ "RAMY LAKAH", submitted on 19.7.2000 – that is to say subsequent to the time limit prescribed, a Complementary MEMO, containing his defense and in which the reiterated what had been previously petitioned by him, in hearings dedicated to pleading; And in the MEMO, submitted by him in the hearing of 18.6.2001, he petitioned therein, that a Ruling be issued; ordering:

-"Stay of execution of the Challenge; pending resolving lawsuit sub no.8/23J/Conflict, filed before the High Constitutional Court.

-And in the hearing, set for uttering the Ruling (27.8.2001), the Ruling was issued; and its draft, containing its causes, was lodged; pending uttering such Ruling, in open court.

## THE COURT

Subsequent to perusal of papers, and hearing elucidations; and thereafter deliberation; And whereas the two Challenges fulfilled their conditions prescribed, "in form";

And whereas elements of the litigation in connection with the two present Challenges, could be stated briefly in the points indicated specifically, hereinafter:

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 – 4506219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

9

Fan 101

❖ Dr./Abdel-Ahad Gamal El-Din, had filed lawsuit sub no. 617/66J, by way of lodging its citation, at the Clerks' Office of the Adm. Causes Court in Cairo, on 29.2000; and in conclusion of which, he petitioned thereunder that a Ruling be issued; ordering:

**First:**    That the lawsuit be accepted "in form";

**Second:**    That execution of the Decision of the Committee For Scrutinizing Objections Against Candidates For the People's Assembly, of Year 2000, in Cairo Governorate be stayed and annulled;

-in terms of what was included therein, concerning rejecting the objection submitted from the **PLAINTIFF** against the **FIRST DEFENDANT**, Mr./ "Ramy Raymon Michel LAKAH";

-and acceptance of the nomination    of the **FIRST DEFENDANT**, and registering his name among the Statement of Candidates allocated to "Professionals"  for the Constituency of El-Zaher & Al-Azbakia, in Cairo Governorate;

-And ordering that the Ruling he  implemented by virtue of its original draft, and without giving notice thereof;

-together with condemning he **FIRST DEFENDANT** to effect payment of costs"

-And by way of making clear his lawsuit, the **PLAINTIFF** made mention that the Adm. Causes Court, (Circuit of Individuals and Authorities), issued on 5.11.2000, a Ruling on lawsuit sub no.617/55J,

And the PLAINTIFF, in  support of his lawsuit, stated that he had submitted his candidature for  membership of the People's Assembly of Year 2000; and likewise, the **FIRST DEFENDANT**, Mr./ "Ramy Raymon Michel LAKAH", submitted his nomination  for the selfsame Constituency and in the same capacity;  And that he had  lodged an objection  against the inclusion of the name of the **FIRST DEFENDANT** in the Statements  of Candidates before the  Committee of Scrutinizing

Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis—
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3923224

10                                      Fan 101

Objections, due to his (Mr./LAKAH"s) forfeiture of conditions required form candidates for membership of the People's Assembly. On the grounds that he (i.e. the FIRST DEFENDANT) does not enjoy Egyptian nationality, and that his parents are not Egyptians; and that he also has not performed compulsory Military Service, and was not exempted from being conscripted and thereby forfeiting conditions required for nomination. Nonetheless, the Committee of Scrutinizing Objections, issued its Decision ordering acceptance of the Objection "in form" and rejection of subject-matter thereof – contrary to appropriate provisions of the law. Thus, he (i.e the PLAINTIFF) was prompted to file his present lawsuit pursuant to his petitions referred to.

And the Summary Section in the said lawsuit was deliberated in several hearings held by the Adm. Causes Court in Cairo (Circuit I), in the manner drawn up in their relevant minutes. And in the hearing of 5.11.2000, the Court issued its Ruling; ordering:

-"That the lawsuit be accepted "in form";

-That stay of execution of the Challenged Decision be carried out; together with all effects entailed from the foregoing order;

-That the Adm. Entity concerned, be condemned to pay up costs of this petition;

-And ordered that the Ruling be implemented by virtue of its draft and without giving notice thereof;

-And that the lawsuit be referred to the State Commissioners' Authority for preparation thereof;

-And that legal opinion be lodged on the petition seeking revocation".

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

Fan 101

And the State Commissioners' Authority lodged a motivated Report on the Legal opinion regarding subject-matter of lawsuit sub.no.617/55J., in which it maintained that a Ruling be issued ordering cancelling the Challenged Decision, together with all effects entailed from such cancellation – and that the Adm. Entity concerned, be condemned to pay up costs.

And on 6.11.2000, Dr./Abdel Ahad Gamal El-Din filed lawsuit sub no.885/55J, lodged its citation at the Clerks' Office of the Adm. Causes Court in Cairo, petitioning thereunder, in conclusion thereof that a Ruling be issued; ordering:

-"Persistence in implementation of the Ruling issued on lawsuit sub no.617/55J. in the hearing of 5.11.2000; and ordering:

"Stay of execution of the Decree promulgated by Mr./Minister of Interior, in terms of the nomination of the one against whom a complaint was lodged, namely: Mr./Ramy Raymon Michel LAKAH", for the Election of the People's Assembly of Year 2000, at the Constituency of El-Zaher & Al-Azbakia allocated to "Professionals";

-together with all effects entailed from such cancellation;

-particularly excluding him (i.e. Mr./Lakah) from among candidates for the said Constituency".

And the **PLAINTIFF**, mentioned in support of his lawsuit, that the Adm. Causes Court (Circuit of Individuals & Authorities), issued on 5.11.2000, a Ruling on lawsuit sub no.617/55J; ordering:

"Stay of execution of the challenged Decree".

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo
Accurate True Translation

12                                                    Fan 101

Nonetheless    Mr./Minister    of    Interior    endeavoured    to    obstruct
implementation  of the Ruling by way of filing an "Executive Complaint",
based  on  no legal or factual grounds; and refrained from implementation
of the Ruling despite being vested with execution by virtue of its draft.


-And petitioned that a Ruling be issued in his favor; ordering:
"Persistence in implementation of the Ruling"

-And   there was set for hearing the "Executive Complaint", the hearing of
7.11.2000,  in which the attendee on behalf of Mr./Ramy Raymon Michel
LAKAH, petitioned recusal  of  Circuit I, in the Adm. Causes Court, and
all Bench thereof.

-And  in  the  same  hearing,  the Court issued its Decision ordering
adjournment to  the hearing of 14.11.2000; pending resolving the petition
seeking recusal.

-And in  that hearing, the Court issued its Decision ordering adjournment
to  the hearing of 14.11.2000; pending resolving the petition seeking
recusal.

-And on 5.12.2000, the Court ordered adjoining this lawsuit to lawsuit
sub no.617/55J – so that one single Ruling be issued thereon.  And
ordered that it be referred to Circuit VII of the Adm. Causes Court to be
heard before it.

Likewise, Dr./Abdel-Ahad Gamal  El-Din filed Lawsuit sub no.971/55J,
by way of lodging its citation at the Clerks' Office of the Adm. Causes
Court,  on 11.11.2000; And in conclusion of his citation he petitioned that
a Ruling be issued thereunder; ordering:
-"That the lawsuit be accepted "in form";

Authorship & Translation
Scientific Bureau
**FOUAD NEMAH**
14(a) Sherif St., Heliopolis
Tel. 2567803 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922-34
Accurate True Translation

13                                          Fan 101

-Stay of execution and revocation of Mr./Minister of Interior's Decree, dealing with announcing Results of the Election of the People's Assembly of Year 2000, at the Constituency of El-Zaher & Al-Azbakia allocated to "Professionals", in terms of what was included therein comprising that Mr./ "RAMY RAYMON MICHEL LAKAH" , being the winner;

-together with all effects entailed form such revocation; particularly prohibiting the above-named (Mr./LAKAH) from taking the constitutional oath;

-And announcing the correct Results, in accordance with the valid provisions of the law – subsequent to excluding Mr./Ramy Raymon Michel Lakah, whose nomination was adjudged to be annulled;

-Together with condemning the **DEFENDANT** to effect payment of costs".

And in support of his lawsuit, the **PLAINTIFF** maintained what follows:

Notwithstanding the issue of a Ruling from the Adm. Causes Court, on lawsuit sub no.617/55J., in the hearing of 5.11.2000, ordering:

-Stay of Execution of the Decision issued form the Committee of Scrutinizing the Objections against the Candidates For Membership of the People's Assembly of Year 2000 – in terms of what was contained therein, concerning acceptance of papers relating to the nomination of Mr./ "RAMY RAYMON MICHEL LAKAH", at the Constituency of El-Zaher & Al-Azbakia allocated to "Professionals";

Nonetheless, Mr./Minister of Interior, despite having been given notice of this Ruling, refrained from implementation thereof, and empowered him (i.e. the above-named candidate) to enter into the Elections that were conducted on 8.11.2000. And Mr./Minister of Interior announced that the above-named candidate being the Winner of the Seat allocated to "Professionals" at the Constituency; in breach of the provisions of the law

International Translation
Scientific Bureau
FUAD NEMAH
4(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St. Cairo

14                                             Fan 101

and in violation of the determinative effect of Judicial Rulings. And thereupon he petitioned that a Ruling be issued in his favor, ordering that the foregoing petitions be awarded thereto.

And the said lawsuit was deliberated in several hearings held by the Administrative Causes Court, in Cairo, (Circuit I). And in the hearing of 5.12.2000, the Court issued its Decision; ordering:

"That this lawsuit be adjoined to lawsuit sub no.617/55J., so that one single Ruling be issued on both of them"; and

-That it be referred to Circuit VII, of the Adm. Causes Court".

And in the hearing of 18.12.2000, Circuit VII of the Adm. Causes Court, issued a Decision; ordering:

"That the State Commissioners' Authority be duly commissioned to prepare a Report of Legal Opinion thereon, prior to the day of 21.12.2000";

And accordingly, the State Commissioners' Authority lodged a Report on the lawsuit referred to, under sub no.971/55J., in which it was of opinion that a Ruling be issued; ordering

-"That the plea seeking lack of venue Jurisdiction of the Court, to hear the lawsuit, be rejected,

-That the lawsuit be accepted "in form";

-That the Challenged Decree be revoked, in terms of the results announced in respect of the People's Assembly Elections of Year 2000, at the Constituency of El-Zaher & Al-Azbakia, that announced that Mr./ RAMY RAYMON MICHEL LAKAH, was the "winner" of the seat allocated to "professionals";

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4500219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

-together with all that is to be entailed from such revocation;

-particularly conducting elections DE NOVO at this Constituency, among all the candidates, other than the above-named (Mr./LAKAH);

-and that the Adm. Entity concerned be condemned to effect payment of costs.

And additionally to the foregoing lawsuits, Mr./ Mohamed Hassanein El-Shimy, filed lawsuit sub.no.1010/55J, by way of lodging its citation at the Clerks' Office of the Adm. Causes Court, on 11.11.2000, and in conclusion of his citation, he petitioned thereunder, that a Ruling be issued; ordering:

"That announcing the results of Elections at the Constituency of El-Zaher & Al-Azbakia be stayed;

And in support of his lawsuit, he stated that he was among the candidates at the Constituency of El-Zaher & Al-Azbakia, for the Elections of the People's Assembly in Year 2000, and which was finalized on 8.11.2000; And added that these elections were vitiated with nullity due to causes that could be summed up in presence of discrepancies between statements of names of voters on the one hand and the those ones submitted from Ministry of Interior and the ones available within the Electoral Committees, thereby leading to bringing about confusion. And added that, his supporters were not capable of voting for him.

-Besides, there existed cards of voting thrown outside the Polling-Boxes.

-And that a Ruling was issued from the Adm. Causes Court ordering that Mr./RAMY RAYMON MICHEL LAKAH be excluded from Statements of candidates, due to being a holder of the French Nationality and yet such Ruling was not implemented.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

And accordingly, he petitioned that announcing Results of Elections at this Constituency be discontinued.

" Likewise, Mr./ Mohamed Hassanein El-Shimy filed lawsuit sub no.1196/55J, by way of lodging its citation at the Clerks' Office of the Adm. Causes Court, in Cairo, on 16.11.2000. And in conclusion of his citation, he petitioned thereunder that a Ruling be issued; ordering:

-"That the Minister of Interior's Decree ordering announcing Results of Elections of the People's Assembly at the Constituency of El-Zaher & Al-Azbakia, allocated to "Professionals", be annulled; and

-That the elections be conducted once more, prior to the convening of the People's Assembly in its first Session".

The PLAINTIFF based his lawsuit on what follows:

-"That Mr./ "RAMY LAKAH" happened to be his competitor in these Elections for the Seat allocated to Professionals in this Constituency.

There was issued against him (Mr./LAKAH) a Ruling from the Adm. Causes Court, on lawsuit sub no.617/55J, in the hearing of 5.11.2000 ordering:

"That his nomination be excluded; due to his being the holder of the French Nationality"

-And that despite the issue of the foregoing Ruling, Mr./Minister of Interior had not put this Ruling into effect; and therefore it is required that such nomination (of Mr./LAKAH) be annulled – together with all effects entailed from such nullity, in terms of casting of votes, sorting out votes and announcing Results.

-And he added that Elections must be conducted once more at that Constituency.

-And the PLAINTIFF concluded by petitioning that his foregoing petitions be awarded thereto.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808  4506216
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

-And this lawsuit was scheduled to be heard in the hearing of 21.11.2000, in which the Court issued its Decision ordering that the lawsuit be referred to the State Commissioners' Authority to prepare a Report of legal opinion thereon. In its Report, it maintained what follows:

-That the Challenged Decree be revoked, in terms of what was contained therein, announcing thereunder that Mr./ RAMY RAYMON MICHEL LAKAH was the winner of the seat allocated to "Professionals";

-together with all effects to be entailed from such revocation;

-particularly conducting elections DE NOVO, for the seat allocated to "Professionals" among all candidates, excepting the above-named candidate (Mr./LAKAH); and

-that the Adm. Entity concerned be condemned to effect payment of costs".

And in the hearing of 5.12.2000, the Adm. Judiciary Court, (Circuit I) issued a Decision ordering that this lawsuit be adjoined to lawsuit sub.no.617/55J, so that one single Ruling be issued thereon; and ordered referral of that lawsuit to Circuit VII of the Adm. Causes Court, to be heard before that Circuit.

And the lawsuits referred to, were deliberated in the hearings of the Adm. Causes Court (Circuit I), in the manner made clear in the relevant minutes of those hearings; and in the hearing of 7.11.2000, the attendee on behalf of Mr./ 'RAMY RAYMON MICHEL LAKAH", in connection with lawsuit sub.no.855/55J, petitioned recusal of Circuit I, in full Bench thereof. And the petition seeking such recusation was heard before Circuit II of the Court; and in the hearing of 26.11.2000, the Court issued its Ruling that ordered that the petition for recusation be rejected; and that the **PETITIONER** seeking such recusation be fined an amount of L.E.1000.00, in respect of each one among Messrs/ the Hon. Justices:

Scientific Bureau
FOUAD NEMAH
14(a) Shenf St., Heliopolis
Tel. 2567808 - 4505219
37 Kasr El-Nil St., Cairo Tel, 3922124
Accufate True Translation

President of the Circuit and members of the Circuit, whose recusation was claimed; and (ordered also) that the bail paid, be confiscated. And pursuant to that Ruling, the lawsuit was remitted once more to Circuit I, so as to have it resolved, together with the other lawsuits, relating thereto.

And in the hearing of 5.12.2000, Circuit I, of the Court, Decision was issued ordering that lawsuits sub no.885, 971, 1010 & 1196/55J, be adjoined to lawsuit sub.no.617/55J, so that one single Ruling be issued thereon.    Likewise, the Circuit referred to, issued a Decision, on its own accord, pursuant to which it withdrew from hearing these lawsuits and ordered their referral to Circuit VII, of the Adm. Causes Court, to be heard in the hearing of 18.12.2000.

And in implementation of the foregoing Decision, the foregoing lawsuits, were referred to Circuit VII, affiliated to the Adm. Causes Court; and were deliberated in its several hearings, in the manner made clear in the relevant minutes of those hearings. And in the hearing of 25.12.2000, Mr./ Gamil Halim Habib – attorney at law, and counsel on behalf of Mr./ "RAMY LAKAH" – stated existence of falsifications on the Roll relating to the hearing of 5.12.2000, maintaining that on the Roll of the Hon. Justice/President of Circuit I of the Court, a change in referral to Circuit VII, instead of Circuit V. And on 31.12.2000, the said attorney lodged at the Clerks' Office of the Court, a Report on the Challenge, owing to occurrence of falsifications onto the Roll of the hearing referred to; in which he reiterated what had been previously mentioned by him in the minutes of the hearing of 25.12.2000.

And in the hearing of 8.1.2001, the Adm. Causes Court in Cairo (Circuit VII) issued the challenged Ruling; ordering:

-"That the plea seeking lack of venue jurisdiction of the Court, to hear the lawsuits – be rejected;

-That all other pleas invoked be rejected;

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sheriff St., Heliopolis
Tel. 2567808 - 4206219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

-That the Decision of the Committee of Scrutinizing Objections Raised Against Candidates For Membership of the People's Assembly – be revoked; in terms of what was included therein concerning registering the name of Mr./ "RAMY RAYMON MICHEL LAKAH" among the Candidates at the Constituency of El-Zaher & Al-Azbakia;

-And that Decree No.17106/2000, promulgated by Mr./Minister of Interior be revoked; in terms of what was included therein in respect of announcing that the above-named (i.e. Mr./LAKAH) being the winner of the Seat allocated to "Professionals", as an M.P. For the Constituency referred to;

-together with all effects that are to be entailed from such revocation".

And the Court based its Ruling on the following grounds:

"That the plea expressed from the **FIRST DEFENDANT'S** counsel claiming falsifications onto the Roll of the Hon.Justice, Vice-President of the Council of State, who ordered referral of the lawsuit from Circuit I to Circuit VII, on the basis that the Referral Decision, had included referral to Circuit V and that such Decision was subsequently amended making it to Circuit VII. However, the Court finds that this plea is rebutted by the fact that the Adm. Causes Court, is the Court duly concerned about the lawsuits referred to. And after all, the Court is one single Entity, comprised of numerous Circuits; hence, whichever one among circuits thereof would be duly qualified to resolve these lawsuits, so long as the change referred to – on the assumption of validity thereof – would not entail the disregarding of one of the basic warranties for litigating. Besides, the change claimed to have taken place into the Roll of Decisions ordered by the Hon.Justice/ President of Adm. Judiciary Court, being nothing but a material fault that could have been set right, particularly when taking into account that Circuit I was inclined to order such referral to Circuit VII and not V. And the foregoing trend is

Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4500219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

elucidated and reaffirmed by the wording incoming in the Report on Referral, namely: (To be heard in the hearing of 18.12.2000) – which was the day on which hearings of Circuit VII and not those of Circuit V – would be held. Accordingly, the plea invoked by the **PLAINTIFF**, claiming falsification and petitioning referral to investigations, is found not serious, and the Court hereby orders that it be disregarded".

And in addition, the Court maintained what follows:

Concerning lawsuit sub.no.885/55J, petitioning thereunder revoking the passive Decision, in respect of refraining from implementation of the Ruling of the Adm. Causes Court, issued on the Summary (i.e. Urgent) Section, in lawsuit sub no.617/55J, on the assumption that an (executive) complaint was filed before a Civil Court, (the Court finds that) in accordance with the Ruling of the High Constitutional Court, on Lawsuit sub no.11/20, Constitutional Judicial (Conflict), an Adm. Causes Authority is to be regarded – to the exclusion of any other entity – as the Authority duly empowered to resolving litigations on which Rulings are issued. No matter whether the target aimed at, being proceeding implementation thereof or suspension thereof; hence, resorting to Court not duly qualified, for filing an executive complaint in connection with the execution of the Summary (Urgent) Section in lawsuit sub.no.617/55J, is to be regarded as tantamount to a material impediment which is to be disregarded. And accordingly subject-matter of lawsuit sub.no.885/55J. on Ruling in respect of the first "Executive Complaint" being continuance in the execution of the Ruling; and thereby requiring proceeding in the execution of this Ruling, together with all effects entailed from such continuance.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922424
Accurate True Translation

And the Court stated what follows:

"It is stipulated for the nomination concerning membership of the People's Assembly of Egypt that the Candidate concerned, be the holder of one singly nationality, namely, Egyptian nationality; and in such a way that if he combines between such nationality and a foreign one, such candidate would forfeit his eligibility for nomination. And that whereas it is duly confirmed, on the evidence of papers that the FIRST DEFENDANT, Mr./ "RAMY RAYMON MICHEL LAKAH", has acquired the French nationality; and accordingly a Decree No.1111/1991, dated 25.12.91, promulgated by Mr./ Minister of Interior, pursuant to which he was duly permitted to acquire such nationality, together with retaining his Egyptian nationality; and due to this cause, he was exempted from national and military service on 24.3.91. In other words, he was being considered of having dual nationalities; and thus a crucial condition among those ones required to be met for, membership of the People's Assembly was lacking. Hence, the Challenged Decree, in terms of what was included therein for acceptance of papers of his nomination, is regarded to have been issued in violation of the law and thus required to be revoked; together with all effects entailed from such revocation – the most important of which being writing off his name; from statements of Candidates of those entering Elections for the People's Assembly of Year 2000, at the Constituency of El-Zaher & El-Azbakia, in Cairo Governorate/ allocated to Professionals; – together with all effects that is to be entailed from such exclusion.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sheref St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

And the Court has dealt with the plea seeking lack of venue jurisdiction thereof, for hearing lawsuits sub nos.971, 1010 & 1196/55J.; and stated that whereas the provision of Article 93, in the Constitution stipulates that:

"The People's Assembly shall be concerned with resolving the question of validity of membership of its members – subsequent to conducting the investigations required by the Court of Cassation; yet this Jurisdiction would not "exhaust" the Jurisdiction of the Council of State, with a view to the fact that it is the Authority primarily concerned in hearing the disputes relating to proceedings emerging prior to the process of Elections in the technical and strict concept thereof. And whereas the jurisdiction for resolving the validity of membership of M.P.'s of the People's Assembly passes to the People's Assembly, yet that would be contingent on entry of the Candidate concerned into the such elections, while meeting all conditions required for nomination, together with his coming out successful in the Elections and that the Challenge filed be relating to the process of the Electoral Compaign itself, and the faults with which it has been tarnished. However, should a Candidate be allowed entry into the Election, while forfeiting one of the conditions required to be met for membership in the People's Assembly; in which case the volition of the voters is deemed to have come to inappropriate object. And the Minister of Interior's Decree, ordering announcing the result of the electoral Compaign would be looked upon as a Decree vitiated with a grievous defect, thus degrading it to a degree of non-existence and nullity, and so would not convey volition of the voters; and would be subject to control of legitimacy about which the Council of State would be duly concerned, in view of the fact that it is the Judge concerned with administrative litigations – and thus departing from the scope of Article 93, in the Constitution.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2807808 – 4506215
37 Kasr El-Nil St., Cairo Tel. 3922124

23                                          Fan 101

And the Court came to the conclusion that the Decree ordering announcing that Mr./ "RAMY RAYMON MICHEL LAKAH", being the winner of the Seat allocated to Professional at the Constituency, despite not meeting the conditions required for his acceptance as a Candidate, is regarded to have been issued null and void; and accordingly would not be productive of whatever effect. Nor would it have whatever legal status, or originate for its holder a right; and all proceedings based thereon, comprising taking the oath and the registration as an M.P. at the People's Assembly – all of which being deemed null and void. On the grounds that the volition of Voters, has come to an inexistent object, and being unfit to cast votes thereon. Accordingly, the Decree promulgated by Mr./Minister of Interior sub.no.17106/2000, in terms of what was included therein concerning announcing that the above-named person (Mr./LAKAH) is the winner of the seat allocated to Professionals at the Constituency of El-Zaher Police Station; and all effects entailed from such nullity – the most important of which being non-acquiring the status of M.P. in the People's Assembly.

And whereas the foregoing Ruling of the Adm. Causes Court was not met with approval from the PETITIONERS (i.e. Objectors thereagainst); hence, they hastened to challenge it, on the grounds of its being vitiated with nullity; as well as being in breach of the Constitution and the law, together with misapplication of the law. Actually, the **PETITIONER**, in connection with Challenge sub.no.5329/47 High J., imputed to the Challenged Ruling the following defects:

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

24    Fan 101

1- Nullity  of the Ruling due to being issued from a Circuit lacking jurisdiction, thus having usurped authority; and about which the lawsuit has not been legally and validly and appropriately connected. On the grounds that the Roll of the Hon.Justice/President of Circuit I of the Adm. Judiciary Court, was tarnished with falsifications and tampering as a Decision was issued in the hearing of 5.12.2000, that the lawsuit sub no.617/55J as well as other lawsuits relating thereto, be referred to Circuit V; and the wording in Circuit V was deleted, and there was put instead the wording "Circuit VII"; and adding that such concocted statement had been prejudicial thereto, and usurped jurisdiction of Circuit V, which was assigned to another Circuit, having no jurisdiction, namely: Circuit VII.   In addition, he stated that proceedings for filing a Challenge due to falsifications were taken by him; yet, Circuit VII, dealt with resolving subject-matter of the lawsuit, and adjudged it, notwithstanding lacking jurisdiction to hear the lawsuit.   Further, it is not legally nor validly connected with the lawsuit, and thereto nullifying the Challenged Ruling.

2- Non-acceptance of lawsuit sub no.885/55J., due to inexistence of the condition requiring interest therein; on the grounds that Mr./**Abdel-Ahad Gamal El-Din**, filed the lawsuit referred to, petitioning thereunder continuance in the execution of the Ruling issued on lawsuit sub.no.617/77J.     Nonetheless, a constitutional barrier occurred precluding from continuance in progression of proceedings relating to the lawsuit, namely: announcing the results of the Election Compaign, and that the PETITIONER being the winner in the People's Assembly. And accordingly the challenge filed for nullity of the elections should necessarily be submitted to the Speaker of the People's Assembly.

Authorship & Translation
Scientific Bureau
FOUAD NEMAH
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922124
Accurate True Translation

3- The Law of the Council of State is void of whatever provision regulating "Executive Complaints" before Administrative Courts, and neither has there been issued a law dealing with the proceedings to be taken before the Council of State; and accordingly the Civil Procedure Code would be applicable thereto.   And the "Executive Complaint" filed by the **PETITIONER** before the Court of Summary Matters, petitioning thereunder stay of execution of Ruling No.617/55J., against which a complaint is lodged, having "suspensive" effect; and Mr./Minister of Interior is to be refrained, by force of law, from execution of this Ruling. In other words, such elections are deemed to have been conducted in an appropriate manner. This consideration has not changed, by way of relying on the Ruling of the High Constitutional Court, issued on litigations sub.no.11/20J, in the hearing of 1.8.99; on the grounds that Rulings that would have a determinative effect, among Rulings of the High Constitutional Court, are those ones specifically mentioned under Article (49) in the law of the High Constitutional Court No.48/1979, which are those ones dealing with Constitutional Lawsuits; and likewise, Decisions relating to interpretation.   However, Rulings that would be issued concerning conflicting of Jurisdiction, would not acquire a status of determinative effect, except in so far as parties thereto are concerned – solely; and within the limit of the dispute dealt with. Further, the latter Rulings would not be binding on all the State Authorities; and had the lawmaker wished otherwise he would have expressly stipulated that, under Article 49, and of the necessity of having it published in the Official Gazette.

Authorship & Translation
Scientific Bureau
**FOUAD NEMAH**
14(a) Sherif St., Heliopolis
Tel. 2567808 - 4506219
37 Kasr El-Nil St., Cairo Tel. 3922424
Accurate True Translation