**Translation**

## Sarwat A. Shahid Law Firm
### In Affiliation with
### Weil, Gotshal & Manges LLP

---

schedules of the factory and is sure of its production capacity and that of the purchased assets of steel 52 and steel 37. he does not have any reason to object to the purchase based on any data or circumstances related to the production or to the purchased assets because he was handed over the production lines while they are in operation and production status and he had spend sufficient duration with the experts, technicians and his consultants and the consultants of the funding bank studying and assessing the factory status and its production capacity.

### 5-3 NO BROKER FEES

Neither this contract nor the sale and purchase of assets was conducted or expected to perform any relevant operation through a third party that represents or acts on behalf of the buyer in any capacity, thus deserving any fees or commission from the buyer.

### 5-4 INSURANCE:

The buyer shall insure all the purchased assets as of the date of hand-over to him.

31//42

Translation date: May-27th-2007

**Translation**

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

## ARTICLE 6
### SELLER PLEDGES

The seller pledges and agrees to the following:

**6-1 APPROVALS:**

The seller shall, within his capability or the capability of his agents, employ his best efforts to enable the buyer to acquire or to exert efforts to enable him to acquire any approvals necessary for resuming the operations mentioned herein including without restriction the necessary approvals. The seller shall particularly pledge to take the appropriate procedures towards transferring the ownership of the lands, subject of this contract, through the Tenth of Ramadan City Authority to the name of the buyer and to grant the buyer a power of attorney to represent him before the Authority for completing these procedures and to sign for him on all the documents required.

**6-2 KEY PERSONNEL:**

The seller shall employ his best efforts in compliance with the conditions mentioned herein to convince the key employees of the seller to continue working for the buyer after the delivery date.

32//42

Translation date: May-27th-2007

**Translation**

# Sarwat A. Shahid Law Firm
## In Affiliation with
## Weil, Gotshal & Manges LLP

---

### 6-3 TRANSFERRING LICENSES AND PERMITS

The seller shall participate with the buyer and shall employ his best efforts to transfer and forsake to the buyer all his rights acquired according to the licenses and permits, including:

a. Signing on all the forsaking documents and other instruments required for transferring the ownership and forsaking the licenses and permits, electric, gas and telephones contracts; provided that the seller shall sign any documents that requires his signature or includes any guarantee or compensation by the buyer regarding the buyer performance of his obligations related to the licenses, permits or licensed or permitted activities after the delivery date.

b. Providing the government authorities that are responsible for the licenses and permits as well as the buyer with any information and documents that are in the possession of the buyer and may be required regarding the transfer of permits and licenses.

c. Executing his obligations according to the permits and licenses; whether resulting from the contract or

Translation date: May-27th-2007

Sediku Abu Sida

33//42

**Translation**

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

---

according to the relevant laws in force, prior to the delivery date. These shall include payment of any renewal or annual fees or any other payments made to maintain the licenses ad permits that are due prior to the delivery date payments that will be due after the implementation date shall be exempted from this condition and will be paid by the buyer.

d. Handling any breach concerning any of the licenses and permits, related to the purchased assets, that may occur prior to the implementation date in case this breach has any adverse effect on the work or the purchased assets.

e. The buyer shall bare all the fees and expenses related to issuing or forsaking the licenses and permits implemented in compliance with this contract. He shall also pay all the other expenses that ma be paid to a third party in this regards.

## ARTICLE 7
## BUYER PLEDGES

**7-1 APPROVALS**

The buyer shall acquire the approvals that are not necessary for completing the operations mentioned in this contract;

34//42

Translation date: May-27th-2007

Translation

**Sarwat A. Shahid Law Firm
In Affiliation with
Weil, Gotshal & Manges LLP**

---

including without limitation, assessing the necessary approvals prior or before the delivery date.

### 7-2 RETAINING THE EMPLOYEES

a. The buyer shall commit to employing all the permanent employees that were working for the seller on the implementation date, he shall maintain their salaries level and all their other contractual advantage together with the advantages determined by the law.

b. The buyer shall also maintain the employees appointed by limited duration contracts at the implementation date.

### 7-3 INSURANCES PAID BY THE SELLER

TO ENERGY SUPPLY ENTITIES:

the buyer shall abide by tendering the letters of guarantee to all the entities supplying power, e.g. electricity, gas, etc. he shall retrieve the letters of guarantee or insurances tendered by the buyer to these entities and shall deliver these to him during fifteen days as of the contract signature date.

35//42

Translation date: May-27th-2007

**Translation**

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

## ARTICLE 8
### DOCUMENTS REQUIRED ON DELIVERY
### - HANDING OVER THE PURCHASED ASSETS

**8-1 SELLER'S DOCUMENTS**

On the delivery date, the seller shall deliver the following items to the buyer:

a. Copies of the Seller's General Assembly resolutions stipulating on the approval to sign this contract and the documents and other certificates required or expected by virtue of this contract all certified by the Seller's Board Chairman and the Managing Director, depending on the case.

b. Copies of the Seller's General Assembly resolutions regarding their representatives possessing the right to signature on this contract, all certified by the Seller's Board Chairman.

c. Copy of the Seller's commercial register and a copy of the seller's corporate charter.

d. Copies of all the approvals ("Necessary Approvals") regarding the purchased assets, and regarding the purchased assets that can not be transferred or forsaken to the buyer at the time determined for delivery due to the inability of

Translation date: May-27th, 2007

36//42

**Translation**

# Sarwat A. Shahid Law Firm
## In Affiliation with
## Weil, Gotshal & Manges LLP

---

acquiring the approval or a necessary ratification by a third party.

e. A delegation that allows the buyer to transfer the ownership of the owned real estate from the seller to the buyer.

### 8-2 BUYER'S DOCUMENTS

On the delivery date, the buyer shall deliver the following items to the seller:

a. Certified Seller's approvals issued by the board of directors or the general assembly allowing the signature, hand over (delivery) and/or implementation of this contract and the documents and other instruments expected according to this contract.

b. Certified copies of the buyer's subscribers resolutions regarding the responsibility and the person delegated with the right to signature on this contract and the documents and other instruments expected according to this contract in the name of the buyer.

c. Exact and true copy of the establishment contract and a copy of the commercial register.

37//42

Translation date: May-27th-2007

**Translation**

**Sarwat A. Shahid Law Firm
In Affiliation with
Weil, Gotshal & Manges LLP**

---

d. All the approvals, documents, instruments, and certificates reasonably requested by the buyer to complete the business transaction expected on the delivery date.

e. Purchase price according to item 3-2-c of this contract.

### ARTICLE 9
#### NON-DISCLOSURE

before or after the implementation date, the seller and his agents and representatives undertakes to protect the commercial secrets, designs, secret operations and any information concerning the activity or that may refer to the activity, the products, clients, activity funds, any transaction, business deals or any other affairs to any person. He also undertakes not to use any of the information mentioned and shall exert his utmost effort to prevent the unraveling or propagation on such information. The buyer shall abide by not announcing this transaction before or after the implementation date except in coordination with the seller and according to his written approval as the seller is a subsidiary company of the Holding Company for Financial Investment, and as such, this holding company has a special nature that dictates secrecy for all its transactions and contracts.

Heliopolis Business Center
Certified Translation Office
89 Merghany St, Suite no. 3
(202) 29 191 76 / 010 18 359 69

38//42

Translation date: May-27th-2007

**Translation**

# Sarwat A. Shahid Law Firm
## In Affiliation with
## Weil, Gotshal & Manges LLP

## ARTICLE 10
### GENERAL PROVISIONS

**10-1 NOTICES:**

Any notices, claims, request, or further communications required or allowed according to the following shall be in writing and delivered to the address stated at the beginning of this contract. These shall also be sufficient if sent by fax together with registered mail or if sent by register or express mail:

| | |
|---|---|
| **The Seller:** | The seller's legal representative; the office of Sarwat Abdel Shahid Law Firm |
| Attention: | Mr. Sarwat Abdel Shahid, attorney at Cassation Courts |
| Fax no.: | 3935447 |
| Address: | 20-B Adley St., Cairo |
| **The Buyer:** | Egypt Steel Group |
| Attention: | Mr. Hamdy Abdel Wahab Abdel Wahab Mohamed Koutta |
| Fax no.: | |
| Address: | Parcel no. 1 East Port Said – Port Said Governorate |
| Copy to: | The Holding Company for Investment "Lakah Group" |
| Attention | The Chairman |
| Fax no.: | 4176223 |

Translation date: May-27th-2007

39//42

Translation

## Sarwat A. Shahid Law Firm
### In Affiliation with
### Weil, Gotshal & Manges LLP

---

Alternatively, forwarded to the other addresses and fax numbers notified by the representative of each party.

**10-2 FEES & EXPENSES**

Both parties agreed to pay all the expenses, including without limitation the lawyers and accountants fees charged in concern with this contract or the operations expected as per this contract or the negotiations leading to concluding this contract.

**10-3 SUCCESSORS**

It is not permitted for any party to forsake his rights or obligations initiated under this contract without the written approval of the other party. This contract is committing and effective for both parties and their successors and the approved persons to whom forsake is permitted.

**10-4 COMPLETE CONTRACT – AMENDMENT:**

This contract together with its attachments and annexed schedules represents the complete agreement between the parties regarding the subjects mentioned herein and shall replace any prior negotiations or memorandums of understanding between the parties in the same concern. The conditions and provisions of this contract shall be amended

Translation date: May-27th-2007

40//42

**Sarwat A. Shahid Law Firm**
**In Affiliation with**
**Weil, Gotshal & Manges LLP**

in writing only upon the signature of the Buyer and the Seller.

### 10-5 CONTRACT LANGUAGE:

This contract was entered in two original copies in the Arabic language. Each party received a signed copy to act accordingly.

### 10-6 APPLICABLE LAW – JURISDICTION – DISPUTES:

a. This contract is implemented as per the Laws of the Arab Republic of Egypt.

b. Any conflicts or disputes or claims arising or related to this contract or to breaching this contract or terminating or annulling it and can not be resolved via amicable means between the two parties shall be settled by arbitration conducted by a panel of three arbitrators headed by on of them according to the rules of Cairo Regional Center for International Commercial Arbitration. Arbitration shall take place in Egypt in the Arabic language.

c. The arbitration decision shall be final and committing to both parties and may not be petitioned nor file cassation case against. The

41//42

Translation date: May-27th-2007

**Translation**

## Sarwat A. Shahid Law Firm
### In Affiliation with
### Weil, Gotshal & Manges LLP

---

In witness thereof, this contract was signed by the representatives of the two parties in the day and year mentioned hereabove.

| | |
|---|---|
| Seller: | **The Arab Iron Factory Company** |
| Signature: | **Signed** |
| Name: | **Mr. Ramy Remoun Michael Lakah** |
| Capacity: | Chairman of The Holding Investment Company, delegated by the General Assembly of the selling company to sign this contract |

| | |
|---|---|
| Buyer: | **Egypt Steel Group Company** |
| Signature: | *Signed* |
| Name: | **Mr. Hamdy Abdel Wahab Abdel Wahab Mohamed Outta,** |
| Capacity: | Managing Director |

Heliopolis Business Center
Certified Translation Office
83 Merghany St. Suite no. 3
(202) 29 131 76 / 010 18 903 09

*Sedika Abu Seda*

43//42

Translation date: May-27th-2007