# DB

**Facsimile Transmission**

NEW YORK
TEL: +1 212 259-8000
FAX: +1 212 259-6333

WASHINGTON, D.C.
TEL: +1 202 862-1000
FAX: +1 202 862-1093

LOS ANGELES
TEL: +1 213 626-3399
FAX: +1 213 625-0562

LONDON
TEL: +44 (0)171 456-6000
FAX: +44 (0)171 456-6001

HONG KONG
TEL: +852 2509-7000
FAX: +852 2509-7088

BUDAPEST
TEL: +36 1 374-2660
FAX: +36 1 374-2661

PRAGUE
TEL: +420 2 2494-9005
FAX: +420 2 2494-9010

WARSAW
TEL: +48 22 493-288
FAX: +48 22 498-023

## DEWEY BALLANTINE

1 UNDERSHAFT
LONDON EC3A 8LP
TEL 0171 456-6000   FAX 0171 456-6001

| From: | Louise Roman Bernstein | Tel. No. 0 171 456-6082 |
| Date: | February 24, 2000 | Total pages, including cover sheet: 3 |

*If there is a problem with this transmission, please call 0171 456-6109.*

| Addressee | Fax No. | Tel No. |
|---|---|---|
| Mr. Ramy Lakah Lakah Group | 00 202 417 6223 | 00 202 418 9621 |
| | | |
| | | |
| | | |
| | | |
| | | |

**Message:** *Please see attached.*

The information contained in this telecopy message is confidential and is intended only for the exclusive use of the individual or entity named above and may contain information that is attorney work product, privileged, confidential or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error please immediately notify us by telephone (call collect) to arrange for its return. Thank you.

| Fax Operator: | User Number: 901193 |
| Transmission time: | Matter: 663524 |

DEWEY BALLANTINE

# MEMORANDUM

TO:     Mr. Ramy Raymond Lakah

FROM:   Louise Roman Bernstein

DATE:   February 24, 2000

RE:     Sale of ASF

---

After repeated attempts to telephone both The Bank of New York and its counsel regarding the papers prepared in connection with the ASF sale, I was finally able to reach Trevor Blewer of The Bank of New York late yesterday. He has advised that the Officers' Certificate and Board resolution submitted to the Trustee are acceptable to The Bank of New York for purposes of the covenants set forth in the term and conditions of the Bonds and the Indenture; provided that a certified copy of the English translation of the Board minutes could be made available. As you know, Dewey Ballantine prepared an unofficial translation of the Board resolution, which was provided to The Bank of New York and its counsel for informational purposes.

Please arrange to have an official English translation of the Board resolution prepared and certified as a true copy thereof and send this to us as soon as possible. A copy of our unofficial translation is attached in the hope that it may be helpful to you in this process. Upon our receipt of the requested document, we will forward this to The Bank of New York, at which time we will expect to receive written confirmation that no issue arises under the Indenture or otherwise with respect to the Bonds in connection with the ASF sale.

Please call either Camille (he will be returning to the office on Monday, February 28, 2000 and available on his mobile during mornings and evenings prior to that time) or me with any questions.

Best regards.

L.R.B.

cc:     Camille Abousleiman

**Unofficial translation**

HOLDING COMPANY FOR
FINANCIAL INVESTMENTS
(LAKAH GROUP), S.A.E.

MINUTES OF THE MEETING OF THE
BOARD OF DIRECTORS
HELD AT 9.00 AM ON THURSDAY FEBRUARY 10, 2000

Pursuant to a call by Mr. Ramy Raymond Michel Lakah, Chairman of Holding Company for Financial Investments (Lakah Group), S.A.E. (the "Company"), to the members of the Board of Directors to attend a meeting of the Board to be held at the offices of the Company located at 68, Merghany Street, Heliopolis, Cairo, Egypt, at 9:00 a.m. on February 10. 2000, with the following agenda:

To authorize the sale of certain assets of Arab Steel Factory S.A.E. ("ASF"), one of the subsidiaries of the Company, provided the purchase price for the sale be equal to the Fair Market Value (as defined in the Indenture dated December 8, 1999 among the issuer, certain subsidiaries of the Company, including ASF, as guarantors, and The Bank of New York, as trustee, pursuant to which the Bonds due 2004 of the issuer, which is located in the British Virgin Islands; were issued of the assets to be sold).

The Board of Directors met at the time and place specified and the following persons were present at the meeting:

| | | |
|---|---|---|
| 1. | Mr. Ramy Raymond Michel Lakah | Chairman |
| 2. | Mr. Michel Raymond Michel Lakah | First Vice – Chairman |
| 3. | Mr. Ramy Mustapha Fadel Oda Pacha | First Vice – Chairman |
| 4. | Mr. Mohamed Ali Hamza Khadr | First Vice – Chairman |
| 5. | Mr. Abed El-Kader Mohamed Farid | Vice – Chairman |
| 6. | Mr. Madhat Sobhi Michail | Vice – Chairman |
| 7. | Mr. Ismail Saleh Abdoun | Member |

In addition, Mr. Mohamed Said Abdel Jalil attended the Meeting and served as secretary.

The Meeting was chaired by Mr. Ramy Raymond Michel Lakah (the Chairman) who explained that ASF, one of the subsidiaries of the Company, held extensive negotiations with the Egyptian company for [unable to translate the full technical name of the company] for the purpose of selling certain assets of ASF consisting of the land on which its factory is built in industrial zone A3 in the 10th of Ramadan City, including certain equipment and improvements which are built on the property.

The Chairman confirmed that the assets to be sold will be valued in accordance with the preceding statements regarding their fair market value and the Chairman confirmed that any sale pursuant to the offer received from the purchaser is subject to approval of Banque du Caire as guarantor of the Bonds issued by ASF maturing in 2005.

The Chairman added that ASF will maintain its ownership of the shares relating to the East Port Said Project with a land area of approximately 1,000,000 square metres and which is dedicated for the development of an HBI project. The Chairman proceeded to distribute to the Board Members a valuation relating to ASF which showed with precise detail the values of the assets to be sold by ASF.

The Board Members discussed the matters submitted for discussion by the Chairman regarding the sale of certain assets of ASF, and thereafter confirmed that the purchaser made a final offer for the purchase of the assets to be sold, that the purchase price included in such offer is equal to the fair market value of the assets, and based on the foregoing, adopted the following resolutions:

1.  RESOLVED, to grant final approval of the offer submitted by the purchaser [Egyptian company] for the purchase of certain assets of ASF.

2.  RESOLVED, that the payment of the agreed amount between the parties, which is the subject of the final offer from the purchaser, be made in cash upon signature of the purchase contract.

3.  RESOLVED, that ASF shall maintain ownership of its shares in ACIS, which is the owner of the project in East Port Said.

4.  RESOLVED, to authorize the Chairman to execute the contract of sale between ASF and the purchaser, to receive the purchase price, and to take all other action for the transfer of ownership of the assets to the purchaser.

Thereafter the Meeting ended at 10.30 a.m.


Secretary
(Signature)

Chairman
(Signature)

ACKNOWLEDGEMENT

I acknowledge that a copy of the Minutes of the Meeting of the Board of Directors of Holding Company for Financial Investments (Lakah Group), S.A.E. which took place on February 10, 2000 is included in the registry of the Minutes and that I am fully responsible for the accuracy of the contents therein and that no responsibility shall be attributed to the Capital Market Authority or the Government from the Company or any third party regarding those Minutes.


The Chairman of the Board


Ramy Ramond Michel Lakah
(Signature)

2

UK—38405.1

# DEWEY BALLANTINE

1 UNDERSHAFT
LONDON EC3A 8LP
TEL 0171 456-6000   FAX 0171 456-6001

# DB

**Facsimile Transmission**

From: Camille Abousleiman    Tel. No. 0171 456 6061
Date: February 17, 2000      Total pages, including cover sheet:

*If there is a problem with this transmission, please call 0171 456-6109.*

| Addressee | Fax No. | Tel No. |
|---|---|---|
| Lakah Group | | |
| Attn:    Mr. Ramy Lakah | 00 20 2 417 6223 | |
|          Mr. Mohamed Khadr | 00 202 417 4693 | |

**NEW YORK**
TEL: +1 212 259-8000
FAX: +1 212 259-6333

**WASHINGTON, D.C.**
TEL: +1 202 862-1000
FAX: +1 202 862-1093

**LOS ANGELES**
TEL: +1 213 626-3399
FAX: +1 213 625-0562

**LONDON**
TEL: +44 (0)171 456-6000
FAX: +44 (0)171 456-6001

**HONG KONG**
TEL: +852 2509-7000
FAX: +852 2509-7088

**BUDAPEST**
TEL: +36 1 374-2660
FAX: +36 1 374-2661

**PRAGUE**
TEL: +420 2 2494-9005
FAX: +420 2 2494-9010

**WARSAW**
TEL: +48 22 493-288
FAX: +48 22 498-023

**Message:** *Please see attached.*

The information contained in this telecopy message is confidential and is intended only for the exclusive use of the individual or entity named above and may contain information that is attorney work product, privileged, confidential or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error please immediately notify us by telephone (call collect) to arrange for its return. Thank you.

| Fax Operator: | User Number: 901189 |
|---|---|
| Transmission time: | Matter: 663524 |

DEWEY BALLANTINE

# MEMORANDUM

TO: Lakah Holding
Attn: Mr. Ramy Lakah
Mr. Mohamed Khadr

FROM: Camille Abousleiman
Louise Roman Bernstein

DATE: February 17, 2000

RE: Sale of Steel Assets

---

This memorandum follows up on extensive discussions yesterday with The Bank of New York and its New York counsel. We have prepared drafts of resolutions and certificates required by The Bank of New York pursuant to the terms of the Indenture in connection with the sale by ASF certain of its assets.

There are two provisions of the terms and conditions of the Bonds and the Indenture which appear to be relevant to the transaction:

- Section 14(a) of the terms and its equivalent in the Indenture applies to a sale of "all or substantially all of [a Guarantor's] properties or assets". On the basis of information that you have provided to us that Arab Steel will, following the sale, maintain ownership of significant assets and properties in the form of the land, contract rights and other assets consisting of the East Port Said Project and your determination that the assets and properties to be sold do not constitute all or substantially all of Arab Steel's properties or assets, we have prepared a form of an officers' certificate to be executed by two directors of Lakah Holding.

- It appears that Section 13, which applies to all disposals of assets by any Guarantor, must be complied with. Section 13 includes certain exceptions, which permit disposals of assets subject to certain conditions without the consent of the Bondholders. In order to take advantage of the relevant exception, Lakah Holding must certify to the trustee that the consideration received upon the sale of assets is at Fair Market Value and consists of at least 75% cash, payable in full at closing. The certification must be accompanied by a resolution of the board of directors of Lakah Holding as to the determination of Fair Market Value. We have enclosed for your convenience a form of such a resolution.

Please note the following:

- As you are aware, Dewey Ballantine has represented the managers in the bond issue, and as such, cannot render advice to you regarding the matter at hand. Please consider this letter as representing our informal views, provided to you as a courtesy. However, those views have been discussed with The Bank of New York and its counsel. Although we can make no representation on

behalf of The Bank of New York, we believe that there is a strong likelihood that it will accept the resolutions and certificates substantially as drafted. In any event, we suggest to provide them with a draft of the documents as soon as possible following your review of them and agreement as to their contents.

- In addition, Dewey Ballantine has not worked on the sale of the steel assets and has no knowledge of the actual terms of the sale. Accordingly, please review the attached documents carefully to make sure they conform with the facts as they have occurred and make the amendments which you deem appropriate.

We await to hear from you.

Best regards.

## Officers' Certificate

To: The Bank of New York, as Trustee
101 Barclay Street, Floor 21W
New York, New York 10286

February 16, 2000

Lakah Funding Limited
U.S.$ 100,000,000 12 per cent.
<u>Bonds due 2004 (the "Bonds")</u>

Dear Sirs:

We, being, respectively, [Chairman and Co-Chief Executive Officer and Vice-Chairman and Co-Chief Executive Officer] of Holding Company for Financial Investments (Lakah Group), S.A.E., a holding company incorporated with limited liability in the Arab Republic of Egypt (the "Company"), refer to the Indenture dated as of December 8, 1999 (the "Indenture") among Lakah Funding Limited (the "Issuer"); the Company and certain of its operating subsidiaries, including Arab Steel Factory S.A.E., as guarantors, and yourselves, as trustee, pursuant to which the Bonds were issued. Terms defined in the Indenture shall bear the same meanings when used in this Certificate.

In connection with the sale by ASF (the "ASF Sale") of certain of its assets, as more fully described in the resolutions of the Board of Directors of the Company attached hereto as <u>Annex A</u> (the "Resolutions"), and for purposes of demonstrating compliance with the Indenture and the Bonds, including in particular (but without limitation) Sections 1005(e) and (f) of the Indenture and the corresponding Conditions 13 and 14 of the Terms and Conditions of the Bonds, we hereby certify as follows:

1. The ASF Sale was completed [or will be completed] as of February •, 2000.

2. Attached hereto as <u>Annex A</u> are certain Resolutions adopted at a Meeting of the Board of Directors of the Company in connection with the ASF Sale thereof, which Resolutions have not been amended, superceded or repealed since the adoption thereof.

3. As required by Section 1005(e) of the Indenture and the corresponding Condition 13 of the Terms and Conditions of the Bonds, the assets sold by ASF pursuant to the ASF Sale were sold for Fair Market Value (the determination of the Board of Directors of the Company to this effect being evidenced by the Resolutions) and the purchase price received in connection with the ASF Sale was received, in full, by ASF simultaneously with the disposal of the subject assets, 100% in cash.

4. The ASF Sale does not constitute a sale of "all or substantially all" of the assets of any Guarantor, including ASF or the Company, for purposes of Section 1005(f) of the Indenture or the corresponding Condition 14 of the Terms and Conditions of the Bonds, inasmuch as ASF will retain

ownership of the East Port Said project more fully described in the Resolutions.

5. No Event of Default or other event, which with notice or the passage of time or both could become an Event of Default, has occurred or will occur as a result of the ASF Sale.

Yours faithfully,

---

Name: Mr. Ramy Raymond Lakah
Title: Chairman and Co-Chief Executive Officer

---

Name: Mr. Michel Raymond Lakah
Title: Vice-Chairman and Co-Chief Executive Officer

2

UK—38401.1

**Annex A**

HOLDING COMPANY FOR
FINANCIAL INVESTMENTS
(LAKAH GROUP), S.A.E.

RESOLUTIONS OF THE
BOARD OF DIRECTORS

Pursuant to a call by Mr. Ramy Raymond Lakah, Chairman of Holding Company for Financial Investments (Lakah Group), S.A.E., a holding company incorporated with limited liability in the Arab Republic of Egypt (the "Company"), a meeting of the Board of Directors of the Company was held on [•], 2000 at the registered office of the Company, located at 68, Merghany Street, Heliopolis, Cairo, Egypt, with the following agenda:

To authorize the sale of certain assets of Arab Steel Factory S.A.E. ("ASF"), a majority owned subsidiary of the Company, as more fully described below; and

To determine the Fair Market Value (as defined in the Indenture dated as of December 8, 1999 (the "Indenture") among Lakah Funding Limited (the "Issuer"); the Company and certain of its operating subsidiaries, including ASF., as guarantors, and The Bank of New York, as trustee, pursuant to which the U.S.$ 100,000,000 12 per cent. Bonds due 2004 of Lakah Funding Limited (the "Bonds") were issued) of the assets being sold.

The following Directors were present in person or represented by proxy [adjust as appropriate]:

| | |
|---|---|
| Ramy Raymond Lakah | Chairman |
| Michel Raymond Lakah | First Vice – Chairman |
| Ramy Mustapha Oda Pacha | First Vice – Chairman |
| Mohamed Ali Khadr | First Vice – Chairman |
| Farouk Abed Mohamed | Vice – Chairman |
| Abed El-Kader Farid | Vice – Chairman |
| Madhat Sobhi Michail | Vice – Chairman |
| Ismail Saleh Abdoun | Board Member |
| Sami Philip Toutounji | Board Member |
| Banque du Caire, S.A.E. (represented by Mr. Badwi Hassan Houssein) | Board Member |
| Chancie Carl Baker | Board Member |
| Brain Anthony Murphy | Board Member |

The Meeting was chaired by Mr. Ramy Raymond Lakah (the "Chairman") and [•] acted as Secretary (the "Secretary") of the Meeting.

The Chairman explained that ASF is engaged in advanced negotiations with [name of Purchaser] (the "Purchaser") for the sale (the "ASF Sale") of certain of its assets, consisting principally of [its 400,000 ton annual capacity meltshop located on approximately 33,500m$^2$ in the industrial zone in the 10th of Ramadan City, including a 55-ton electric arc furnace manufactured by Demag, a four strand continuous billet caster manufactured by Rocop and a variety of auxiliary equipment, including two power stations, a water treatment plant, an oxygen plant, workshops, steel scrap storage facilities, product storage warehouses, a laboratory and administrative offices] (collectively, the "ASF Sale Assets").

The Chairman noted that the ASF Sale Assets would be transferred to the Purchaser for consideration consisting of (i) the payment, in cash, of a purchase price of E£330 million, payable, in full, at closing, and (ii) the assumption by the Purchaser, or another entity acceptable to Banque du Caire, as guarantor, and the holders of the E£250 million 11 per cent. bonds due 2005 issued by ASF (the "ASF Bonds"), of the full liability of ASF in respect of the ASF Bonds.

The Chairman also noted that, following the disposal of the ASF Sale Assets, ASF would retain indirect ownership[, through its affiliate ACIS,] of the East Port Said Project, consisting of an allocation by the new communities authority of East Port Said of over 1 million square meters of land at East Port Said and an HBI production plant, which is currently in the development stage, [as well as ownership of certain other real property?].

The Chairman distributed copies to each Director of several valuations of the Company, which include valuations of the ASF Sale Assets.

After discussion and due consideration of the materials distributed, the Board of Directors adopted the following resolutions and gave its consent to the taking of the following actions:

RESOLVED, that the Company approve the sale by ASF of the ASF Sale Assets on the terms outlined to the Board, as set forth above;

RESOLVED, that, under the terms of the ASF Sale, the consideration to be received by ASF for the ASF Sale Assets constitutes Fair Market Value;

RESOLVED, that the Chairman Mr. Ramy Raymond Michel Lakah and [the First Vice-Chairman Mr. Michel Raymond Lakah] are hereby authorized to take any and all action and execute all agreements and other documents, including such Officers' Certificates as may be required under the Indenture, necessary or advisable to carry out the intent of these resolutions; and

RESOLVED, any and all acts of the Company, any director or ASF, or any duly authorized agents thereof, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as acts in the name and on behalf of the Company.