**LSK&D #: 574-6178 / 905384**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In the Matter of the Application of

RAMY LAKAH and MICHEL LAKAH,

|                                                 |                          |
|-------------------------------------------------|--------------------------|
|                                    Petitioners, | **07-CV-2799 (MGC)(FM)** |

                                                  **PETITIONERS'**
                                                  **RESPONSE TO FIRST**
                    -against-                     **SET OF**
                                                  **INTERROGATORIES**
for a judgment pursuant to Article 75 of the      **AND DOCUMENT**
C.P.L.R. staying the arbitration commenced by     **REQUESTS OF**
                                                  **RESPONDENTS-CROSS-**
UBS AG, EXPORTERS INSURANCE                        **PETITIONERS**
COMPANY, LTD., ARAB BANKING
CORPORATION, NATIONAL BANK OF ABU
DHABI and NATIONAL BANK OF OMAN,

                                    Respondents.

-----------------------------------------------------------------x

    **PLEASE TAKE NOTICE,** that Petitioners, RAMY LAKAH and MICHEL LAKAH by

their attorneys, LESTER SCHWAB KATZ & DWYER, LLP, responds to Respondents-Cross-

Petitioners' First Set of Interrogatories and Document Requests as follows:

## <u>GENERAL OBJECTIONS</u>

    1.  These General Objections are incorporated into each specific response and

objection set forth below.  Where a general objection is repeated or referred to in a specific

response, it is for emphasis only. Petitioners reserve the right to amend these responses and

objections. Petitioners reserve all objections to the use or admissibility of these responses and

objections (collectively, the "Response").

    2.  Petitioners object to the interrogatories and document requests to the extent

that they purport to impose obligations that are different from, or greater than, those established

or required by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York.

3. Petitioners object to the interrogatories and document requests to the extent that they seek information that is protected from disclosure pursuant to the attorney-client privilege or the attorney work product doctrine, or is otherwise privileged, protected, or exempt from discovery. In responding to these interrogatories, Petitioners have not provided any information that refers to or arises out of privileged discussions, interactions or transactions. Any disclosure of privileged material is inadvertent and shall not be considered a waiver of any applicable privilege, the work product doctrine, or other immunity.

4. Petitioners object to the interrogatories and document requests to the extent that they are overbroad, unduly burdensome, oppressive, duplicative, and cumulative and seek information that may be obtained from other sources that are more convenient, less burdensome, and/or less expensive.

5. Petitioners object to the interrogatories and document requests to the extent they call for the identification of "any" person with knowledge of a given subject on the ground that such a request is overly broad and unduly burdensome.

6. Petitioners object to the interrogatories and document requests to the extent that they purport to require persons to be identified with greater particularity than that which would enable plaintiffs to ascertain the identity of the persons listed, on the grounds that such a requirement is overbroad, unduly burdensome, and oppressive.

7. Petitioners object to the interrogatories and document requests to the extent that they are vague, ambiguous, fail to specify with reasonable particularity the information

sought, and/or would unreasonably require Petitioners to speculate as to the nature and/or scope of the information sought thereby.

8.  Petitioners object to the interrogatories and document requests to the extent that they purport to call for the disclosure of information not within the possession, custody or control of Petitioners.

9.  Petitioners object to the interrogatories and document requests to the extent that they purport to seek information already in respondents' possession, custody or control.

10. Petitioners object to the interrogatories and document requests to the extent that they purport to seek responses which may be derived or ascertained from documents, or from an examination, audit, or inspection of such documents, and the burden of deriving or ascertaining the response is substantially the same for plaintiffs as for Petitioners.

11. Petitioners object to the interrogatories and document requests to the extent that they call for information that relates to matters not raised by the pleadings, or that is not reasonably calculated to lead to the discovery of admissible evidence.  These responses and objections to the Interrogatories should not be construed as an admission that any of the requested information is relevant to any issue in this litigation.

12. Petitioners object to each and every definition, instruction and interrogatory contained in the interrogatories and document requests to the extent that any definition, instruction or interrogatory contains inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, events and pleadings underlying this action.  Any response shall not constitute Petitioners' agreement with or ratification of or acquiescence to any such description.

13. Petitioners object to the Definitions and Instructions to the extent that they purport to impose obligations that are different from, or greater than, those set forth in Local Civil Rules 26.1 and 26.3 and/or Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.    Identify each of the directors, officers (or senior-level managers in cases where there were no officers) of each of HCFI, TMSE, ASF, Medequip, MedTech, Technowave, and Life Care Technology, respectively, during the period June 1, 1999 to date.

**RESPONSE**: Petitioners incorporate by reference each and all of the above-stated general objections. Notwithstanding said objections, the Petitioners lack personal knowledge of the directors, officers or senior-level managers of MedTech, Technowave or Life Care, during the period June 1, 1999 to date. As to HCFI, TMSE, ASF and Medequip, relevant information will be provided.

2.    Identify each of the suppliers and licensors of goods and services sold by each of HCFI, TMSE, Medequip, ASF, MedTech, Technowave, and Life Care, respectively, during the period June 1, 1999 to date.

**RESPONSE**: Petitioners incorporate by reference each and all of the above-stated general objections. Notwithstanding said objections, Petitioners lack personal knowledge of the suppliers and licensors of MedTech, Technowave or Life Care, during the period June 1, 1999 to date. As to HCFI, TMSE, Medquip and ASF, relevant information will be provided.

3.    Identify each of the customers of each of each of HCFI, TMSE, Medequip, ASF, MedTech, Technowave, and Life Care, respectively, during the period June 1, 1999 to date.

**RESPONSE**: Petitioners incorporate by reference each and all of the above-stated general objections. Notwithstanding said objections, Petitioners lack personal knowledge of the customers of MedTech, Technowave or Life Care, during the period June 1, 1999 to date. As to HCFI, TMSE, Medquip and ASF, relevant information will be provided.

4.     Identify each of the outside accountants and auditors of each of HCFI, TMSE, Medequip, ASF, MedTech, Technowave, and Life Care, respectively, during the period June 1, 1999 to date.

**RESPONSE**: Petitioners incorporate by reference each and all of the above-stated general objections. Notwithstanding said objections, Petitioners lack personal knowledge of the outside accountants and auditors of MedTech, Technowave or Life Care, during the period June 1, 1999 to date. As to HCFI, TMSE, ASF and Medequip, relevant information will be provided.

5.     Identify each of the accounting and bookkeeping employees of each of HCFI, TMSE, Medequip, ASF, MedTech, Technowave, and Life Care, respectively, during the period June 1, 1999 to date.

**RESPONSE**: Petitioners incorporate by reference each and all of the above-stated general objections. Notwithstanding said objections, Petitioners lack personal knowledge of the accounting and bookkeeping employees of MedTech, Technowave or Life Care, during the period June 1, 1999 to date. As to HCFI, TMSE, Medequip and ASF, relevant information will be provided as to senior accounting and bookkeeping managers.

6.     Identify all legal counsel (both in-house and outside legal counsel) of each of LFL, HCFI, TMSE, Medequip, ASF, MedTech, Technowave, and Life Care, respectively, during the period June 1, 1999 to date.

**RESPONSE**: Petitioners incorporate by reference each and all of the above-stated general objections. Notwithstanding said objections, Petitioners lack personal knowledge of the legal counsel (both in-house and outside legal counsel) of MedTech, Technowave or Life Care, during the period June 1, 1999 to date. As to LFL, HCFI, TMSE, Medequip and ASF, relevant information will be provided.

## DOCUMENT RESPONSES

1.      All documents concerning any of the Successor Companies.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 1, if any, available to the Respondents.

2.      All documents comprising communications between Ramy Lakah or Michel Lakah or any company directly, indirectly, beneficially or effectively owned or controlled by either or both of them, on the one hand, and any of the successor companies (including any director, officer, or shareholder of any of the Successor Companies), on the other hand.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 2, if any, available to the Respondents.

3.      All documents concerning any transfer of funds, property, or stock from any of the Successor Companies (or from any director, officer, or shareholder of any Successor Company) to Ramy Lakah or Michel Lakah, or to any company directly, indirectly, beneficially or effectively owned or controlled by either or both of them.

6

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 3, if any, available to the Respondents.

4.    All documents concerning each transfer of funds, property or stock from any of the Successor Companies to (a) any guarantor, or (b) to any other Successor Company, or (c) to any other company directly, indirectly, beneficially or effectively owned or controlled by Ramy Lakah or Michel Lakah or both, or (d) to Ramy Lakah or Michel Lakah or (e) to any relative of Ramy Lakah or Michel Lakah.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 4, if any, available to the Respondents.

5.    For each of the Guarantors and Successor Companies, respectively, copies of agendas and minutes of (a) all board of director meetings; (b) all shareholder meetings, (c) all board resolutions; and a copy of its bylaws.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 5, if any, available to the Respondents.

6.    All documents concerning the sale or possible sale of ASF or of any of its assets, during the period 1999-2000, including concerning the proceeds of each such sale.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 6, if any, available to the Respondents.

7.    All documents concerning the remaining unsold assets of ASF after each sale of assets of ASF in 1999 and 2000.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 7, if any, available to the Respondents.

8.    All documents concerning each accusation, investigation, or legal proceeding against Ramy Lakah or Michel Lakah by the Egyptian government or any Egyptian governmental agency during the period June 1, 1998 to date.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections.

9.    All documents concerning the purchase or sale of the stock of any of the Guarantors or Successor Companies during the period 1998 to date.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 9, if any, available to the Respondents.

10.    All documents concerning the allegations in Paragraph 3 of the March 6, 2007 Affidavit of Ramy Lakah ("RL Aff.") that "Lakah Group took extensive steps to assure each

Lakah Group subsidiary company functioned independently, as a separate business entity, respecting all appropriate formalities, and conducting their businesses through properly capitalized operations."

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 1, if any, available to the Respondents.

11.    All documents concerning the allegations in Paragraph 6 of the March 14, 2007 Affidavit of  Michel Lakah that "HCFI took careful measures to make certain that each subsidiary company functioned independently, as a separate business entity, respecting all appropriate formalities, and conducting their businesses through properly capitalized operations.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 1, if any, available to the Respondents.

12.    All documents concerning the allegation in Paragraph 40 of the RL Aff. that "each of the individual companies had its own managing director, its own bylaws, its own signature protocols, its own balance sheets, and audited income statements.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 12, if any, available to the Respondents.

13.    All documents concerning the allegations in Paragraph 42 of the RL Aff. that "[e]ach company had its own decision making structure and operated as an independent entity. Each company's Board set its own policy and business goals."

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 13, if any, available to the Respondents.

14.    All documents concerning the allegations in Paragraph 40 of the RL Aff. that "[t]he managers [of the Guarantors] exercised full power and day-to-day control, in every aspect of operations, including but not limited to entering contracts, establishing purchase orders in amounts set by signature protocols, and negotiating with suppliers without any intervention by HCFI management."

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 14, if any, available to the Respondents.

15.    All documents concerning the allegations in Paragraph 44 of the RL Aff. that "[e]ach company had its own financial reporting process, its own balance sheets and income statements and filed its own tax documents, and annual auditor reports."

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 15, if any, available to the Respondents.

16.    All documents concerning the allegation in Paragraph 3 of the RL Aff. that "I did not dispose of the ASF asset in violation of the terms of the bond indenture."

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 13, if any, available to the Respondents.

17.    All documents concerning the allegations in Paragraph 43 of the RL Aff. alleging that "[m]y only dealings with the companies were on ordinary business terms."

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 17, if any, available to the Respondents.

18.    All documents comprising communications between Ramy Lakah or Michel Lakah or any company directly, indirectly, beneficially or effectively owned or controlled by either or both of them, on the one hand, and any of the Guarantors (including or any director, officer, or shareholder of any of the Guarantors) on the other hand.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections.

19.    All documents concerning Ramy Lakah's and/or Michel Lakah's direct, indirect, beneficial or effective ownership or control of the Guarantors, or of any stock or assets of any of the Guarantors.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-

privileged documents within their possession, custody and control, responsive to Request 19, if any, available to the Respondents.

20.    All documents concerning each transfer of funds, or property from each of the Successor Companies.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 13, if any, available to the Respondents.

21.    All documents concerning every transfer of funds in the amount of US $5,000 or more, from Ramy Lakah and/or Michel Lakah to (a) any of the Guarantors, or (b) any of the Successor Companies, or (c) any other company directly, indirectly, beneficially or effectively owned or controlled by Ramy Lakah or Michel Lakah or both.

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections.

22.    All documents concerning the allegation in Paragraph 11 of the RL Aff. that "[t]he HCFI companies were viewed by the financial community, generally, as a model for a successful Egyptian conglomerate."

**RESPONSE:** Petitioners incorporate by reference each and all of the above-stated general objections. Subject to the General Objections, Petitioners shall make all relevant, non-privileged documents within their possession, custody and control, responsive to Request 22, if any, available to the Respondents.

Dated:      New York, New York
            August 1, 2007

                        Respectfully submitted,

                        LESTER SCHWAB KATZ & DWYER, LLP


                        _____/s/_____
                        Lawrence A. Steckman (LAS-8020)
                        Attorneys for Petitioners
                        RAMY LAKAH and MICHEL LAKAH
                        120 Broadway
                        New York, New York  10271
                        (212) 964-6611

TO:

Gilbert A. Samberg, Esq.
MINTZ, LEVIN, COHN, FERRIS, BILOVSKY & POPEO, P.C.
666 Third Avenue
New York, NY  10017
212 935-3000
Attorneys for Respondents