# MINTZ LEVIN

Gilbert A. Samberg | 212 692 6804 | gasamberg@mintz.com

Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000
212-983-3115 fax
www.mintz.com

August 20, 2007

BY HAND
Hon. Miriam G. Cedarbaum
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street (Room 1330)
New York, NY 10007

Re:  In re Ramy Lakah, *et ano.* v. UBS, *et al.,* 07-CV-2799 (MGC) (FM)/Application by Respondents-Cross-Petitioners for an Order Directing the Issuance of a Subpoena to Carl Baker Pursuant to 28 U.S.C. §1783

Dear Judge Cedarbaum:

We are in receipt of a copy of a letter, dated August 16, 2007, to you from counsel for the Petitioners, Ramy Lakah and Michel Lakah. The gist of their letter is that, after having commenced this proceeding, Petitioners urge the Court to limit the discovery taken by their adversaries.

Respondents have pending a request for discovery authorized by statute (28 U.S.C. § 1783); *i.e.,* the deposition of Mr. Carl Baker, a U.S. citizen residing in France, who is a former Director and Officer of the Petitioners' Egyptian holding company and another of their companies. (Both of those Lakah companies guaranteed payment of a $100 million Eurobond, upon which they promptly and massively defaulted. The Respondents are bondholders.)

Petitioners' counsel admittedly consented to the pending application. In principle, that should end this Court's consideration of counsel's letter, even though counsel now evidently want to ignore their stipulation.

But we find no difficulty in addressing and disposing of counsel's arguments in any case.

First, if this witness resided in Suffolk County, New York, or in San Diego, California, and we had simply issued a subpoena to this former Director and Officer of two focal Lakah companies, counsel's current bandying about of phrases like "fishing expedition" or "shot in the dark" or "lack of good reason to take the Baker deposition," in such apparent disregard of the facts, would appear ludicrous indeed. It is no less ludicrous if the witness is located no farther away but in another country.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

4122349v.2
29763-002

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

August 17, 2007
Page 2

Second, counsel's suggestion that they might be inconvenienced by such a deposition is immaterial. Questions of convenience with regard to a subpoena are for the witness to raise. It is not a basis upon which counsel for wealthy Petitioners may stifle discovery by their adversaries. (As we have already assured the Court, Respondents intend to accommodate the witness's needs.)

Third, counsel's ploy of suggesting that the availability of Petitioners' witness, Mr. Murphy, should preclude the deposition of Mr. Baker, is folly. Even if Mr. Murphy had been an independent witness, such an argument would be ludicrous under the Federal Rules. However, Mr. Murphy is quite evidently not an independent or disinterested witness at all. He is, as he has long been, the Lakahs' spokesperson, and he has thus far submitted three declarations (dated July 9, 2007, July 16, 2007 and August 13, 2007) in support of the positions of the Petitioners (Ramy Lakah and Michel Lakah) in this proceeding, as well as in support of the positions of various Lakah companies in the related arbitration. Counsel were being coy when they stated that they have "a line of communication with Mr. Murphy". In fact, Mr. Murphy is in the Lakahs' hip pocket; hence, the Lakahs "agreed to produce him for deposition." Accordingly, Mr. Baker is the only other former Lakah company director (other than the Petitioners themselves) who we now know is within the reach of this Court.

Fourth, counsel's assertion that "Mr. Baker, we believe, has little relevant knowledge," is a bit of telling rhetoric. Mr. Baker was a member of the Board of Directors and a senior officer of two of the Guarantor companies, including the Lakahs' holding company, during the period of the Lakahs' manipulation of those companies to obtain the Respondents' investments. If Mr. Baker has no relevant knowledge, then it will certainly prove the point that the Lakahs dominated and controlled those companies exclusively, and that their Boards of Directors were shams. The deposition of Mr. Baker should be revealing in that regard.

Furthermore, counsel's argument that UBS should have no need to examine Mr. Baker because of what counsel alleges it "has shown" to the Court[1] is equally ludicrous. We need not respond to counsel's effort to spin a sympathetic story (especially one that is so easily disprovable). We are in discovery, and counsel's aim is transparently to block or impede their adversary's access to discovery. However, counsel have shown no legally cognizable grounds for abrogating the Federal Rules of Civil Procedure in this case.

Finally, we can assure the Court that there is no subject of discovery on the list that we provided on August 9 that is not demonstrably material to one of the established legal bases for arbitrability that Respondents will show (at trial) exist here. If Mr. Baker

---

[1] We assume that counsel is referring to Petitioners' prematurely submitted "motion" papers, which the Court indicated it was returning to counsel (Transcript of August 2, 2007 status conference ("Tr.") at p. 6, lines 11-12). However, this Court has made it clear that it knows the difference between counsel's arguments and the presentation of evidence at trial after the completion of discovery. (See, e.g., Tr. at 3, lines 6-9.)

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

August 17, 2007
Page 3

has no knowledge regarding a particular topic, then, naturally, little time will be spent on that topic. However, Mr. Baker unquestionably was in a position to observe matters that are pertinent and discoverable, and his deposition should be taken.

In sum, Respondents-Cross-Petitioners reiterate their request that the Court grant the pending motion (on consent) regarding taking discovery from Mr. Baker.

Respectfully submitted,

Gilbert A. Samberg

cc:   Lester Schwab Katz & Dwyer LLP
      Attn.: Dennis M. Rothman, Esq.
             Lawrence A. Steckman, Esq.
      (via E-mail and Telecopy)

4122349v.2
29763-002