Gilbert A. Samberg (GS-2610)
Kevin N. Ainsworth (KA-8493)
David L. Barres (DB-2129)
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, New York 10017
(212) 935-3000
(212) 983-3115 (facsimile)

*Attorneys for Respondents-Cross-Petitioners*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In the Matter of the Application of )
)
RAMY LAKAH and MICHEL LAKAH, )
)
    Petitioners-Cross-Respondents, )   07-CIV-2799 (MGC) (FM)
)
For a judgment pursuant to Article 75 of )
the C.P.L.R. staying the arbitration )   **NOTICE OF MOTION FOR**
commenced by )   **ISSUANCE OF SUBPOENA TO**
)   **AHMED MOUNIR EL-BARDAI**
UBS AG, EXPORTERS INSURANCE )   **PURSUANT TO 28 U.S.C. §1783**
COMPANY, LTD., ARAB BANKING )
CORPORATION, NATIONAL BANK OF )
ABU DHABI and NATIONAL BANK OF )
OMAN, )
)
    Respondents-Cross-Petitioners. )
------------------------------------------------------------ x

TO:   Lester Schwab Katz & Dwyer, LLP
      120 Broadway
      New York, NY 10271
      Attn:  Lawrence Steckman, Esq.
           Dennis M. Rothman, Esq.
      Counsel for Petitioners

      PLEASE TAKE NOTICE that respondents-cross-petitioners UBS AG, Exporters Insurance Company, Ltd., Arab Banking Corporation, National Bank of Abu Dhabi and National Bank of Oman will move this Court at the United States Court House, 500

Pearl Street, Courtroom 14A, New York, New York, 10007, on May 1, 2008, at 9:30 A.M. for an Order under 28 U.S.C. § 1783 directing the issuance of a subpoena requiring Ahmed Mounir El-Bardai, a citizen of the United States who is in Egypt, to appear as a witness before a court reporter at the Embassy of the United States, 8 Kamal El Din Salah Street, Garden City, Cairo, Egypt, and requiring Mr. El-Bardai to produce specified documents and things.

The motion is supported by the Declarations of Gilbert A. Samberg dated April 7, 2008 and April 16, 2007, together with the exhibits annexed thereto, the Memorandum of Law, the attached proposed Order and Subpoena, and all pleadings and proceedings previously had herein.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 3(C) of the Individual Practices of Judge Cedarbaum, answering papers, if any, shall be served so that they are received by respondents' counsel by April 23, 2008 at 12:00 noon, and reply papers, if any, shall be served so that they are received by petitioners' counsel by April 29, 2008 at 12:00 noon.

Dated:   April 8, 2008
         New York, New York

                                    MINTZ LEVIN COHN FERRIS GLOVSKY
                                    and POPEO, PC

                                    By: _____
                                        Gilbert A. Samberg (GS-2610)
                                        Kevin N. Ainsworth (KA-8493)
                                        David L. Barres (DB-2129)
                                    Chrysler Center
                                    666 Third Avenue
                                    New York, New York 10017
                                    (212) 935-3000
                                    (212) 983-3115 (facsimile)

4246416v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In the Matter of the Application of       )
                                          )
RAMY LAKAH and MICHEL LAKAH,              )
                                          )
                              Petitioners,)
                                          )
For a judgment pursuant to Article 75 of  )
the C.P.L.R. staying the arbitration      )
commenced by                              )    07-CV-2799 (MGC) (FM)
                                          )
UBS AG, EXPORTERS INSURANCE               )    **[PROPOSED]**
COMPANY, LTD., ARAB BANKING               )    **ORDER DIRECTING THE**
CORPORATION, NATIONAL BANK OF ABU         )    **ISSUANCE OF A SUBPOENA**
DHABI and NATIONAL BANK OF OMAN,          )    **TO AHMED MOUNIR**
                                          )    **EL-BARDAI**
                              Respondents.)
------------------------------------------------------------x

**Cedarbaum, J.**

  Upon the motion of Respondents-Cross-Petitioners for an Order, pursuant to 28 U.S.C. §1783, directing the issuance of a subpoena to AHMED MOUNIR EL-BARDAI ("El-Bardai"), and

  The evidence of record demonstrating that testimony by Mr. El-Bardai and the production of documents or other things by him is necessary in the interest of justice, and

  The evidence of record demonstrating that it is not possible to obtain Mr. El-Bardai's testimony in admissible form without his personal appearance or to obtain the production of the documents or other things in any other manner, it is hereby

  ORDERED that the Clerk of the Court shall issue a subpoena to Mr. El-Bardai in the form attached hereto and shall deliver the subpoena to the attorneys for Respondents-Cross-Petitioners, who will arrange for service of the subpoena upon Mr. El-Bardai; and it is further

  ORDERED that service by means of a recognized international courier, such as DHL or Federal Express, shall be sufficient, provided that the courier provides a record of delivery to Mr. El-Bardai or to a responsible person of suitable age at Mr. El-Bardai's residence or place of business.

2

SO ORDERED.

Dated:  New York, New York
        _____, 2008

                                                                                                    _____
                                                                                                     MIRIAM GOLDMAN CEDARBAUM
                                                                                                     United States District Judge

Issued by the

# UNITED STATES DISTRICT COURT
# SOUTHERN DISCTRICT OF NEW YORK

| RAMY LAKAH, et al. | SUBPOENA IN A CASE |
|---|---|
| V. | |
| UBS AG, et al. | Case Number:[1] 07-cv2799 (MGC) |

TO: AHMED MOUNIR EL-BARDAI
Villa 32
Road No. 85
Maadi, Cairo
Egypt

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME: |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, concerning the matters set forth in.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Embassy of the United States, 8 Kamal El Din Salah St., Garden City, Cairo, Egypt | May 20, 2008 at 9:30 a.m. (or another mutually convenient date and time) |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attachment A hereto.**

| PLACE | DATE AND TIME |
|---|---|
| The offices of Al Kamel Law Office, Al Kamel Law Building, Plot 52/B, The Industrial Zone Center, 6th of October City, Giza, Egypt (or at another mutually convenient place) | May 13, 2008 at 9:30 a.m. (or another mutually convenient date and time) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach this duty an appropriate sanction, which may include, but it not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3) (A) On timely, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall recognize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(d) Duties in Responding to Subpoena.
(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

4258327v.1

# **ATTACHMENT A**

Produce all documents within your possession, custody or control that are responsive to the following requests for production of documents. These requests cover all documents created or used from January 1, 1998 onward.

1.  All documents concerning any investigation by, on behalf of, or for the benefit of Banque du Caire ("BdC") of (a) Ramy Lakah, or (b) Michel Lakah, or (c) any company affiliated with either Ramy Lakah or Michel Lakah, or (d) any fraudulent activity of any of the foregoing.

2.  All documents concerning the direction, management, and/or control by Ramy Lakah and/or Michel Lakah of the affairs of Lakah Funding Limited, Holding Company for Financial Investments (Lakah Group), S.A.E. ("HCFI"), Medequip for Trading and Contracting, S.A.E. ("Medequip"), Trading Medical System Egypt, S.A.E. ("TMSE"), or Arab Steel Factory, S.A.E. ("ASF").

3.  All documents concerning meetings of the Board of Directors of HCFI, Medequip, TMSE, or ASF (each known individually as a "Guarantor," and collectively known as "Guarantors").

4.  All documents concerning the management of each Guarantor.

5   All documents concerning the financial condition and financial records of each Guarantor.

6.  All documents concerning shareholder meetings of each Guarantor.

7.  All documents concerning any sale or contemplated sale of the assets or stock of ASF.

8.  All documents concerning any communication or agreement between BdC, on the one hand, and Ramy Lakah or Michel Lakah, or any company affiliated with either of them, on the other hand, concerning the sale of the assets or stock of ASF.

9.  All documents concerning any communication or agreement between BdC, on the one hand, and Ramy Lakah or Michel Lakah, or any company affiliated with either of them, on the other hand, concerning the sale or purchase of the stock of HCFI.

10. All documents concerning the transfer or use of any of the proceeds of the sale of ASF's assets.

11. All documents concerning any lien held by BdC (including the creation and/or cancellation of each such lien) on the assets or stock of any company affiliated with either of the Lakahs.

12.   All documents concerning Technowave, S.A.E. or Medical Technology, S.A.E. or Life Care Technology, S.A.E.