```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In the Matter of the Application of

RAMY LAKAH and MICHEL LAKAH,

                    Petitioners,        OPINION AND ORDER

For a judgment pursuant to Article       07 Civ. 2799 (MGC)
75 of the C.P.L.R. staying
Arbitration commenced by


UBS AG, EXPORTERS INSURANCE COMPANY LTD.,
ARAB BANKING CORPORATION, NATIONAL BANK OF
ABU DHABI and NATIONAL BANK OF OMAN

                    Respondents.
----------------------------------X

APPEARANCES:

        FRANKFURT KURNIT KLEIN & SELZ, P.C.
        Attorneys for Petitioner Michel Lakah
        488 Madison Avenue
        New York, New York  10022

        By:  Ronald C. Minkoff, Esq.
             Jeremy S. Goldman, Esq.

        LESTER SCHWAB KATZ & DWYER LLP
        Attorneys for Petitioner Ramy Lakah
        180 Maiden Lane
        New York, New York  10038

        By:  Lawrence A. Steckman, Esq.
             Dennis M. Rothman, Esq.

        MINTZ LEVIN COHEN FERRIS GLOVSKY & POPEO, L.C.
        Attorneys for Respondents
        666 Third Avenue
        New York, NY 10017

        By:  Kevin N. Ainsworth, Esq.
             Gilbert A. Samberg, Esq.
```

**Cedarbaum, J.**

1

Petitioners Ramy and Michel Lakah move for a preliminary injunction prohibiting all proceedings against them in the arbitration entitled UBS AG, et al. v. Lakah Funding Ltd, et al. (ICDR Case No. 50 1 48 T 00251 06) (the "Arbitration"). Because the Supreme Court has held that "the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator," the motion is granted. AT&T Techs. v. Commc'ns Workers of America, 475 U.S. 643, 649, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986).

## BACKGROUND

On June 8, 2006, UBS *et al.* commenced the Arbitration against Lakah Funding Limited (the "Issuer"), the primary obligor and issuer of $100 million in Eurobonds, and *inter alia*, against four guarantors of the bonds. Ramy and Michel Lakah were also named as respondents, although Michel Lakah was not a signatory to the applicable arbitration agreements and Ramy Lakah signed only on behalf of the Issuer and guarantors and not in his personal capacity.

On March 19, 2007, Ramy and Michel Lakah petitioned the Supreme Court of the State of New York to stay the Arbitration as against them on the basis that they were not parties to the arbitration agreements. UBS *et al.* removed the petition to this court and are seeking to pierce the corporate veil in order to treat the Lakahs as if they were personally bound by the

2

arbitration agreements.  The Arbitration is pending before an arbitral tribunal of the AAA's International Center for Dispute Resolution.  The Lakahs have not appeared in or participated in the Arbitration in their personal capacities.

On January 5, 2009, the chairman of the arbitration panel advised counsel for USB *et al.*, the Issuer, guarantors and the Lakahs that the arbitration panel would commence the next phase of arbitration by first addressing the question of whether it has arbitral jurisdiction over Ramy and Michel Lakah.  In order to prevent the arbitration panel from determining whether they are bound by the arbitration agreements at issue, the Lakahs now move this Court for a preliminary injunction.

## DISCUSSION

A party seeking a preliminary injunction must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  Able v. United States, 44 F.3d 128, 130 (2d Cir. 1995) (per curiam).

For the purposes of this motion, the narrow question is what tribunal should determine whether the Lakahs should be treated as parties to the arbitration agreements between UBS *et al*. and the Issuer and guarantors.

3

The Supreme Court has held that a determination of whether a party is bound by an arbitration agreement must be decided by a court and not by arbitrators, unless the agreement clearly and unmistakably provides otherwise.  AT & T Techs., Inc. v. Commc'ns Workers of America, 475 U.S. 643, 648, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986); see also, First Options of Chicago, Inc. v. Kaplan, 131 L. Ed. 2d 985, 115 S. Ct. 1920, 1924 (1995).  If the arbitrators proceed to determine their jurisdiction over the Lakahs, the Lakahs will be irreparably injured because they will be forced to spend significant time and resources litigating this issue before a body lacking authority to decide that issue.  See Maryland Cas. Co. v. Realty Advisory Bd. On Labor Relations, 107 F.3d 979, 985 (2d Cir. 1997)(stating that the petitioner "would be irreparably harmed by being forced to expend time and resources arbitrating an issue that is not arbitrable.").

Accordingly, respondents are enjoined from participating in any arbitration proceeding on the question of whether the Lakahs are bound by the arbitration agreements.  That issue is now pending before this court.  I am sure, therefore, that the arbitrators will follow the law and will not make any determinations regarding Ramy or Michel Lakah until I have determined whether the arbitration agreements between UBS *et al.* and the Issuer and guarantors bind the Lakahs to arbitrate the claims of USB *et al.* against them.

## CONCLUSION

For the foregoing reasons, petitioners' motion to preliminarily enjoin the Arbitration as against them is granted. Respondents are enjoined from participating in any arbitration proceeding on the question of whether the Lakahs are bound by the arbitration agreements at issue.

The parties are directed promptly to provide a copy of this Opinion and Order to the members of the arbitration panel for UBS AG, et al. v. Lakah Funding Ltd, et al. (ICDR Case No. 50 1 48 T 00251 06).

SO ORDERED.

Date:     New York, New York
          March 6, 2009

                                    S/_____
                                       MIRIAM GOLDMAN CEDARBAUM
                                       United States District Judge