UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

RAMY LAKAH and MICHEL LAKAH,  :

                        Plaintiffs,  :

        -against-  :

UBS, AG, et al.,  :

                     Defendants.  :

----------------------------------------------------------x

**DISCOVERY ORDER**

07 Civ. 2799 (MGC) (FM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/26/10

**FRANK MAAS,** United States Magistrate Judge.

        During a discovery conference on March 9, 2010, I reserved decision as to

who should pay the costs associated with bringing witness Brian Murphy back to New

York to complete the second day of his deposition.  Mr. Murphy previously was deposed

for seven hours on February 21, 2008.  At the conclusion of that testimony, the

respondents argued that he should appear the next day to continue his testimony because

their  notice of deposition provided that the deposition would "continue day to day until

completed." (Murphy Dep. at 310).  Petitioners' counsel's position was that they had

agreed to reserve a second day on the theory that there might be a basis to continue the

deposition if the parties engaged in "hours of colloquy and arguments and disputes on the

record." (Id. at 308).   Since the deposition had instead been remarkably tranquil, the

petitioners contended that they were not required to afford the respondents any time for

questioning beyond the presumptive seven-hour limit set forth in Rule 30(d)(1) of the

Federal Rules of Civil Procedure.  (Id.).

After Mr. Murphy left the country, the respondents complained to the Court about the petitioners' failure to produce him for a second day. I subsequently reviewed the Murphy transcript, which confirmed that the respondents' questioning of him on preliminary matters had occupied far too much of the deposition time. Nonetheless, I determined that Mr. Murphy should be made available for a second seven-hour day. (Transcript of January 20, 2010 Discovery Conference at 4). At the time, the parties did not raise any question regarding who would be responsible for the costs associated with bringing Mr. Murphy back to the United States.

It further appears that neither side asked Judge Cedarbaum to rule with respect to the duration of the Murphy deposition prior to the date it began, or even while Mr. Murphy was in the United States. Which side shall pay the transportation and other expenses associated with a deposition is, of course, a question committed to the Court's discretion. Seema Gems, Inc. v. Shelgem Ltd., 93 Civ. 4493 (KMW), 1994 WL 86381, at *2 (S.D.N.Y. Mar. 16, 1994); Haymes v. Smith, 73 F.R.D. 572, 574 (S.D.N.Y. 1976). Here, the petitioners evidently did not indicate to the respondents before the deposition began that they were reserving the right to limit the deposition to one day if they considered a second day unnecessary. In fact, the first suggestion that this might be the petitioners' position appears on page 307 of the 311-page Murphy deposition transcript.

In these circumstances, I conclude that the respondents were not given adequate notice that they needed to allocate their time differently. Accordingly, I direct

2

the petitioners to pay any costs associated with having Mr. Murphy return to this country

for a second day of deposition. I further direct that Mr. Murphy be produced in New

York for that purpose by April 23, 2010.

        SO ORDERED.

Dated:      New York, New York
            March 26, 2010

                              FRANK MAAS
                        United States Magistrate Judge

Copies to:

Hon. Miriam G. Cedarbaum
United States District Judge

Lawrence A. Steckman, Esq.
Lester, Schwab, Katz & Dryer, LLP
(212) 267-5916     (fax)

Ronald C. Minkoff, Esq.
(212) 593-9175     (fax)

Gilbert A. Samberg, Esq.
Mintz Levin Cohn Ferris Glovsky & Popeo, PC
(212) 983-3115     (fax)

3