**LESTER SCHWAB KATZ & DWYER, LLP**
120 BROADWAY
NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX (212) 267-5916

**MEMO END...**

NEW JERSEY OFFICE
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

LAWRENCE A. STECKMAN
Writer's Direct Dial: (212) 341-4379
E-Mail: lsteckman@lskdnylaw.com

March 29, 2010

By fax to 212 805-6724

Hon. Frank Maas
United States District Court
500 Pearl Street, Rm. 740
New York, NY 10007

> As noted in my order, The Court has discretion in this area. I adhere to my earlier ruling notwithstanding my misrecitation of the facts.
> —FMaas, USMJ, 3/29/10

Re:  *Lakah v. UBS*, 07 CV 2799 (MGC) (FM)

Dear Judge Maas:

We ask the court to reconsider the March 26 order imposing the costs of a second session of the Murphy deposition on Ramy Lakah because the facts recited in the order are not what occurred. The March 26 order, at 2, states:

> [P]etitioners evidently did not indicate to the respondents before the deposition began that they were reserving the right to limit the deposition to one day if they considered a second day unnecessary. [T]he first suggestion that this might be petitioners' position appears on page 307 of the 311-page Murphy deposition transcript.

In fact, we repeatedly told Mr. Ainsworth before the February 21 deposition that we were limiting the deposition to one day, as Rule 30(d)(1) provides, and Mr. Ainsworth confirmed that understanding in writing:

> This confirms our agreement that the deposition of Brian Murphy will take place at Mintz Levin's New York office beginning on February 21, 2008. <u>Although you have not agreed to produce Mr. Murphy for second day of deposition, you have set aside February 22nd to allow for a continuation of his testimony.</u>

Ainsworth email, January 29, 2008, Exhibit 1 (emphasis added). We "set aside" a second day for the very reason stated in the order: we anticipated the possibility that deposition hours would be wasted by arguments between counsel. In my earlier January 15, 2008 letter to Mr. Ainsworth I confirmed that Mr. Murphy would be produced for a deposition for just one day, not multiple days. Exhibit 2.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-29-10

MEMO ENDORSE

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Frank Maas
March 29, 2010
Page 2

  Respondents would have had more than enough time to elicit all the information they wanted from Mr. Murphy had they not wasted time seeking information for their arbitration.

  Respondents knew our position -- one day with Murphy -- before the deposition took place. Their use of that deposition to seek information for another case was a tactical calculation. Imposing the cost of a second session with Mr. Murphy on Mr. Lakah would reward respondents' abuse of the deposition and disregard our clear notice to respondents of our position weeks before that deposition took place.

  We ask that respondents, not Mr. Lakah, pay for the further deposition of Mr. Murphy.

Respectfully,

Lawrence A. Steckman

Encs.

cc (by e-mail):

Ronald Minkoff, Esq.
Kevin Ainsworth, Esq.
Jeremy S. Goldman, Esq.
Gilbert Samberg, Esq.

1384639v2/574-6178

# Exhibit 1

Lawrence Steckman (x379)

| | |
|---|---|
| **From:** | Ainsworth, Kevin [KAinsworth@mintz.com] |
| **Sent:** | Tuesday, January 29, 2008 8:15 AM |
| **To:** | Lawrence Steckman (x379) |
| **Cc:** | Samberg, Gilbert |
| **Subject:** | Depositions of Brian Murphy and Michel Lakah |

Dear Larry:

This confirms our agreement that the deposition of Brian Murphy will take place at Mintz Levin's New York office beginning on February 21, 2008. Although you have not agreed to produce Mr. Murphy for a second day of testimony, you have set aside February 22 to allow for a continuation of his testimony. Can we start at 9:30 a.m. on the 21st?

As for Michel Lakah, you have said that he can be available to testify on February 25, 2008, in Montreal. Your clients have agreed to pay airfare and hotel costs for one attorney and one paralegal from Mintz Levin, but you prefer not to incur the hotel costs unless an overnight stay is necessary. We are looking into the travel arrangements and availability of a conference room, court reporter, videographer, and translator for that date, and we expect to know this week whether the date is good.

Our search for a translator is based on your statement that Michel Lakah would prefer to testify in French and your clients' agreement to pay the cost of the translator.

Best regards,
Kevin


Kevin N. Ainsworth
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue | New York, NY 10017
Phone: 212.692.6745 | Fax: 212.983.3115
E-mail: kainsworth@mintz.com  Web: www.mintz.com

---

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

# Exhibit 2

## LESTER SCHWAB KATZ & DWYER, LLP
120 BROADWAY
NEW YORK, N Y 10271-0071

(212) 964-6611
FAX: (212) 267-5916

LAWRENCE A. STECKMAN
Writer's Direct Dial: (212) 341-4379
E-Mail: lsteckman@lskdnylaw.com

NEW JERSEY OFFICE
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

January 15, 2008

Via E-mail: kainsworth@mintz.com

Kevin N. Ainsworth
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue
New York, NY 10017

   Re: **UBS AG, et al. v. Lakah Funding Limited, et al.**

Dear Kevin:

  This responds to your letter sent and received this morning and our conversation earlier today. You are mistaken on a number of points.

  I told you Brian Murphy could be available, in New York, any time during the week of February 18-22. I also told you Michel Lakah can be available in Montreal the week before that, and, that we would agree to pay for a ticket to Montreal for either you or Gil to depose him. I said we could arrange a place for the deposition, in Montreal, and you suggested you might want to make your own arrangements. You did not pick a day or days for each deposition, despite the fact I asked you to do so. That is where we were regarding Michel and Brian.

  I have confirmed that Murphy is available to be deposed in New York on February 20.

  I have confirmed that Michel is available to be deposed in Montreal any day during the week of February 11. It would be very difficult for me and for Michel to be available the following week and you're your schedule permits a deposition in Montreal any day during the week of the 11th.

  As for Ramy, I have repeatedly told you he is not medically able to testify for reasons set forth in the doctor's letter we delivered to you and to the arbitrators. The same is true for him being deposed; he is simply too ill. If you want me to go through the formality of making a motion, we will do so -- however, I suggest the following. You have stated you want your own expert to examine Ramy and we have agreed to let you do that, so long as the expert is neutral and agrees to strict confidentiality, for reasons we discussed.

  Until last Friday night, you did not raise the independent medical review since we stated, on the record and before the Panel, that we consented to having another independent doctor examine him. The only matter we discussed prior to last Friday regarding a future medical examination for Ramy Lakah, was your position that HCFI should pay for your review because you say you do not trust the doctor who examined him and provided a written opinion regarding Ramy's condition.

LESTER SCHWAB KATZ & DWYER, LLP

January 15, 2008
Page 2

    I suggest that we finalize arrangements by which to locate an independent doctor and have him examine Ramy. At that point, a protective order motion will be unnecessary. I tried to call you at 5:30 but did not catch you. I am available tomorrow.

                                  Very truly yours,

                                  LAWRENCE A. STECKMAN

LAS:ml
969851