```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
RAMY LAKAH and MICHEL LAKAH,

                Petitioners,            MEMORANDUM OPINION
                                        AND ORDER

        -against-
                                        07 Civ. 2799 (MGC) (FM)

UBS AG, EXPORTERS INSURANCE CO.,
LTD., ARAB BANKING CORP., NATIONAL
BANK OF ABU DHABI, and NATIONAL
BANK OF OMAN,

                Respondents.

----------------------------------X

APPEARANCES:

        SCHRADER & SCHOENBERG, LLP
        Attorneys for Plaintiff Ramy Lakah
        711 Third Avenue, Suite 1505
        New York, New York 10017

        By:  Bruce A. Schoenberg, Esq.

        FRANKFURT KURNIT KLEIN & SELZ, P.C.
        Attorneys for Plaintiff Michel Lakah
        488 Madison Avenue
        New York, New York 10022

        By:  Ronald C. Minkoff, Esq.
             Jeremy S. Goldman, Esq.

        MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO, P.C.
        Attorneys for Defendants
        Chrysler Center
        666 Third Avenue
        New York, New York 10017

        By:  David L. Barres, Esq.
             Gilbert A. Samberg, Esq.
             Kevin N. Ainsworth, Esq.
```

**Cedarbaum, J.**

  Petitioners Ramy Lakah and Michel Lakah initiated this proceeding in state court on March 19, 2007, seeking a stay of an arbitration under N.Y. C.P.L.R. § 7503(b) on the ground that they had not agreed with the Respondents to arbitrate. Respondents removed the case to this court. On June 29, 2009, I referred the case to Magistrate Judge Frank Maas for discovery supervision.

  On November 15, 2011, Judge Maas issued a discovery order in which, in part, he: (1) ruled that Raafat Sobhy and Medhat Sobhy were precluded from testifying as fact witnesses because Petitioners had failed to identify them as potential witnesses until after the close of discovery; (2) refused to disqualify Tamin Foda as an expert witness because there was no showing he had served as personal counsel for either of the Petitioners; and (3) barred the Petitioners from using Foda as a fact witness beyond inquiring about background services he provided to the Lakah Group. Petitioners now timely object to the discovery order under Federal Rule of Civil Procedure 72(a).

  Under Fed. R. Civ. P. 72(a), this Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." <u>See also</u> 28 U.S.C. § 636(b)(1)(A). None of Judge Maas's rulings is clearly erroneous or contrary to law.

Petitioners argue that the Sobhys should not be precluded for three reasons.  First, they contend that Respondents knew of the Sobhys' existence.  Second, they assert that the Sobhys could not be subpoenaed for deposition because they live in Egypt, which is not a signatory to the Hague Convention.  Neither of these reasons renders harmless Petitioners' failure to notify Respondents until two months after the close of four years of fact discovery of the possibility that they might call the Sobhys as witnesses.  See Fed. R. Civ. P. 37(c)(1).  Petitioners also argue that they intend to call the Sobhys as rebuttal witnesses.  However, the testimony the Sobhys would give purportedly relates to the workings of the Lakah Group, facts which Petitioners could testify to themselves.  Petitioners provide no explanation as to why the testimony these witnesses would purportedly give could not be elicited from available witnesses.

Petitioners next argue that Foda should have been disqualified as an expert witness because he served as in-house lawyer for the Lakah Group.  As Judge Maas ruled, there is no evidence Foda served as counsel for the parties in this case.  There is no allegation that Petitioners disclosed confidential information to Foda and there is no public interest in precluding his expert testimony.  See Grioli v. Delta Int'l Mach. Corp., 395 F. Supp. 2d 11, 13-14 (E.D.N.Y. 2005)

3

(collecting cases).  Foda was rightly allowed as an expert. Further, if Petitioners wished to call Foda as a fact witness, they had ample time during fact discovery to depose him.  Foda's service as an expert does not now require that he testify as a fact witness.

    For the foregoing reasons, Petitioners' objections to the discovery order are overruled.

SO ORDERED.

Dated:    New York, New York
           May 31, 2012

                              S/_____
                            MIRIAM GOLDMAN CEDARBAUM
                          United States District Judge