```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
RAMY LAKAH and MICHEL LAKAH,
                Petitioners,            OPINION

        -against-
                                        07 Civ. 2799 (MGC)

UBS AG, EXPORTERS INSURANCE CO.,
LTD., ARAB BANKING CORP., NATIONAL
BANK OF ABU DHABI, and NATIONAL
BANK OF OMAN,
                Respondents.

----------------------------------X

APPEARANCES:

        SCHRADER & SCHOENBERG, LLP
        Attorneys for Petitioner Ramy Lakah
        711 Third Avenue, Suite 1505
        New York, New York 10017

        By:  Bruce A. Schoenberg, Esq.

        FRANKFURT KURNIT KLEIN & SELZ, P.C.
        Attorneys for Petitioner Michel Lakah
        488 Madison Avenue
        New York, New York 10022

        By:  Ronald C. Minkoff, Esq.
             Jeremy S. Goldman, Esq.

        MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
        Attorneys for Respondents
        Chrysler Center
        666 Third Avenue
        New York, New York 10017

        By:  Gilbert A. Samberg, Esq.
             David L. Barres, Esq.
             Kevin N. Ainsworth, Esq.
```

**Cedarbaum, J.**

This action to stay arbitration was commenced in the Supreme Court of New York County on March 20, 2007.  Movants UBS AG, Exporters Insurance Co., Ltd., Arab Banking Corp., National Bank of Abu Dhabi, and National Bank of Oman removed the case to this court on April 6, 2007.  For almost five-and-a-half years, the movants have pursued discovery across the world in an effort to show that the guarantors on a bond issued by Lakah Funding Limited are alter egos of petitioners Ramy and Michel Lakah, and that the arbitration clauses, signed only on behalf of Lakah Funding Limited and those guarantors, bind Michel and Ramy Lakah as if they were signatories in their own behalf.  Now, after years of extensive discovery, the movants seek to dismiss this action, filed in 2007, on the ground that it is barred by a statute of limitations.  For the reasons that follow, that motion is denied.

## I.   BACKGROUND

On June 8, 2006, the movants commenced an arbitration against Lakah Funding Limited.  Ramy and Michel Lakah were also named as parties to the arbitration although Michel did not sign the arbitration agreements and Ramy signed only on behalf of Lakah Funding Limited and guarantors, not in his personal capacity.

Michel received notice of the arbitration demand on June 12, 2006. Ramy was served on July 20, 2006 although he disputes that he received actual notice at that time. On March 20, 2007, the Lakahs petitioned the Supreme Court of the State of New York County to stay the arbitration against them on the ground that they were not parties to the arbitration agreements. The movants removed the case to this court under the Federal Arbitration Act, 9 U.S.C. § 205.

In their lengthy memorandum of law opposing the petition to stay arbitration (filed April 17, 2007), the movants included a short section stating that the petition was time-barred for failure to comply with § 7503(c). They did not, however, assert this affirmative defense in their answer to the petition. Since that time, movants have pursued extensive discovery in an effort to establish that Lakah Funding Limited is an alter ego of Ramy and Michel Lakah. The movants have engaged in extensive litigation and have spent large sums of money litigating on veil-piercing theories. Although neither party has informed this court of how many depositions have been taken, in a prior motion to compel arbitration, the movants attached excerpts from five separate days of depositions for Ramy Lakah and two for Michel, as well as excerpts from the depositions of nine other individuals. For almost five-and-a-half years, between April 18, 2007 and September 25, 2012, the movants did not inform this

court or their opponents of their belief that the extensive rounds of discovery and related litigation the parties had been pursuing were completely unnecessary because the Lakahs were time-barred from seeking to stay arbitration on any ground. For the first time, on September 25, 2012, after discovery had ended, the movants asserted this defense in a motion to dismiss the Lakahs' petition.

## II.  DISCUSSION

N.Y. C.P.L.R. § 7503(c) provides that:

> A party may serve upon another party a demand for arbitration or a notice of intention to arbitrate, . . . stating that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time. . . . An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded. . . .

It is undisputed that more than twenty days passed between the time the Lakahs were served with notice of the demand for arbitration and the time they moved to stay arbitration. For that reason, movants argue that the Lakahs are barred from moving to stay arbitration. The Lakahs argue that they are not barred by the statute, arguing primarily: (1) that N.Y. C.P.L.R. § 7503(c) does not apply because this proceeding is governed by the Federal Arbitration Act; (2) that the twenty day time limit does not apply to those, like the Lakahs, who are not parties to

4

the arbitration agreements; and (3) that movants have waived any right to apply § 7503(c) to them by failing to assert this affirmative defense in their answer.

Courts in this circuit have disagreed on the close question of whether N.Y. C.P.L.R. § 7503(c) applies to actions governed by the Federal Arbitration Act. It is also a close question whether movants' motion fails under <u>Matter of Matarasso (Continental Casualty Co.)</u>, 56 N.Y.2d 264 (1982), in which the New York Court of Appeals set out the circumstances in which § 7503(c) does not apply.

It is well established that a party that has not asserted an affirmative defense in its answer to a complaint has waived that defense. <u>Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.</u>, 967 F.2d 742, 751-52 (2d Cir. 1992). Movants argue that by denying an allegation in the Lakahs' petition that "this proceeding is timely," and stating in paragraph 7 of their cross-petition to compel arbitration that they had served the Lakahs pursuant to § 7503(c), they raised the affirmative defense of timeliness. Under any reasonable interpretation of the rules of pleading, denying "mere surplusage" in an answer, as movants did, is not an effective substitute for explicitly raising an affirmative defense. See <u>Croney v. Louisville & Nashville R. Co.</u>, 14 F.R.D. 356, 358 (S.D.N.Y. 1953).

The movants contend, however, that they were not required to file an answer in this case. They analogize to 9 U.S.C. § 6, which states that applications under the Federal Arbitration Act "shall be made and heard in the manner provided by law for the making and hearing of motions." Based on that statute, the movants argue that Fed. R. Civ. P. 8(c) -- which requires that any statute of limitations defense be raised in response to a pleading -- does not apply since the movants were not responding to a pleading as defined in Fed. R. Civ. P. 7. Cf. Novak v. Petsforum Grp., Inc., No. 02 Civ. 2978 (DLI), 2005 WL 1861778, at *1 (E.D.N.Y. Aug. 1, 2005) (holding that failure to raise personal jurisdiction in a response to a motion for default judgment did not constitute waiver of that objection because that response was "not a 'responsive pleading'").

Essentially, the movants seek the functional equivalent of leave to amend. They wish to assert an affirmative defense that, at a minimum, they have not previously asserted in a meaningful way. The caselaw on leave to amend is instructive. This court "plainly has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant.' The burden to explain a delay is on the party that seeks leave to amend." MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir. 1998) (per curiam) (quoting

6

Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990)).

First, the movants have provided no explanation for abandoning their statute of limitations defense for almost five-and-a-half years.

Second, allowing the movants to raise the statute of limitations defense prejudices the Lakahs by creating a need for further discovery.

Section 7503(c) states that "[a]n application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand." (emphasis added). The Lakahs do not dispute that service of the demand for arbitration complied with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which preempts inconsistent state court rules. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699, 108 S. Ct. 2104, 2108, 100 L. Ed. 2d 722 (1988). Ramy Lakah does dispute, however, whether he was served in a way that comports with due process. He asserts that he did not reside at the residence in France at which service was attempted on July 20, 2006, because he had moved to London the prior month. He asserts that he only received the relevant documents "many months later" after corporate respondents to the arbitration forwarded their papers to him. "An elementary and fundamental

7

requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). If Ramy Lakah was not properly served, the limitations period has not yet begun to run as to him. Whether the methods that were used to serve Ramy Lakah were reasonably calculated to afford him notice of the demand for arbitration would, at a minimum, require additional briefing and additional discovery.

Even without additional discovery, the fact that this issue is being raised now, after discovery has already closed, prejudices the Lakahs. In Creswell, the court held that the combination of an "inordinate delay," a lackluster excuse for the delay, and the fact that the new claim had not been raised until a month after that party had responded to a summary judgment motion prejudiced the opposing party. 922 F.2d at 72. Although the movants did not wait quite as long as the party in Creswell, they inexplicably waited until after the close of discovery to raise this issue in a meaningful way. Given how long and hard the Lakahs have fought against arbitration on the merits, even the prospect of being forced to arbitrate due to the § 7503(c) bar, coupled with the protracted discovery that

8

has taken place on the understanding that it would determine whether this dispute is arbitrable, is alone sufficient to constitute prejudice.

The movants have waived their right to assert the time bar of § 7503(c).  They, and the Lakahs, should now proceed to litigate the issue of arbitrability on the merits.

For the foregoing reasons, the motion to dismiss the Lakahs' petition as untimely is denied.

SO ORDERED.


Dated:    New York, New York
          May 21, 2013

                              S/_____
                                 MIRIAM GOLDMAN CEDARBAUM
                                 United States District Judge

9