# MINTZ LEVIN

Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000
212-983-3115 fax
www.mintz.com

Gilbert A. Samberg | 212 692 6804 | gasamberg@mintz.com

March 4, 2014

Hon. Miriam Goldman Cedarbaum
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  Lakah, et ano. v. UBS, et al., No. 07 Civ. 2799 (MGC)(FM) / Respondents' Pending Application for Summary Disposition Compelling Arbitration / Scheduling of Oral Argument

Dear Judge Cedarbaum:

On behalf of the Respondent - Bondholders, we reply to a letter to the Court, dated March 4, 2014, from counsel for Petitioner Michel Lakah ("ML Counsel's Ltr.") concerning the conduct of oral argument on the Bondholders' pending application for summary disposition compelling the Lakahs to arbitrate.

We note that counsel have expressed their strong desire to be relieved as quickly as possible as attorneys for Mr. Lakah (who, they represented, has not had any substantive communication with them in quite a while). Counsel even asserted inaccurately that they have already been "relieved as Michel's counsel" except for their "arguing the pending motions by all parties for summary disposition." (ML Counsel's Ltr. at 1.) But no such order has issued. Indeed, we have yet to see a motion filed by Michel Lakah's counsel.

And in their haste to sprint to the exit, counsel would subvert the Court's regular processes. Because counsel committed themselves to represent Michel Lakah at least until the pending motion is fully argued and taken *sub judice*, they have been motivated by their admitted self-interest (*id.*) to ask the Court to curtail and terminate oral argument immediately.

Counsel's request would cause inequity. When we began oral argument on February 26, the Lakahs' counsel first sought to block argument on the merits of the Respondents' application for summary disposition; then argued that their objections to certain of Respondents' evidence should be treated as a separate motion (they even referred to their objections, quite anomalously, as a "motion *in limine*"); and they insisted that they be heard on their sideshow objections before the Court heard the merits of the pending motion. Thus, most of our time on February 26 was taken up by arguments

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Honorable Miriam Goldman Cedarbaum
March 4, 2014
Page 2

concerning procedure and by the Lakahs' recitation of their objections to certain evidence. And when we recessed on February 26, Ramy Lakah's attorney said that he was not nearly done in that regard. When he eventually is done, Respondents will wish (a) to respond to the Lakahs' evidentiary objections, (b) to argue in support of their application for summary disposition (under FAA §4) compelling arbitration, and (c) to oppose the Lakahs' argument that their petition to stay arbitration should be granted summarily instead. It is in that context that counsel has asked the Court to curtail further argument and to close the record on the pending motion after 2 hours on March 20. But fairness dictates that the Respondent-Bondholders be permitted to address the merits of their motion and to counter the Lakahs' ancillary opposition. "Judicial economy" is not achieved by closing the courthouse doors to bar a full airing of the issues.

Judicial economy might better have been served if the Lakahs had not wasted the Court's resources with a petition that they made, prolonged for an extended period, and then evidently abandoned. It would be best if the Lakahs now forthrightly informed the Court that they have abandoned this proceeding, consistent with ML's counsel's reports; that would achieve judicial economy. If the Lakahs do not do that, and the Respondent – Bondholders must litigate their application for summary disposition, then the Lakahs' request to curtail or foreclose Respondents' opportunity to argue that motion fully should be rejected.

We renew Respondents' request to schedule additional dates after the limited period we will have on March 20 during which to continue oral arguments on the pending issues.

Respectfully submitted,

Gilbert A. Samberg

Enclosures

cc: Frankfurt Kurnit Klein & Selz PC
    Attn: Ronald C. Minkoff, Esq. (via email)
    Schrader & Schoenberg, LLP
    Attn: Bruce Schoenberg, Esq. (via email)