UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
RAMY LAKAH and MICHEL LAKAH,

                    Petitioners,          OPINION

          -against-                       07 Civ. 2799 (MGC)


UBS AG, EXPORTERS INSURANCE
COMPANY, LTD., ARAB BANKING
CORPORATION, NATIONAL BANK OF ABU
DHABI, and NATIONAL BANK OF OMAN,

                    Respondents.

---------------------------------X

APPEARANCES:

          SCHRADER & SCHOENBERG, LLP
          Attorneys for Petitioners
          711 Third Avenue, Ste. 1803
          New York, NY 10017

          By:  Bruce A. Schoenberg, Esq.

          MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
          Attorneys for Respondents
          666 Third Avenue, 25th Floor
          New York, New York 10017

          By:  Gilbert A. Samberg, Esq.
               Kevin N. Ainsworth, Esq.
               David L. Barres, Esq.

**Cedarbaum, J.**

Respondents UBS AG, Exporters Insurance Co., Ltd., Arab Banking Corp., National Bank of Abu Dhabi, and National Bank of Oman move to collaterally estop Petitioners Ramy and Michel Lakah from disputing at trial the findings of the Arbitration Panel as set forth in the Interim Award on Phase 1 Issues dated December 19, 2008 (hereinafter "Arbitration Award").  For the reasons below, their motion is denied.

**BACKGROUND**

On June 8, 2006, Respondents commenced an arbitration against the Lakah Group in connection with the 1999 offering of a $100 million Eurobond, executed by Lakah Funding Limited and guaranteed by Holding Company for Financial Investments, S.A.E. ("HCFI"); Medequip for Trading and Contracting, S.A.E. ("Medequip"); Trading Medical System Egypt, S.A.E. ("TMSE"); and Arab Steel Factory, S.A.E. ("ASF").[1]  Ramy and Michel Lakah were also named as respondents in that arbitration although Michel was not a signatory of the arbitration agreements and Ramy did not sign in his personal capacity.

This action to stay arbitration was commenced in the Supreme Court of New York County on March 20, 2007.  Respondents removed the case to this court on April 6, 2007.  For almost

---

[1] Collectively these companies are referred to as the "Lakah Group."

five-and-a-half years, Respondents pursued discovery across the world in an effort to show that the guarantors on a bond issued by Lakah Funding Limited are alter egos of petitioners Ramy and Michel Lakah, and that the arbitration clauses, signed only on behalf of Lakah Funding Limited and those guarantors, bind Michel and Ramy Lakah as if they were signatories in their own behalf.  Respondents simultaneously forged ahead with arbitration proceedings against the Lakah Group, the findings of which were issued in an Interim Award dated December 19, 2008. Now, years after the Arbitration Award was issued, and on the eve of trial, Respondents seek an order giving collateral estoppel effect to the findings of the arbitration panel, which, if granted, would preclude Petitioners from, inter alia, raising arguments that the Eurobond's default was actually caused by fraud on the part of UBS.

**DISCUSSION**

It is well-established that a party wishing to raise an affirmative defense of collateral estoppel is obligated to plead it at the earliest possible time.  Austin v. Fischer, 453 Fed. Appx. 80, 82 (2d Cir. 2011) (holding that "[i]ssue preclusion, or collateral estoppel, is an affirmative defense that 'normally must be pled in a timely manner or it may be waived'" and therefore that defendants waived collateral estoppel by waiting to assert that defense for a year and a half after the issuance

of the decision on which they based their preclusion argument).
If a defendant fails to plead an affirmative defense in his
answer, it is considered waived and is excluded from the case.
Satchell v. Dilworth, 745 F.2d 781, 784 (2d Cir. 1984); Fed. R.
Civ. P. 8(c) (listing estoppel as an affirmative defense).
Respondents' Answer and Crossclaim make no reference to a
collateral estoppel defense.

Essentially, Respondents now seek the functional equivalent
of leave to amend their pleadings to include an affirmative
defense of collateral estoppel.  Although pleadings may be
amended to add an affirmative defense pursuant to Fed. R. Civ.
P. 15, there is still a requirement that the "party wishing to
raise the defense is obliged to plead [it] at the earliest
possible moment."  Evans v. Syracuse City School Distr., 704
F.2d 44, 47 (2d Cir. 1983) (internal quotation marks omitted).
Respondents failed to amend their Answer to include a collateral
estoppel defense within timely receipt of the Arbitration Award,
which was issued nearly six years ago.  This court "plainly has
discretion to deny leave to amend 'where the motion is made
after an inordinate delay, no satisfactory explanation is made
for the delay, and the amendment would prejudice the defendant.'
The burden to explain a delay is on the party that seeks leave
to amend."  MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157

F.3d 956, 962 (2d Cir. 1998) (per curiam) (quoting <u>Cresswell v.</u>
<u>Sullivan & Cromwell</u>, 922 F.2d 60, 72 (2d Cir. 1990)).

    Respondents argue that they were not required to raise the
defense of collateral estoppel earlier because Petitioners had
not yet raised their fraud defense.  However, Petitioners did
raise the factual allegations underlying their fraud defense --
the same allegations that Respondents now seek to preclude
Petitioners from raising at trial -- in their July 2007 Reply to
Respondents' Answer and Crossclaim.  The fact that the
Petitioners initially raised these fraud allegations in a reply,
rather than in their initial complaint is of no import;
Respondents were unquestionably made aware that Petitioners
intended to argue such a defense.  If Respondents wanted to
preclude Petitioners from relitigating facts put before the
arbitration panel then it was Respondents' responsibility to
amend their pleadings to include the affirmative defense of
collateral estoppel in a timely manner following the December
2008 issuance of the Arbitration Award. <u>Wilson v. Supreme Color</u>
<u>Card, Inc.</u>, 1988 WL 61914, at *2 (S.D.N.Y. 1988) (denying motion
for collateral estoppel, noting "the Court sees no reason why
Supreme was obligated to inform Wilson, before April 30, of its
intention to relitigate the job offer issue. If this issue was
lurking in the background, it was incumbent upon Wilson's

counsel to realize it and raise [the collateral estoppel defense] at an appropriate time").

Allowing Respondents to raise the collateral estoppel defense two years after the close of discovery in this case would prejudice Petitioners.  Petitioners contend that the belated timing of Respondents' motion for collateral estoppel deprived them of the opportunity to take certain depositions. This contention is reasonable in light of the Second Circuit's presumption that "'any delay in asserting an affirmative defense for a significant period of time will almost invariably result in some prejudice to the nonmoving party.'" Evans, 704 F.2d at 46 (quoting Advocat v. Nexus Industries, Inc., 497 F.Supp. 328, 331 (D. Del. 1980)).  Furthermore, even if, as Respondents argue, additional discovery would not be required, the mere fact that Respondents are seeking collateral estoppel some five-and-a-half years after the defense became available to them prejudices Petitioners.  Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990).

Respondents have thus waived their right to assert the affirmative defense of collateral estoppel.  They, and Petitioners, should now proceed to litigate the issue of arbitrability on the merits.

**CONCLUSION**

For the foregoing reasons, the motion to grant collateral estoppel effect to the Arbitration Award is denied.

SO ORDERED.

Dated:     New York, New York
           October 30, 2014


S/_____
         MIRIAM GOLDMAN CEDARBAUM
         United States District Judge