

# Moritt Hock & Hamroff LLP
ATTORNEYS AT LAW

**Bruce A. Schoenberg**
Partner
NY & NJ Bars
Email: bschoenberg@moritthock.com

January 6, 2016

**BY FEDERAL EXPRESS
AND BY ECF**

Hon. Loretta A. Preska
Chief United States District Judge
Southern District of New York
United States Court House
500 Pearl Street
New York, New York 1007-1312

      Re:    <u>In re Ramy Lakah et al v. UBS AG, et al. No. 07 Civ. 2799(LAP)(FM)</u>

Dear Judge Preska:

      This firm represents Petitioners Ramy and Michel Lakah in the above-referenced matter. We respectfully submit this letter brief in response to Respondents' letter dated January 5, 2016 requesting leave to file a motion to preclude Petitioners from making certain arguments at trial on the ground of judicial estoppel. Specifically, Respondents seek leave to argue that Petitioners should be precluded – based upon certain statements by Petitioners' prior counsel in opposing the issuance of a subpoena to Ahmed Al Bardai, [Dkt. No. 36] – that Petitioners were fraudulently induced to enter into the Eurobond transaction. During our last conference, the Court indicated that it would not revisit this argument if it had previously been decided.

Petitioners would be greatly prejudiced if Respondents were allowed to raise a judicial estoppel objection for the first time on the eve of trial. This is the reason that Judge Cedarbaum denied Respondents' prior motion to preclude Petitioners from asserting their "fraud in the inducement" defense on the ground of collateral estoppel. See Dkt. No. 262, Opinion Denying Collateral Estoppel Motion at 3 (stating that "Respondents seek an order giving collateral estoppel effect to the findings of the arbitration panel, which, if granted would preclude Petitioners from, inter alia, raising arguments that the Eurobond default was actually caused by fraud on the part of UBS") and at 4 (finding that Respondents had waived such defense by failure to assert it in a timely manner and that "Respondents were unquestionably made aware that Petitioners intended to argue such a defense").

As was stated during the last conference with the Court, this Court has repeatedly rejected Respondents' claim that Petitioners should be precluded by the statements of their prior counsel in opposing Respondents' subpoena application from introducing evidence of UBS's fraud in connection with the Eurobond transaction. In particular, Petitioners refer the Court to Respondents' Reply Memorandum of Law in Further Support of their Objection to Magistrate Judge Maas's Order Dated April 15, 2015 (Dkt. No. 308) at pages 16-17, where Respondents argued that:

> Tediously peppered throughout the Lakahs' memorandum of law, in place of a legal argument addressing the issues currently before the Court, are utterly irrelevant and utterly false and discredited assertions that UBS committed fraud in the execution of the Eurobonds with regard to certain BdC documents, and that it (BdC) was to blame for the Lakah companies' demise and defaults. . . .
>
> [T]hese are the very assertions that the Lakahs disclaimed to this court when they opposed the Bondholders' application for a subpoena to Bardai in 2008. They argued in 2008: "Mr. El Bardai's testimony may be relevant to the arbitration fraud in the execution defense, but it is irrelevant to the veil-piercing allegations that are the subject of this action." (Decl. of Lawrence A. Steckman in

Opposition to Defendants [sic] Motion for Issuance of a Subpoena to Ahmed Al Bardai, executed April 23, 2008 (ECF No. 36)(Ainsworth Decl. Exh. 9) ¶ 16). <u>Having disclaimed those arguments, they must not be permitted to resurrect them. To permit the Lakahs to do this would be to permit a fraud on the Court and the prejudicial sandbagging of Respondents.</u>

(Emphasis added).

Notwithstanding Respondents' argument based upon the statements of prior counsel, Judge Cedarbaum <u>affirmed</u> Magistrate Judge Maas's Order precluding Mr. Bardai from testifying at trial (Dkt. No. 309), thereby <u>rejecting</u> Respondents' claim that Petitioners should be barred from arguing that they were fraudulently induced to enter into the Eurobond transaction.

There are numerous other statements in Respondents' prior papers in opposition to Petitioners' motion to preclude Mr. El Bardai from testifying where they argue that Petitioners' should be precluded from asserting their fraud in the inducement defense based upon counsel's statements in opposition to Respondents' subpoena application. For the sake of brevity, they will not be repeated here. However, it is undisputed that Judge Maas and Judge Cedarbaum both rejected these arguments and granted Petitioners' Motion in Limine to Preclude Mr. Bardai. Respondents should therefore not be permitted to raise them yet again – particularly on the eve of trial.

Respectfully submitted,

Bruce A. Schoenberg

cc: Gilbert Samberg, Esq.
Kevin Ainsworth, Esq.
Nathaniel Marmur, Esq.
(By ECF)

848909v1